1  THOMAS P. QUINN, JR., SBN : 132268
   NOKES & QUINN
2  450 Ocean Avenue
   Laguna Beach, CA 92651
3  Tel: (949) 376-3055
   Fax: (949) 376-3070
4  Email: tquinn@nokesquinn.com

5  Attorneys for Defendants EQUIFAX
   INFORMATION SERVICES LLC

6

7

                    UNITED STATES DISTRICT COURT
8
                    NORTHERN DISTRICT OF CALIFORNIA
9
                           SAN JOSE DIVISION
10

11  NOEMIA CARVALHO, on behalf of      )   Case No. C08-01317 HRL
    herself and other similarly situated people,  )
12                                     )
                                       )
13              Plaintiff,             )
                                       )   NOTICE OF REMOVAL
14     v.                              )
                                       )
15  CREDIT CONSULTING SERVICES,        )
    INC., dba CCS, EQUIFAX CREDIT      )
16  INFORMATION SERVICES, LLC,         )
    EXPERIAN INFORMATION               )
17  SOLUTIONS, INC., TRANS UNION LLC   )
    and DOES 1-50, inclusive,          )
18                                     )
                Defendants.            )
19                                     )

20      COMES NOW Defendant Equifax Information Services LLC ("Equifax") incorrectly

21  sued herein as "Exhibit Credit Information Services LLC" and files this Notice of Removal of

22  this action from the Superior Court of California, Monterey County, Civil Action No.

23  M80093, to the United States District Court for the Northern District of California, San Jose

24  Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 and on the basis of the

25  following facts demonstrating that this case may be properly removed to this Court:

26      1.      Plaintiff filed an action styled *Noemia Carvalho, on behalf of herself and other*

27  *similarly situated people v. Credit Consulting Services, Inc. d/b/a CCS, Equifax Credit*

28  *Information Services, LLC, Experian Information Solutions, Inc., Trans Union LLC and Does*

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

- 1 -

NOTICE OF REMOVAL

ORIGINAL

*1-50 inclusive,* Civil Action File No. M 80093, in the Superior Court of California, Monterey County, on or about July 24, 2006. Defendant Equifax was served with the Summons and Complaint, through service on its agent for service of process, on November 20, 2006.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Equifax has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1441(a), because the original action was filed within this District and Division. The Superior Court of California, Monterey County, is located within the Northern District of California, San Jose Division. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders that have been served upon Equifax in this action, including an Appendix of the documents, are concurrently filed herewith as Exhibit A to Notice of Removal.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and Defendants and a copy is being filed with the clerk of the Superior Court of California, Monterey County.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

6. The Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

7.    This case is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) Plaintiff, as putative class representative, and at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. Thus, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**A.    Class Action Consisting of More Than 100 Members**

8.    In the Complaint, Plaintiff purports to represent a class of consumers seeking injunctive relief against the credit reporting agencies' reinvestigation procedures which, as presently constituted, allegedly fail to comply with the California Consumer Reporting Agencies Act ("CCCRA") by, *inter alia*, failing to allow for review and consideration of all relevant information provided by the consumer in the reinvestigation process. *See* Class Action Complaint at ¶ 13. A second alleged class is comprised of California consumers who requested, but allegedly did not receive, an adequate description of the procedure used to determine the accuracy and completeness of the disputed information. *See id.* at ¶ 14. Plaintiff seeks actual damages, punitive damages, attorneys fees and costs on behalf of all class members. *See id.* at Prayer.

9.    In the Complaint, Plaintiff alleges that class membership in each class exceeds 500 members. *See id.* at ¶ 18. Accordingly, the aggregate number of class members of all proposed plaintiff classes is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    Minimal Diversity Exists**

10.    In the Complaint, Plaintiff alleges that she is a citizen of the State of California. *See* Class Action Complaint at ¶¶ 1, 12, 13, 14.

11.    Defendant Equifax is, and was at the time Plaintiff commenced this action, a Georgia corporation duly organized and validly existing under the laws of the State of Georgia. *See* Declaration of Alicia Fluellen, ¶ 3, attached as Exhibit B hereto. Equifax maintains its

headquarters and principal place of business in Atlanta, Georgia. *See id.*, ¶ 4. Equifax, therefore, is a citizen of Georgia. *See id.* Thus, at least one proposed class member and one defendant are of minimally diverse citizenship, thereby satisfying CAFA's minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) that "any member of a class of plaintiffs is a citizen of a State different from any defendant."

