LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>Defendants. | Case No.   5:08-cv-1317 JF<br><br>NOTICE OF MOTION AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT<br><br>DATE:       June 20, 2008<br>TIME:        9:00 A.M.<br>DEPT.:       COURTROOM 3 |

PLEASE TAKE NOTICE that on June 20, 2008, or such date as the court may set, at 9:00 a.m. in Courtroom 3 of the above court, located at 280 South First Street, San Jose, California, Plaintiff Noemia Carvalho, individually and on behalf of all others similarly situated, will make the above entitled motion.

The motion seeks an order remanding the matter to state court and to impose sanctions on defendant Equifax and its counsel of record.  This motion will be made on the ground that defendant Equifax's removal is unsupported by evidence and law.  The motion will be based upon this notice, the attached points and authorities, the attached declaration of Ron Bochner, the court file in this case and such other and further evidence as may be adduced at or before any

1

hearing on the matter.

**POINT AND AUTHORITIES**

### BACKGROUND

Defendant Equifax removed this matter to the instant court pursuant to the Class Action Fairness Act ("CAFA"), various provisions of the United States Code. It provided two reasons for doing so: (a) it purported that Ms. Carvalho had testified that the claim of the class members could exceed $25,000 per member [Paras. 15 and 16 of Notice of Removal] (b) the punitive damages sought would exceed the $5,000,000 damages threshold [paras. 17 and 18 of Notice of Removal].

The first statement is false and unsupported by admissible evidence in Equifax's Removal papers. Ms. Carvalho informed the defendants at deposition should would not settle her individual case at any sum. Nor could she, as a fiduciary representative of a putative class. She did not purport to put a value on the class claims at all. Equifax has not shown when it ascertained the fact that punitive damages could or would exceed $5,000,000. It must surely have been very close to the time it was served with the complaint, making its removal now untimely. It appears Equifax is simply forum shopping at a very late date. The court should remand the case. If it does not remand, plaintiff asks leave to amend the complaint to bring new allegations and/or add new defendants.

### ARGUMENT

CAFA allows removal where the aggregate of claims is over $5,000,000. 28 USC section 1332(d)(6). However, there is authority that at least one member's claim must exceed $75,000 to meet the subject matter diversity jurisdiction set forth by 28 USC section 1332(a). ***Abrego Abrego v. Dow Chemical***, 443 F3d 676, 686-7 (9th Cir. 2006). Such removal must be made within thirty days of ascertaining a basis for removal. 28 USC section 1446(b), 1453(b).

CAFA does not "alter the long-standing rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." ***Abrego***, supra at 686.

  A.  **THERE IS NO EVIDENCE CARVALHO TESTIFIED AS SUGGESTED/REQUIRED**

1    Equifax asserts Ms. Carvalho testified that "$25,000 would not be enough to compensate
2  her for her damages and that $25,000 would not be enough for each of the 500 class members she
3  purports to represent." Para. 15 of Notice of Removal. There are three problems with this
4  assertion.

5    First, it is clear it does not meet the threshold of showing any class member meets the
6  $75,000 threshold pursuant to *Abrego* and 28 USC 1332(a).

7    Second, Equifax provides no evidence of any such testimony by Carvalho.

8    Third, there is good reason it did not. Ms. Carvalho did not so testify. In point of fact, at
9  deposition, Defendants attempted to induce Ms. Carvalho to breach her fiduciary duty as class
10 representative by querying at what dollar figures she would settle her own, individual matter and
11 to speculate about the value of other class members claim. She, in keeping with her duty to the
12 class in this matter, refused such inducements. She never testified as to what she would settle
13 other members claims for, nor could she. See portions of Deposition Testimony, true and correct
14 copies of which are attached to the Declaration of Ron Bochner as Exhibit A. This unethical
15 behavior Equifax relies upon to suggest the value as to each class member. At best, it simply
16 does not support its assertion with any facts.

### B. REMOVAL PURSUANT TO A POSSIBLE PUNITIVE DAMAGES AWARD IS UNTIMELY

CAFA also allows removal within thirty days after a diversity basis for removal is ascertained. 28 USC section 1446(b), 1453(b). Equifax asserts that the punitive damages alleged by plaintiff would allow the court to take jurisdiction under CAFA. It does not suggest when or how it first ascertained this. It is clear that if plaintiff's assertions were correct, Equifax knew punitive damages would exceed $5,000,000 from very close to the date it was served with the complaint–nearly two years ago now. As such, its removal at this point is untimely.

### C. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS FOR IMPROPER REMOVAL

The removal was improper per A and B above. 28 USC 1447(c) allows the court to order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney's fees, incurred as a result of removal." See *Martin v. Franklin Capital* (2005) 126 S.Ct. 704, 708-9.

3

The key factor is the propriety of the removal. Unless a defendant shows an objectively reasonable basis for seeking removal, costs and expenses should be awarded. *Id.* at 708. It also appears Rule 11 may apply here. **Roadway Express v. Piper** (1980) 447 US 752, 7667. Equifax misrepresented the state of the evidence and otherwise came nowhere near to meeting its evidentiary burden. As such, it is just to award costs and expenses. Here, plaintiff and counsel have expended substantial time conferring about the removal, reviewing the materials served, researching and drafting this motion and will incur costs in researching and drafting future pleadings and appearing for argument on this matter. Therefore, per the attached Declaration of Ron Bochner, plaintiff seeks the amount of $7,500.00 per 28 USC section 1447(c) and/or Rule 11 and such additional fees and costs as are or will be incurred as set forth in plaintiff's reply brief against Equifax and its counsel.

**CONCLUSION**

The case should be remanded to the Monterey County Superior Court and attorney's fees and costs awarded to plaintiff.

April 7, 2008                                    LAW OFFICE OF RON BOCHNER


BY _____
RON K. BOCHNER
Attorney for Plaintiff
NOEMIA CARVALHO