LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>            Defendants.<br>_____/ | Case No.   5:08-cv-1317 JF<br><br>DECLARATION OF RON BOCHNER IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT<br><br>DATE:       June 20, 2008<br>TIME:        9:00 A.M.<br>DEPT.:      COURTROOM 3 |

I, Ron Bochner, declare as follows:

1. Defendant Equifax removed this matter to the instant court pursuant to the Class Action Fairness Act ("CAFA"), various provisions of the United States Code.  It provided two reasons for doing so: (a)  it purported that Ms. Carvalho had testified that the claim of the class members could exceed $25,000 per member [Paras. 15 and 16 of Notice of Removal] (b) the punitive damages sought would exceed the $5,000,000 damages threshold [paras. 17 and 18 of Notice of Removal].

2. The first statement is false and unsupported by admissible evidence in Equifax's Removal papers.  Ms. Carvalho informed the defendants at deposition should would not settle her

1

individual case at any sum. Nor could she, as a fiduciary representative of a putative class. She did not purport to put a value on the class claims at all. Equifax has not shown when it ascertained the fact that punitive damages could or would exceed $5,000,000. It appears it must have been from the date it was served with the complaint. As such, removal is untimely.

3. Ms. Carvalho did not testify as asserted at deposition. Defendants attempted to induce Ms. Carvalho to breach her fiduciary duty as class representative by querying at what dollar figures she would settle her own, individual matter and to speculate about the value of other class members claim. She, in keeping with her duty to the class in this matter, refused such inducements. She never testified as to what she would settle other members claims for, nor could she. See portions of Carvalho Deposition Testimony, true and correct copies of which are attached to this Declaration as Exhibit A.

4. Here, plaintiff and counsel have expended substantial time conferring about the removal, reviewing the materials served (five hours), researching and drafting this motion (15 hours) and will incur costs in researching and drafting future pleadings and appearing for argument on this matter. The undersigned's hourly rate is $375.00. Therefore, plaintiff seeks the amount of $7,500.00 per 28 USC section 1447(c) and/or Rule 11 and such additional fees and costs as are incurred as will be set forth in plaintiff's reply brief against Equifax and its counsel.

I declare under the penalty of perjury that the above is true and correct.

Executed at the City and County of Santa Clara this 7th day of April, 2008.

BY _____
RON K. BOCHNER
Attorney for Plaintiff
NOEMIA CARVALHO

EXHIBIT A

                THE WITNESS:  My damage has been made already.
BY MR. PERLING:
    Q   So you have not had any additional damages since February 9 of 2006?
    A   No.  I don't know what damages you're talking about.  Damages for seven years.  It's already enough; right?
        MR. BOCHNER:  Well, seven years would include today, wouldn't it?
        MR. PERLING:  I object to the statements on the record.
BY MR. PERLING:
    Q   Ma'am, the letter says it was for -- to compensate you for $25,000 worth of damages.
        You have not had any -- strike that.  I've already asked that.
        Well, I know that Experian already asked you this question.  Let me ask it for Equifax.
        Would you agree to take $25,000 --
        MR. BOCHNER:  Same objections that we made before.  It's asked and answered.
        MR. PERLING:  Counsel, it is common courtesy to let the question get on the record before you make your objection.
        MR. BOCHNER:  So already said that it was

asked, so I already know what the question is, and I'm making my objections.

    MR. PERLING:  So you're saying it's okay to interrupt me when I'm asking a question?

    MR. BOCHNER:  You said that it was the same question that had been asked by Experian before. And I'm objecting, asked and answered.

    MR. PERLING:  Can I ask my question then?

    MR. BOCHNER:  Yes.

    MR. PERLING:  Thank you.

BY MR. PERLING:

    Q   Would you agree to take $25,000 from Equifax?
    A   No.

    MR. BOCHNER:  Same objection that was made before. It also violates professional ethics.

    MR. PERLING:  I have not even gotten the question on the record yet. I've been interrupted now twice in trying to ask the same question.

    MR. BOCHNER:  Well, you asked the same question.

    MR. PERLING:  That's three times. Can I ask the question?

BY MR. PERLING:

    Q   Would you agree to take $25,000 from Equifax now to resolve this case?

