STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
STEPHEN J. NEWMAN (State Bar No. 181570)
BRIAN C. FRONTINO (State Bar No. 222032)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
  TRANSUNION LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of herself and other similarly situated people,<br><br>  Plaintiff,<br><br>  vs.<br><br>CREDIT CONSULTING SERVICES, INC., dba CCS, EQUIFAX CREDIT INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and DOES 1-50, inclusive,<br><br>  Defendants. | Case No. 5:08-cv-01317-JF-HRL<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT TRANSUNION LLC TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    June 17, 2008<br>Time:   10:00 a.m.<br>Crtrm:  2<br><br>[Declaration of Brian C. Frontino filed and [Proposed] Order lodged concurrently] |

LA 51048687

NOTICE OF MOTION AND MOTION OF DEFENDANT TRANSUNION LLC
TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT**, on June 17, 2008, at 10:00 a.m., or as soon as the matter may be heard before the Honorable Howard R. Lloyd in the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, defendant TransUnion LLC ("TransUnion") will, and hereby does, move this Court for an Order compelling plaintiff Noemia Carvalho ("Plaintiff") to produce documents improperly withheld from production to TransUnion on the grounds that Plaintiff produced documents to other parties in this action. Plaintiff was required, under the California Code of Civil Procedure, applicable to this action prior to the March 7, 2008 removal to this Court, to provide said documents to all parties, including TransUnion. Plaintiff has persisted, despite TransUnion's repeated requests for the documents, in her refusal to produce the documents to TransUnion.

Pursuant to Civil Local Rule 37-1 and the Court's Standing Order, counsel for TransUnion attempted to meet and confer with counsel for Plaintiff on multiple occasions in a reasonable and good faith attempt to resolve the dispute set forth in the Motion. (See Declaration of Brian C. Frontino ("Frontino Decl.") ¶¶ 5-10.) Counsel for Plaintiff refused to engage in any constructive discussion of the matter, and TransUnion was therefore unable to resolve the dispute without the Court's assistance. (See id.) Pursuant to the Standing Order for the San Jose Division of the Court, TransUnion also attempted to meet and confer with Plaintiff's counsel regarding a mutually agreeable date for scheduling the hearing on the instant Motion. Plaintiff's counsel refused

//
//
//
//
//
//
//
//
//

LA 51048687

- 1 -

NOTICE OF MOTION AND MOTION OF DEFENDANT TRANSUNION LLC
TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL

TransUnion's requests to meet and confer regarding the hearing date as well. TransUnion ultimately advised Plaintiff that it sought to have the Motion heard on June 17, 2008. (Id. ¶¶ 9-10.).

Dated: May 13, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO

By:   /s/ Brian C. Frontino
         Brian C. Frontino

Attorneys for Defendant
   TRANSUNION LLC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51048687

- 2 -

NOTICE OF MOTION AND MOTION OF DEFENDANT TRANSUNION LLC
TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

TransUnion regretfully brings this motion to compel production of 101 pages of documents that Plaintiff boldly has refused and continues to refuse to produce to TransUnion without justification.  Notably, the requested documents have already been produced to defendant Experian Information Solutions, Inc. ("Experian").  Left with no other option, TransUnion brings this motion in response to Plaintiff's indefensible refusal to provide these documents to TransUnion despite multiple reasonable requests.  Plaintiff simply has no valid reason for refusing to produce documents already produced to other parties.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Discovery At Issue

In response to discovery requests served in this action, Plaintiff produced to TransUnion certain documents identified with Bates numbers ranging from 1 through 196 on March 19, 2007. (Frontino Decl. ¶ 2.)  Much later, at the time of her March 4, 2008 continued deposition, Plaintiff provided additional, unnumbered documents to Experian for its inspection.  (Id. ¶ 3.)  As a courtesy to Plaintiff's counsel, Experian's counsel agreed to label, copy and send this supplemental production of documents to counsel for Equifax, TransUnion and Plaintiff, and to return the originals to Plaintiff's counsel.  TransUnion received a set of documents from Experian on March 24, 2008, but was alarmed to see the beginning Bates number as 298.  (Id. ¶ 4.)  Counsel for TransUnion then confirmed with counsel for Experian that Plaintiff had in fact produced such documents, identified by Bates numbers 197 through 297, to Experian.  (Id.)

### B.   Meet and Confer Efforts

TransUnion requested that Plaintiff produce the missing documents to TransUnion. (Frontino Decl. ¶ 5.)  As TransUnion reminded Plaintiff, she was required under the California Discovery Act, applicable in this action at the time of the production to Experian, to serve her discovery on all parties.[1]  (Id. ¶ 5.)

