1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone:  310-556-5800
   Facsimile:  310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
     TRANSUNION LLC
7

8                     **UNITED STATES DISTRICT COURT**

9                     **NORTHERN DISTRICT OF CALIFORNIA**

10                                **SAN JOSE DIVISION**

11 | NOEMIA CARVALHO, on behalf of herself ) Case No. 5:08-cv-01317-JF-HRL
12 | and other similarly situated people,   )
                                            ) **DECLARATION OF BRIAN C.**
13 |              Plaintiff,                 ) **FRONTINO IN SUPPORT OF MOTION**
                                            ) **OF DEFENDANT TRANSUNION LLC TO**
14 |     vs.                                 ) **COMPEL PRODUCTION OF**
                                            ) **DOCUMENTS**
15 | CREDIT CONSULTING SERVICES, INC.,       )
   | dba CCS, EQUIFAX CREDIT                 ) Date:   June 17, 2008
16 | INFORMATION SERVICES, LLC,              ) Time:   10:00 a.m.
   | EXPERIAN INFORMATION SOLUTIONS,         ) Crtrm:  2
17 | INC., TRANS UNION LLC, and DOES 1-50,   )
   | inclusive,                              )
18 |                                         )
19 |              Defendants.                )
                                            )

LA 51049209

DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF MOTION OF DEFENDANT TRANSUNION LLC
TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL

1   I, Brian C. Frontino, hereby declare as follows:

2   1.   I am admitted to practice before this Court and am an associate of Stroock & Stroock & Lavan LLP ("Stroock"), counsel for defendant TransUnion LLC ("TransUnion") in this action. I submit this Declaration in support of TransUnion's Motion to Compel Production of Documents (the "Motion"). The facts set forth herein are true of my own personal knowledge, except where based upon my review of the pleadings and other papers produced in this action. If called as a witness, I could and would competently testify thereto.

2.   On March 19, 2007, I received a production of documents from plaintiff Noemia Carvalho ("Plaintiff") identified with handwritten numbers on each page, ranging from 1 through 196. Plaintiff's counsel represented to me in subsequent meet and confer discussions that the 196 pages produced on March 19, 2007 included each and every document in support of Plaintiff's claims in this action.

3.   At Plaintiff's March 4, 2008 continued deposition, Plaintiff produced a set of original additional documents, which was given to counsel for defendant Experian Information Solutions, Inc. ("Experian"). As a courtesy to Plaintiff's counsel, Experian's counsel agreed to label, copy and send this supplemental production of documents to each party, including TransUnion, and return the originals to Plaintiff's counsel.

4.   On March 24, 2008, I received a set of the documents Plaintiff produced to Experian at her continued deposition. Upon review, I was alarmed to note that the documents had been labeled with Bates numbers starting at 298. As noted above, the only documents that had previously been produced to TransUnion ended with Bates number 196. I contacted Experian's counsel and inquired as to whether there had been an error in numbering, or whether Experian had, in fact, received additional documents from Plaintiff bearing numbers 197 through 297. Counsel for Experian confirmed that Plaintiff, at some point in the past, had produced documents 197 through 297 to Experian.

5.   On April 14, 2008, I sent a letter via facsimile and U.S. Mail to Plaintiff's counsel requesting production of Plaintiff's documents 197 through 297 that had been produced to

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51049209                                                              - 1 -
DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF MOTION OF DEFENDANT TRANSUNION LLC
TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL

Experian. In the letter, I explained that I had noticed the gap in Plaintiff's production upon receiving the documents starting with number 298 from Experian on March 24, 2008.

6. On April 14, 2008, I received a response from Plaintiff's counsel, ignoring my request to meet and confer, implicitly refusing to produce the documents, and claiming that he "suspect[ed] [TransUnion had] the documents Bate [sic] stamped 197-297, since [TransUnion is] aware of the numbers which [TransUnion] would only know if [TransUnion] had seen them. The letter also accused TransUnion of requesting the documents for "harassing purposes."

7. In response, I again wrote to Plaintiff's counsel on April 15, 2008, reiterating the explanation of how I noticed the gap in Plaintiff's production, and again requesting that Plaintiff produce documents 197 through 297 to TransUnion.

8. I received two responses from Plaintiff's counsel. In the first letter I received on April 15, 2008, he took the position that Plaintiff only was required to "bring requested documents to a deposition." Of course, as I had twice explained previously, TransUnion was not seeking the documents produced by Plaintiff at her March 4, 2008 continued deposition, but rather the documents that apparently had been produced only to Experian at some point prior to Plaintiff's March 4, 2008 continued deposition. In Mr. Bochner's second April 15, 2008 letter, he provided yet another excuse, claiming that "[t]he response to Experian's demand clearly set forth the terms under which production would be made. Experian met those terms. Your client did not. It is now many months since production was offered and I do believe waiver has occurred, per the Code." The letter did not state what the purported "terms" were, nor when such production "was offered."

9. Because Plaintiff's counsel repeatedly refused to acknowledge my requests to meet and confer and had failed to provide any coherent explanation of Plaintiff's refusal to produce the documents, TransUnion was left with no choice but to seek production of the documents by the instant Motion. Accordingly, on April 28, 2008, I wrote to Mr. Bochner by e-mail to meet and confer regarding the date for the Motion pursuant to the Court's Standing Order Regarding Case Management. I proposed June 10, 2008 for a hearing on the Motion. Mr. Bochner responded by e-mail, inexplicably asserting that TransUnion was required to meet and confer in advance of any motion, and failing to take any position on the suggested June 10 hearing date. In further e-mail

correspondence between myself and Plaintiff's counsel, he persisted in refusing to meet and confer regarding either the subject of the Motion or the proposed hearing date.

10. After allowing additional time for Plaintiff to comply with TransUnion's request for the documents, I again contacted Mr. Bochner by e-mail on May 12, 2008, informing him that TransUnion intended to file the Motion and to have the Motion heard on June 17, 2008 at 10:00 a.m. I requested that Mr. Bochner inform me whether June 17 was an acceptable date for the hearing no later than 12:00 p.m. on May 13, 2008. As of that time, I had received no response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of May, 2008, at Los Angeles, California

/s/ Brian C. Frontino
Brian C. Frontino

LA 51049209

- 3 -

DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF MOTION OF DEFENDANT TRANSUNION LLC TO COMPEL PRODUCTION OF DOCUMENTS – Case No. 5:08-cv-01317-JF-HRL