LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>    Defendants. | Case No.  5:08-cv-1317 JF<br><br>OPPOSITION TO TRANS UNION'S MOTION TO COMPEL<br><br>DATE:    June 17, 2008<br>TIME:    10:00 A.M.<br>DEPT.:   COURTROOM 2 |

**BACKGROUND**

Trans Union (TU) contends plaintiff owes it a production of documents. It provides no foundation for any such production. Its Motion should be denied.

**ARGUMENT**

Plaintiff Carvalho (Plaintiff) agrees the law of the State of California applies to this dispute.

It is not clear from what act of discovery TU seeks to compel further production, or when such took place. That is why the meet and confer efforts were improper. Plaintiff still does not understand why TU thinks it is entitled to any of the documents it seeks. It appears that the only

1

possible basis for this motion was a demand for documents defendant Experian made and plaintiff responded to in March of 2007. The response that accompanied every response to a demand for documents in this case states that plaintiff would produce documents to the extent parties arranged for copies to be made or paid for production:

> To the extent that responding party is able to respond, she will do so only upon propounding party's stipulation that responding party shall either review and copy the documents at responding party's attorney's office . . . on an agreeable date, or alternatively, that propounding party shall pay, in advance, for all costs of copying and pick up or delivery, that production of other material items will be at a reasonable cost for their copying, that items that cannot be reproduced will be taken into custody by propounding party solely at its own expense and only upon its assumption of all responsibility for securing, and maintaining the security of, such items, and the production will otherwise conform only to the requirements of the Discovery Act.

In every instance, plaintiff served all defendants with responses to demands for documents and other discovery. Experian met the requisites for production. TU did and has not. Nonetheless, TU acknowledges it knows Experian has the documents it wishes to obtain. It does not indicate it has asked Experian for a copy of the documents.

A.  **TU'S MOTION IS UNTIMELY**

The response to Experian's document demand occurred on March 13, 2007. The response to Trans Union's document demand occurred on March 30, 2007. California Code of Civil Procedure 2031.310(c) mandates that a motion to compel must be made 45 days after the response. That day has long since past. Even if we accept March 24, 2008 as the date of knowledge as the date of response, its filing on May 13, 2008, 50 days later, would be too late.

B.  **TU DID NOT MEET THE REQUIREMENTS TO OBTAIN THE DOCUMENTS AND MADE NO OBJECTION TO THE REQUIREMENTS**

The response to production sets forth the terms under which production would be made. TU simply did not and has not shown it met either requirement. It made no objection about the requisites. It cannot now make a motion to compel what it did not properly seek in the first place.

C.  **THE DOCUMENTS ARE EQUALLY AVAILABLE TO TU FROM OTHER SOURCES**

TU acknowledges Experian has documents it seeks. It does not indicate what, if any, effort it has made to obtain these documents from Experian. Where documents are equally

2

1  available to the propounding party, there is simply no good cause to require plaintiff to produce
2  them.
3  **CONCLUSION**
4      Instead of properly asking what it wanted and what it was based on, complying with the
5  requisites for production, or asking the entity that acknowledges it has documents for copies, TU
6  has filed this motion.  It did so in an untimely manner.   This is improper.  TU's motion should be
7  denied.

9  May 27, 2008                                          LAW OFFICE OF RON BOCHNER

12                                                         BY _____
                                                              RON K. BOCHNER
13                                                               Attorney for Plaintiff
                                                              NOEMIA CARVALHO