LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>Defendants.<br>_____/ | Case No.   5:08-cv-1317 JF<br><br>DECLARATION OF RON BOCHNER IN SUPPORT OF OPPOSITION TO TRANS UNION'S MOTION TO COMPEL<br><br><br><br>DATE:     June 17, 2008<br>TIME:     10:00 A.M.<br>DEPT.:    COURTROOM 2 |

I, Ron Bochner, declare as follows:

1. I am the attorney for plaintiff Carvalho and the putative class in this matter.

2. It is not clear from what act of discovery TU seeks to compel further production, or when such took place. That is why the meet and confer efforts were improper. Plaintiff still does not understand why TU thinks it is entitled to any of the documents it seeks. It appears that the only possible basis for this motion was a demand for documents defendant Experian made and plaintiff responded to in March of 2007. The response that accompanied every response to a demand for documents in this case states that plaintiff would produce documents to the extent parties arranged for copies to be made or paid for production:

1

1  To the extent that responding party is able to respond, she will do so only upon propounding party's stipulation that responding party shall either review and copy the documents at responding party's attorney's office . . . on an agreeable date, or alternatively, that propounding party shall pay, in advance, for all costs of copying and pick up or delivery, that production of other material items will be at a reasonable cost for their copying, that items that cannot be reproduced will be taken into custody by propounding party solely at its own expense and only upon its assumption of all responsibility for securing, and maintaining the security of, such items, and the production will otherwise conform only to the requirements of the Discovery Act.

3. In every instance, plaintiff served all defendants with responses to demands for documents and other discovery. Experian met the requisites for production. TU did and has not. Nonetheless, TU acknowledges it knows Experian has the documents it wishes to obtain. It does not indicate it has asked Experian for a copy of the documents.

4. The response to Experian's document demand occurred on March 13, 2007. The response to Trans Union's document demand occurred on March 30, 2007. Even if we accept March 24, 2008 date of knowledge as the date of response, its filing on May 13, 2008, is 50 days later.

I declare under the penalty of perjury that the above is true and correct.

Executed at the City and County of Santa Clara this 27th day of May, 2008.

BY _____
RON K. BOCHNER

2