1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  2029 Century Park East
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
     TRANSUNION LLC
7

8                     UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10                          SAN JOSE DIVISION

11 NOEMIA CARVALHO, on behalf of herself     ) Case No. 5:08-cv-01317-JF-HRL
   and other similarly situated people,      )
12                                            ) [Assigned to the Honorable Jeremy Fogel]
              Plaintiff,                      )
13                                            ) **OPPOSITION OF DEFENDANT**
         v.                                   ) **TRANSUNION LLC TO PLAINTIFF'S**
14                                            ) **MOTION TO REMAND CASE TO STATE**
   CREDIT CONSULTING SERVICES, INC.,         ) **COURT**
15 dba CCS, EQUIFAX CREDIT                    )
   INFORMATION SERVICES, LLC,                 ) Date:     June 20, 2008
16 EXPERIAN INFORMATION SOLUTIONS,           ) Time:     9:00 a.m.
   INC., TRANS UNION LLC and DOES 1-50,      ) Location: Courtroom 3
17 inclusive,                                 )
                                              )
18            Defendants.                     )
                                              )
19

LA 51048015

Although the Class Action Fairness Act does not require all defendants to consent to removal of an action to federal court, see 28 U.S.C. § 1453(b), defendant TransUnion LLC ("TransUnion") hereby advises the Court that it does not object to removal of the instant action.

In addition, TransUnion wishes to advise the Court of the numerous instances since removal by defendant Equifax Information Services LLC ("Equifax"), where plaintiff Noemia Carvalho ("Plaintiff") has expressly taken the position that federal law now applies. This suggests that Plaintiff now consents to removal, or at least that she should be judicially estopped from challenging removal. The following are two examples of Plaintiff's conduct consistent with removal of the action.

First, Plaintiff took the position (although incorrectly) that the Superior Court's orders entered prior to removal no longer were valid.[1] Specifically, Plaintiff demanded that TransUnion cease its efforts to enforce the Monterey County Superior Court's February 11, 2008 Order allowing discovery by denying in part Plaintiff's Motion to Quash a third-party subpoena that TransUnion had issued in the state court action, prior to removal. Plaintiff vigorously argued that, "because the matter has been removed, the Monterey Superior Court orders no longer have any authority[.]" (See Declaration of Brian C. Frontino (Frontino Decl.), ¶ 2, Ex. A.)

Second, in arguing that the Monterey Court's Order on Plaintiff's Motion to Quash no longer was valid, Plaintiff further insisted that TransUnion issue a new third-party subpoena pursuant to Federal Rule of Civil Procedure 45. Plaintiff asserted that, because the case had been removed, Federal Rule of Civil Procedure 34(b) mandated that third-party discovery was available only through the use of a subpoena issued pursuant to Federal Rule of Civil Procedure 45. (Id. ¶ 3, Ex. B.)

As demonstrated by the foregoing, Plaintiff has endorsed this Court's authority and ratified removal. Finally, the Motion is procedurally invalid because Plaintiff's counsel failed to confer

//

---

[1] Naturally, Plaintiff's position is meritless, given 28 U.S.C. §1450 ("All injunctions, orders, and other proceedings had in such action prior to removal shall remain in full force and effect until dissolved or modified by the district court").

LA 51048015                              - 1 -
OPPOSITION OF DEFENDANT TRANSUNION LLC TO PLAINTIFF'S MOTION
TO REMAND CASE TO STATE COURT - Case No. 5:08-cv-01317-JF-HRL

1  with counsel for TransUnion prior to reserving a hearing date.  (Id. ¶ 4.)  For these reasons, and

2  those set forth in the Equifax's Motion and Reply in support thereof, the Motion should be denied.

3  Dated:  May 30, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO


By:  _____/s/ Brian C. Frontino_____
         Brian C. Frontino

Attorneys for Defendant
  TRANSUNION LLC

LA 51048015

- 2 -

OPPOSITION OF DEFENDANT TRANSUNION LLC TO PLAINTIFF'S MOTION
TO REMAND CASE TO STATE COURT - Case No. 5:08-cv-01317-JF-HRL

# EXHIBIT A

RECEIVED
APR 1 5 2008
STROOCK

*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

VIA FACSIMILE (310-556-5959) AND U.S. MAIL

April 12, 2008

Stephen J. Newman, Esq.
Strook
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

    Re:  Carvalho v. Trans Union

Dear Mr. Newman:

I am in receipt of a letter from Mr. Frontino of your offices to Blue Cross Insurance and attaching an order dated February 11, 2008, seen by me for the first time presently.

There are several problems. The order was not timely served. The request to Blue Cross is improper. You need to use a subpoena service, per the Discovery Act. Moreover, because the matter has been removed, the Monterey Superior Court orders no longer have any authority and cannot be used to obtain my client's privacy protected records. Moreover, you fail to provide Blue Cross the signature page required by the protective order.

In short, this attempt to obtain Ms. Carvalho's privacy protected medical records invades her right to privacy, not authorized by law.

Please explain this behavior and let me know how you intend to rectify it by 5:00 p.m., April 18, 2008.

If you have any question, do not hesitate to call.

Very truly yours,

Ron Bochner
RB

# EXHIBIT B

*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

VIA FACSIMILE (310-556-5959) AND U.S. MAIL

April 18, 2008

Stephen J. Newman, Esq.
Strook
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

    Re:  Carvalho v. Trans Union

Dear Mr. Newman:

Pursuant to Northern District of California Local Rule 37-1(b), this is Ms. Carvalho's attempt to meet and confer regarding your attempt to obtain her medical records directly from Blue Cross without use of a subpoena. We have already written you several times, explaining that you may not obtain documents directly from a third party but, instead, must use a subpoena. You have disagreed, but cited no authority for your proposition.

Federal Rule of Civil Procedure 34(b) provides that "a person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Federal Rule of Civil Procedure 45 provides only for such production pursuant to a subpoena.

Under Rule 37-1, you are required to meet and confer. Please respond to this effort by 5:00 p.m. today.

If you have any question, do not hesitate to call.

Very truly yours,

Ron Bochner
RB