1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone:  310-556-5800
   Facsimile:  310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
      TRANSUNION LLC
7

8                 **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11 | NOEMIA CARVALHO, on behalf of herself ) | Case No. 5:08-cv-01317-JF-HRL
   | and other similarly situated people,  ) |
12 |                                        ) | [Assigned to the Honorable Jeremy Fogel]
   |           Plaintiff,                   ) |
13 |                                        ) | **DECLARATION OF BRIAN C.**
   |                                        ) | **FRONTINO N SUPPORT OF**
14 |           vs.                          ) | **OPPOSITION OF DEFENDANT**
   |                                        ) | **TRANSUNION LLC TO MOTION TO**
15 | CREDIT CONSULTING SERVICES, INC.,     ) | **REMAND CASE TO STATE COURT**
   | dba CCS, EQUIFAX CREDIT                ) |
16 | INFORMATION SERVICES, LLC,             ) | Date:       June 20, 2008
   | EXPERIAN INFORMATION SOLUTIONS,        ) | Time:       9:00 a.m.
17 | INC., TRANS UNION LLC, and DOES 1-50,  ) | Location:   Courtroom 3
   | inclusive,                             ) |
18 |                                        ) |
   |           Defendants.                  ) |
19 |                                        ) |

LA 51055511

DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF OPPOSITION OF DEFENDANT TRANSUNION LLC TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - Case No. 5:08-cv-01317-JF-HRL

I, Brian C. Frontino, hereby declare as follows:

1. I am admitted to practice before this Court and am an associate of Stroock & Stroock & Lavan LLP ("Stroock"), counsel for defendant TransUnion LLC ("TransUnion") in this action. I submit this Declaration in support of TransUnion's Opposition to Plaintiff's Motion to Remand Case to State Court (the "Motion"). The facts set forth herein are true of my own personal knowledge, except where based upon my review of the pleadings and other papers in this action. If called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated April 12, 2008 received from Plaintiff's counsel.

3. Attached hereto as Exhibit B is a true and correct copy of a letter dated April 18, 2008 received from Plaintiff's counsel.

4. Neither I nor anyone in my office received a communication from Plaintiff's counsel before he reserved the June 20, 2008 hearing date for the Motion.

I declare under penalty of the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of May 2008, at Los Angeles, California.

/s/ Brian C. Frontino
Brian C. Frontino

LA 51055511

- 1 -

DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF OPPOSITION OF DEFENDANT TRANSUNION LLC TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT - Case No. 5:08-cv-01317-JF-HRL

# EXHIBIT A

RECEIVED
APR 1 5 2008
STROOCK

*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

VIA FACSIMILE (310-556-5959) AND U.S. MAIL

April 12, 2008

Stephen J. Newman, Esq.
Strook
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

    Re:  Carvalho v. Trans Union

Dear Mr. Newman:

I am in receipt of a letter from Mr. Frontino of your offices to Blue Cross Insurance and attaching an order dated February 11, 2008, seen by me for the first time presently.

There are several problems. The order was not timely served. The request to Blue Cross is improper. You need to use a subpoena service, per the Discovery Act. Moreover, because the matter has been removed, the Monterey Superior Court orders no longer have any authority and cannot be used to obtain my client's privacy protected records. Moreover, you fail to provide Blue Cross the signature page required by the protective order.

In short, this attempt to obtain Ms. Carvalho's privacy protected medical records invades her right to privacy, not authorized by law.

Please explain this behavior and let me know how you intend to rectify it by 5:00 p.m., April 18, 2008.

If you have any question, do not hesitate to call.

Very truly yours,

Ron Bochner
RB

Exh. A - P. 2

# EXHIBIT B

*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

VIA FACSIMILE (310-556-5959) AND U.S. MAIL

April 18, 2008

Stephen J. Newman, Esq.
Strook
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

    Re: Carvalho v. Trans Union

Dear Mr. Newman:

Pursuant to Northern District of California Local Rule 37-1(b), this is Ms. Carvalho's attempt to meet and confer regarding your attempt to obtain her medical records directly from Blue Cross without use of a subpoena. We have already written you several times, explaining that you may not obtain documents directly from a third party but, instead, must use a subpoena. You have disagreed, but cited no authority for your proposition.

Federal Rule of Civil Procedure 34(b) provides that "a person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Federal Rule of Civil Procedure 45 provides only for such production pursuant to a subpoena.

Under Rule 37-1, you are required to meet and confer. Please respond to this effort by 5:00 p.m. today.

If you have any question, do not hesitate to call.

Very truly yours,

Ron Bochner
RB