1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  2029 Century Park East
   Los Angeles, California  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
     TRANSUNION LLC
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11 | NOEMIA CARVALHO, on behalf of herself   ) Case No. 5:08-cv-01317-JF-HRL
   | and other similarly situated people,    )
12 |                                         ) [Assigned to the Honorable Jeremy Fogel]
   |              Plaintiff,                 )
13 |                                         ) **OPPOSITION OF DEFENDANT**
   |      v.                                 ) **TRANSUNION LLC TO PLAINTIFF'S**
14 |                                         ) **MOTION TO REMAND CASE TO STATE**
   | CREDIT CONSULTING SERVICES, INC.,       ) **COURT**
15 | dba CCS, EQUIFAX CREDIT                 )
   | INFORMATION SERVICES, LLC,              ) Date:     June 20, 2008
16 | EXPERIAN INFORMATION SOLUTIONS,         ) Time:     9:00 a.m.
   | INC., TRANS UNION LLC and DOES 1-50,    ) Location: Courtroom 3
17 | inclusive,                               )
   |                                         )
18 |              Defendants.                )
                                             )
19

LA 51048015

Although the Class Action Fairness Act does not require all defendants to consent to removal of an action to federal court, see 28 U.S.C. § 1453(b), defendant TransUnion LLC ("TransUnion") hereby advises the Court that it does not object to removal of the instant action.

In addition, TransUnion wishes to advise the Court of the numerous instances since removal by defendant Equifax Information Services LLC ("Equifax"), where plaintiff Noemia Carvalho ("Plaintiff") has expressly taken the position that federal law now applies. This suggests that Plaintiff now consents to removal, or at least that she should be judicially estopped from challenging removal. The following are two examples of Plaintiff's conduct consistent with removal of the action.

First, Plaintiff took the position (although incorrectly) that the Superior Court's orders entered prior to removal no longer were valid.[1] Specifically, Plaintiff demanded that TransUnion cease its efforts to enforce the Monterey County Superior Court's February 11, 2008 Order allowing discovery by denying in part Plaintiff's Motion to Quash a third-party subpoena that TransUnion had issued in the state court action, prior to removal. Plaintiff vigorously argued that, "because the matter has been removed, the Monterey Superior Court orders no longer have any authority[.]" (See Declaration of Brian C. Frontino (Frontino Decl.), ¶ 2, Ex. A.)

Second, in arguing that the Monterey Court's Order on Plaintiff's Motion to Quash no longer was valid, Plaintiff further insisted that TransUnion issue a new third-party subpoena pursuant to Federal Rule of Civil Procedure 45. Plaintiff asserted that, because the case had been removed, Federal Rule of Civil Procedure 34(b) mandated that third-party discovery was available only through the use of a subpoena issued pursuant to Federal Rule of Civil Procedure 45. (Id. ¶ 3, Ex. B.)

As demonstrated by the foregoing, Plaintiff has endorsed this Court's authority and ratified removal. Finally, the Motion is procedurally invalid because Plaintiff's counsel failed to confer

//

---

[1] Naturally, Plaintiff's position is meritless, given 28 U.S.C. §1450 ("All injunctions, orders, and other proceedings had in such action prior to removal shall remain in full force and effect until dissolved or modified by the district court").

with counsel for TransUnion prior to reserving a hearing date.  (Id. ¶ 4.)  For these reasons, and those set forth in the Equifax's Motion and Reply in support thereof, the Motion should be denied.

Dated:  May 30, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO

By: ___/s/ Brian C. Frontino___
Brian C. Frontino

Attorneys for Defendant
TRANSUNION LLC

LA 51048015

- 2 -

OPPOSITION OF DEFENDANT TRANSUNION LLC TO PLAINTIFF'S MOTION
TO REMAND CASE TO STATE COURT - Case No. 5:08-cv-01317-JF-HRL