### C.   The Amount-In-Controversy Requirement Is Satisfied

12.   This action arises out of the alleged mis-reporting of a collection account on Plaintiff's credit file. *See* Class Action Complaint at ¶ 7. Plaintiff claims that she filed disputes with the consumer reporting agencies but they failed to remove the alleged inaccurate item. *See id.* She alleges that Equifax and the other consumer reporting agency defendants violated California Civil Code section 1785.16 by failing to properly investigate her dispute and failing to review and consider all relevant information that she submitted. *See id.* at ¶ 8. She also alleges that Equifax and the other consumer reporting agencies failed to provide her notice as required by California Civil Code section 1785.16(d). *See id.* at ¶ 9.

13.   Based on these facts, and as noted above, Plaintiff seeks to represent two putative classes of California consumers whom she claims are similarly situated. *See id.* at ¶¶ 12-19.

14.   Plaintiff asserts claims on behalf of the putative class for violation of the CCRAA and seeks damages, including punitive damages, as prescribed by the Act. *See id.* at Prayer, p. 7. The Complaint states no specific amount of damages sought by either Plaintiff or the putative class members whose interests she reports to represent.

15.   On February 6, 2008, the Defendants began the deposition of Plaintiff, which concluded on March 4, 2008. Although Plaintiff did not provide an exact calculation of her damages at her deposition, she testified that $25,000 would not be enough to compensate her for her damages and that $25,000 would not be enough for each of the 500 class members (2 purported classes of 500 members each) she purports to represent.

16. Leaving aside Plaintiff's other claims and considering only the alleged actual damages, with 500 consumers each claiming "at least" $25,000 in damages the amount in controversy exceeds $5,000,000, as 500 consumers each claiming "at least" $25,000 in damages would constitute, in the aggregate, at least $12,500,000 in alleged damages.

17. Moreover, Plaintiff seeks punitive damages on behalf of herself and the putative class members which would multiply the alleged damages of the purported class. *See* Class Action Complaint at Prayer, p. 7.

18. Therefore, Equifax has a good faith belief that the amount in controversy in this case, including, but not limited to actual and punitive damages should Plaintiff prevail, clearly exceeds the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d).

19. Finally, CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, S. Rep. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant."); *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."); *id.* at 27 ("The Committee believes that federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy."). Thus, for all of the reasons stated in Paragraphs 13 through 20, Plaintiff has placed in controversy an amount that satisfies the amount in controversy requirement of CAFA.

20. Equifax's removal is timely as the amount in controversy was not asserted until Plaintiff testified in her depositions on February 6, 2008, and March 4, 2008, that her claims and the claims of each class member exceeded $25,000. Plaintiff's Class Action Complaint did not assert an amount of damages and thus the amount of controversy was not established by the filing, meaning that "the case stated by the initial pleading [was] not removable." 28 U.S.C. §

1446(b). This notice of removal is timely as it is "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.*; *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251-54 (9th Cir. 2006) (removal within 30 days of plaintiff's responses to interrogatories, which disclosed basis for removal for first time, was timely); *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988) ("Defendants did not receive notice under Section 1446(b) of the facts indicating removability until plaintiff was deposed on September 30, 1987. The deposition constituted an 'other paper' under the [removal] statute.").[1]

21.  For all of the reasons stated, this action is removable to this Court pursuant to §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

22.  Defendant will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of this Notice of Removal to all parties and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of California, Monterey County.

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of California, Monterey County to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Dated: March 6, 2008

NOKES & QUINN

_____
THOMAS P. QUINN, JR.
Attorneys for Defendant EQUIFAX
INFORMATION SERVICES, LLC

---

[1] Because the basis for removal is CAFA, the consent of all Defendants is not required and the one-year limitation on removal of diversity actions under 28 U.S.C. § 1446(b) does not apply. *See* 28 U.S.C. § 1453(b).

1  THOMAS P. QUINN, JR., SBN : 132268
   NOKES & QUINN
2  450 Ocean Avenue
   Laguna Beach, CA 92651
3  Tel: (949) 376-3055
   Fax: (949) 376-3070
4  Email: tquinn@nokesquinn.com

5  Attorneys for Defendants EQUIFAX
   INFORMATION SERVICES LLC

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 NOEMIA CARVALHO, on behalf of herself  )  Case No.
   and other similarly situated people,   )
11                                         )
                Plaintiff,                  )
12                                          )   DECLARATION OF ALICIA FLUELLEN
   v.                                      )
13                                          )
   CREDIT CONSULTING SERVICES, INC.,       )
14 dba CCS, EQUIFAX CREDIT                 )
   INFORMATION SERVICES, LLC,              )
15 EXPERIAN INFORMATION SOLUTIONS,         )
   INC., TRANS UNION LLC and DOES 1-50,    )
16 inclusive,                              )
                                            )
17              Defendants.                 )
                                            )
18

19         I, Alicia Fluellen, hereby declare under penalty of perjury that the following is true and

20 correct:

21         1.      My name is Alicia Fluellen. I am over 21 years of age and I am competent to

22 testify as to the matters stated herein. I am the Director of Customer Care for Equifax

23 Information Services LLC ("Equifax") and have authority to submit this declaration on its behalf

24 in support of its removal.