338

```
 1   A    No.

 2        MR. BOCHNER:  Same objections.

 3   BY MR. PERLING:

 4   Q    Would you take $50,000 from Equifax?

 5   A    No.

 6   Q    How much would it take from Equifax to resolve
 7   the case today?

 8        MR. BOCHNER:  This is unethical behavior.  You
 9   cannot offer class representatives --

10        THE WITNESS:  You cannot offer me anything.  I
11   will not accept it.

12        MR. BOCHNER:  Please be quiet while I talk.
13   Let me make this for the record.

14        MR. PERLING:  Make your objection.

15        MR. BOCHNER:  My objection is this is improper.
16   You cannot offer a class representative a settlement in
17   a case to defeat the class certification.

18        Go ahead and answer the question.

19        THE WITNESS:  I will not accept any offer from
20   any of your companies.

21   BY MR. PERLING:

22   Q    Okay.  There is no amount?

23   A    No amount.  That's correct.

24        MR. BOCHNER:  It's asked and answered.  You're
25   badgering the witness.
```

339

BY MR. PERLING:

    Q   How about on behalf of the persons whom you purport to represent? Would you take $25,000 on each of those persons that you claim is similarly situated?

    MR. BOCHNER: Asks for a legal conclusion, calls for speculation.

    THE WITNESS: No.

BY MR. PERLING:

    Q   Is that not enough?

    A   No. I'm not prepared to talk about money. This is not what I'm here for.

    Q   I just want to make sure the record is clear.

    Even $25,000 apiece would not be enough --

    MR. BOCHNER: Same objection.

    MR. PERLING: Let me finish the question.

BY MR. PERLING:

    Q   Even $25,000 apiece would not be enough for you to settle -- to resolve the damages on behalf of the persons that are similarly situated?

    MR. BOCHNER: Calls for a legal conclusion, same objections.

    THE WITNESS: That's correct.

BY MR. PERLING:

    Q   Do you know anything about the persons that are similarly situated with regard to their damages?

340

LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>Defendants.<br>_____/ | Case No.  5:08-cv-1317 JF<br><br>DECLARATION OF RON BOCHNER IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT<br><br>DATE:  June 20, 2008<br>TIME:  9:00 A.M.<br>DEPT.:  COURTROOM 3 |

I, Ron Bochner, declare as follows:

1. Defendant Equifax removed this matter to the instant court pursuant to the Class Action Fairness Act ("CAFA"), various provisions of the United States Code.  It provided two reasons for doing so: (a)  it purported that Ms. Carvalho had testified that the claim of the class members could exceed $25,000 per member [Paras. 15 and 16 of Notice of Removal] (b) the punitive damages sought would exceed the $5,000,000 damages threshold [paras. 17 and 18 of Notice of Removal].

2. The first statement is false and unsupported by admissible evidence in Equifax's Removal papers.  Ms. Carvalho informed the defendants at deposition should would not settle her

1

1. individual case at any sum. Nor could she, as a fiduciary representative of a putative class. She did not purport to put a value on the class claims at all. Equifax has not shown when it ascertained the fact that punitive damages could or would exceed $5,000,000. It appears it must have been from the date it was served with the complaint. As such, removal is untimely.

3. Ms. Carvalho did not testify as asserted at deposition. Defendants attempted to induce Ms. Carvalho to breach her fiduciary duty as class representative by querying at what dollar figures she would settle her own, individual matter and to speculate about the value of other class members claim. She, in keeping with her duty to the class in this matter, refused such inducements. She never testified as to what she would settle other members claims for, nor could she. See portions of Carvalho Deposition Testimony, true and correct copies of which are attached to this Declaration as Exhibit A.

4. Here, plaintiff and counsel have expended substantial time conferring about the removal, reviewing the materials served (five hours), researching and drafting this motion (15 hours) and will incur costs in researching and drafting future pleadings and appearing for argument on this matter. The undersigned's hourly rate is $375.00. Therefore, plaintiff seeks the amount of $7,500.00 per 28 USC section 1447(c) and/or Rule 11 and such additional fees and costs as are incurred as will be set forth in plaintiff's reply brief against Equifax and its counsel.

I declare under the penalty of perjury that the above is true and correct.

Executed at the City and County of Santa Clara this 7th day of April, 2008.

BY _____
RON K. BOCHNER
Attorney for Plaintiff
NOEMIA CARVALHO

EXHIBIT A

           THE WITNESS:  My damage has been made already.
BY MR. PERLING:
    Q   So you have not had any additional damages since February 9 of 2006?
    A   No.  I don't know what damages you're talking about.  Damages for seven years.  It's already enough; right?
           MR. BOCHNER:  Well, seven years would include today, wouldn't it?
           MR. PERLING:  I object to the statements on the record.
BY MR. PERLING:
    Q   Ma'am, the letter says it was for -- to compensate you for $25,000 worth of damages.
        You have not had any -- strike that.  I've already asked that.
        Well, I know that Experian already asked you this question.  Let me ask it for Equifax.
        Would you agree to take $25,000 --
           MR. BOCHNER:  Same objections that we made before.  It's asked and answered.
           MR. PERLING:  Counsel, it is common courtesy to let the question get on the record before you make your objection.
           MR. BOCHNER:  So already said that it was

337

asked, so I already know what the question is, and I'm making my objections.