---

[1] This case was removed to this Court from Monterey County Superior Court on March 7, 2008. Plaintiff's deposition, at which documents bearing Bates numbers 298 onward were produced, was taken on March 4, 2008.  Accordingly, documents bearing numbers 197 through 297 must have

Plaintiff offers several excuses for her failure to produce the requested documents.  <u>First</u>, Plaintiff's counsel asserted that he "suspected" that TransUnion already had the requested documents because TransUnion "would only know [the Bates numbers of the missing documents] if [TransUnion] had seen them," and accused TransUnion of harassing Plaintiff merely by asking for the documents.  (Id. ¶ 6.)[2]  Of course, TransUnion had already explained to Plaintiff's counsel how it learned of the gap.  Nevertheless, in a further attempt to resolve the dispute informally, counsel for TransUnion again explained its discovery of the missing documents Plaintiff failed to produce.  (Id. ¶ 7.)  Second, Plaintiff's counsel asserted that Plaintiff was required only to "bring requested documents to a deposition."  (Id. ¶ 8.)  Yet, as TransUnion already had twice explained to Plaintiff's counsel, the documents at issue were not made available at Plaintiff's deposition; rather, Plaintiff produced them only to Experian at some point before Plaintiff's March 4, 2008 continued deposition.  (Id.)  Third, Plaintiff's counsel provided a different, yet no less confounding response, claiming that "[t]he response to Experian's demand clearly set forth the terms under which production would be made.  Experian met those terms. [TransUnion] did not."  (Id.)  Plaintiff's counsel neither identified the "terms" of the production to Experian, nor explained why TransUnion was not entitled to the documents.  (Id.)

### III.    ARGUMENT

Simply put, there is no excuse for Plaintiff's failure to make complete disclosures to TransUnion and provide TransUnion with the documents she produced to Experian in this action.  Plaintiff is required to provide all parties who have appeared in the action with a copy of discovery produced to any other party.  See Cal. Civ. Proc. Code § 2031.260.  Plaintiff has offered incoherent excuses, but no reasonable basis upon which to withhold production of these documents.  TransUnion, therefore, was forced to inconvenience this Court with a truly trivial, but nonetheless necessary, Motion.

---

been produced to Experian prior to removal and, therefore, such production was subject to the California Code of Civil Procedure.

[2] Pursuant to Paragraph 9 of this Court's August 22, 2002 Standing Order Re: Initial Case Management, TransUnion is not submitting the cited correspondence associated with the meet and confer efforts leading up to the instant Motion.  Naturally, however, TransUnion will make any and all such correspondence available upon the Court's request.

LA 51048687                                      - 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### IV. CONCLUSION

For the reasons set forth above, TransUnion respectfully requests that the Court grant the Motion in its entirety.

Dated: May 13, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO


By: /s/ Brian C. Frontino
　　　　Brian C. Frontino

Attorneys for Defendant
　TRANSUNION LLC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51048687
- 3 -
NOTICE OF MOTION AND MOTION OF DEFENDANT TRANSUNION LLC
TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL

1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone:  310-556-5800
   Facsimile:  310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
     TRANSUNION LLC
7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of herself and other similarly situated people,<br><br>    Plaintiff,<br><br>  vs.<br><br>CREDIT CONSULTING SERVICES, INC., dba CCS, EQUIFAX CREDIT INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 5:08-cv-01317-JF-HRL<br><br>**[PROPOSED] ORDER GRANTING MOTION OF DEFENDANT TRANSUNION LLC TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Date:  June 17, 2008<br>Time:  10:00 a.m.<br>Crtrm:  2 |

LA 51052080

The Motion of Defendant TransUnion LLC ("TransUnion") to Compel Production of Documents came on regularly for hearing on June 17, 2008, at 10:00 a.m., before the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, the Honorable Howard R. Lloyd presiding.

After consideration of the briefs and arguments presented, as well as all other matters presented, the Court **GRANTS** the Motion and orders Plaintiff to produce to TransUnion those documents identified with Bates numbers ranging from 197 through 297.

**IT IS SO ORDERED.**

Dated: _____

The Honorable Howard R. Lloyd
United States District Court Magistrate Judge

Submitted by:
STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO

By:    /s/  Brian C. Frontino
            Brian C. Frontino

Attorneys for Defendant
   TRANSUNION LLC