25         2.      I have personal knowledge of the facts herein stated.

26         3.      Equifax Information Services LLC is, and was at the time Plaintiff commenced

27

28

1  this action, a Georgia corporation duly organized and validly existing under the laws of the
2  State of Georgia.
3
4      4.    Equifax maintains its headquarters and principal place of business in Atlanta,
5  Georgia.
6      I declare under penalty of perjury that the foregoing is true and correct. Dated this 5th
7  day of March, 2008 at Atlanta, Georgia
8                              By: /s/ Alicia Fluellen
9                                  Alicia Fluellen

- 2 -

DECLARATION OF ALICIA FLUELLEN

# CERTIFICATE OF SERVICE

NOEMIA CARVALHO v CCS, EQUIFAX, et al, CASE NO: _____

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On March 6, 2008. I served a true copy of the

### NOTICE OF REMOVAL

[ . ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ X ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

### SEE ATTACHED SERVICE LIST

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

YVONNE M. HOMAN

Place of Mailing: Laguna Beach, California

Executed on March 6, 2008, at Laguna Beach, California.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

CERTIFICATE OF SERVICE

## SERVICE LIST

Ron K. Bochner, Esq.
Law Offices of Ron Bochner
3333 Bowers Avenue, Suite 130
Santa Clara, CA 95054
Tel: (408) 200-9890
Fax: (510) 740-3699

Attorney for Plaintiff NOEMIA CARVALHO

Deanna Johnston, Esq.
Kelli Crouch, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 875-5765
Fax: (415) 875-5700

Attorneys for Defendant EXPERIAN

Stephen J. Newman, Esq.
Strook & Strook
2029 Century Park East
Los Angeles, CA 90067
Tel: (310) 556-5800
Fax: (310) 556-5959

Attorneys for Defendant TRANS UNION

Mark E. Ellis, Esq.
Ellis, Coleman, Poirier, et al
555 University Avenue, Suite 200
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant CREDIT CONSULTING SERVICES, INC.

# CIVIL COVER SHEET

JS 44 - CAND (Rev. 11/04)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
NOEMIA CARVALHO, on behalf of herself and other similarly situated people

## DEFENDANTS
CREDIT CONSULTING SERVICES, INC., dba CCS, EQUIFAX CREDIT INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC and DOES 1-50, inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Monterey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
RON K. BOCHNER
3333 Bowers Avenue, Suite 130
Santa Clara, CA 95054
408-200-9890

ATTORNEYS (IF KNOWN)
- SEE ATTACHMENT -
C08-01317 HRL

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability |  | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability |  | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 640 RR & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 650 Airline Regs | 840 Trademark | [X] 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth In Lending | 660 Occupational Safety/Health |  | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 690 Other | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | LABOR | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  |  | 710 Fair Labor Standards Act | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  |  |  | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 720 Labor/Mgmt Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 730 Labor/Mgmt Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment |  |  | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing | 530 General | 740 Railway Labor Act | 870 Taxes (US Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 790 Other Labor Litigation |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 |  |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 550 Civil Rights |  |  | 950 Constitutionality of State Statutes |
|  | 446 Amer w/ disab - Other | 555 Prison Condition |  |  | 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. Sections 1332(d), 1441, 1446 and 1453 - Class Action Fairness Act of 2005

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE March 6, 2008   SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

**SERVICE LIST**

1

2  Ron K. Bochner, Esq.
   Law Offices of Ron Bochner
3  3333 Bowers Avenue, Suite 130
   Santa Clara, CA 95054
4  Tel: (408) 200-9890
   Fax: (510) 740-3699                    Attorney for Plaintiff NOEMIA CARVALHO
5

6
   Deanna Johnston, Esq.
7  Kelli Crouch, Esq.
   Jones Day
8  555 California Street, 26th Floor
   San Francisco, CA 94104
9  Tel: (415) 875-5765
   Fax: (415) 875-5700                    Attorneys for Defendant EXPERIAN

10

11 Stephen J. Newman, Esq.
   Strook & Strook
12 2029 Century Park East
   Los Angeles, CA 90067
13 Tel: (310) 556-5800
   Fax: (310) 556-5959                    Attorneys for Defendant TRANS UNION

14

15 Mark E. Ellis, Esq.
   Ellis, Coleman, Poirier, et al
16 555 University Avenue, Suite 200
   Sacramento, CA 95825
17 Tel: (916) 283-8820
   Fax: (916) 283-8821                    Attorneys for Defendant CREDIT CONSULTING
                                          SERVICES, INC.
18

19

20

21

22

23

24

25

26

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

CERTIFICATE OF SERVICE