MR. PERLING: So you're saying it's okay to interrupt me when I'm asking a question?

MR. BOCHNER: You said that it was the same question that had been asked by Experian before. And I'm objecting, asked and answered.

MR. PERLING: Can I ask my question then?

MR. BOCHNER: Yes.

MR. PERLING: Thank you.

BY MR. PERLING:

Q  Would you agree to take $25,000 from Equifax?

A  No.

MR. BOCHNER: Same objection that was made before. It also violates professional ethics.

MR. PERLING: I have not even gotten the question on the record yet. I've been interrupted now twice in trying to ask the same question.

MR. BOCHNER: Well, you asked the same question.

MR. PERLING: That's three times. Can I ask the question?

BY MR. PERLING:

Q  Would you agree to take $25,000 from Equifax now to resolve this case?

338

        A    No.

             MR. BOCHNER:  Same objections.

BY MR. PERLING:

        Q    Would you take $50,000 from Equifax?

        A    No.

        Q    How much would it take from Equifax to resolve
the case today?

             MR. BOCHNER:  This is unethical behavior.  You
cannot offer class representatives --

             THE WITNESS:  You cannot offer me anything.  I
will not accept it.

             MR. BOCHNER:  Please be quiet while I talk.
Let me make this for the record.

             MR. PERLING:  Make your objection.

             MR. BOCHNER:  My objection is this is improper.
You cannot offer a class representative a settlement in
a case to defeat the class certification.

             Go ahead and answer the question.

             THE WITNESS:  I will not accept any offer from
any of your companies.

BY MR. PERLING:

        Q    Okay.  There is no amount?

        A    No amount.  That's correct.

             MR. BOCHNER:  It's asked and answered.  You're
badgering the witness.

339

BY MR. PERLING:

Q  How about on behalf of the persons whom you purport to represent? Would you take $25,000 on each of those persons that you claim is similarly situated?

MR. BOCHNER: Asks for a legal conclusion, calls for speculation.

THE WITNESS: No.

BY MR. PERLING:

Q  Is that not enough?

A  No. I'm not prepared to talk about money. This is not what I'm here for.

Q  I just want to make sure the record is clear.

Even $25,000 apiece would not be enough --

MR. BOCHNER: Same objection.

MR. PERLING: Let me finish the question.

BY MR. PERLING:

Q  Even $25,000 apiece would not be enough for you to settle -- to resolve the damages on behalf of the persons that are similarly situated?

MR. BOCHNER: Calls for a legal conclusion, same objections.

THE WITNESS: That's correct.

BY MR. PERLING:

Q  Do you know anything about the persons that are similarly situated with regard to their damages?

340

```
1  LAW OFFICES OF RON BOCHNER
2  Ron K. Bochner - 160093
   3333 Bowers Ave., Suite 130
3  Santa Clara, CA 95054
   (408) 200-9890
4
   ATTORNEY FOR PLAINTIFF
5
6
7                    UNITED STATES DISTRICT COURT
8            NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION
9
10
11 NOEMIA CARVALHO, on behalf of           Case No.  5:08-cv-1317 JF
   himself and others similarly situated,
12                                         PROPOSED ORDER
                   Plaintiff,
13
   vs.
14
15 EQUIFAX INFORMATION SERVICES,
   LLC, et al.,
16                                         DATE:     June 20, 2008
                                           TIME:     9:00 A.M.
17                 Defendants.              DEPT.:    COURTROOM 3
18
19 _____/
```

20    This matter came up for hearing on June 20, 2008. Both parties having submitted

21 argument by and through counsel and argument being taken, the court ORDERS as follows:

22    The matter is remanded to the State of California, County of Monterey Superior Court.

23 Removing party Equifax failed to make the requisite showing in support of removal.

24    Defendant Equifax and its counsel of record are sanctioned in the sum of $_____. .

25 There was no objectively reasonable basis for seeking removal pursuant to 28 USC section

26 //

//

//

1

1 | 1447(c) and/or the filing violated FRCP 11.  Payment of sanctions within ____ days.

4 | _____, 2008            BY _____
                                   JUDGE JEREMY FOGEL