1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  STEPHEN J. NEWMAN (State Bar No. 181570)
   BRIAN C. FRONTINO (State Bar No. 222032)
3  2029 Century Park East
   Los Angeles, CA  90067-3086
4  Telephone:  310-556-5800
   Facsimile:  310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
     TRANSUNION LLC
7

8                          **UNITED STATES DISTRICT COURT**

9                          **NORTHERN DISTRICT OF CALIFORNIA**

10                                **SAN JOSE DIVISION**

11 NOEMIA CARVALHO, on behalf of herself      )  Case No. 5:08-cv-01317-JF-HRL
   and other similarly situated people,       )
12                                             )  **REPLY OF DEFENDANT TRANSUNION**
                                               )  **LLC IN SUPPORT OF MOTION TO**
13              Plaintiff,                     )  **COMPEL PRODUCTION OF**
                                               )  **DOCUMENTS**
14       vs.                                   )
                                               )  Date:    June 17, 2008
15 CREDIT CONSULTING SERVICES, INC.,           )  Time:    10:00 a.m.
   dba CCS, EQUIFAX CREDIT                     )  Crtrm:   2
16 INFORMATION SERVICES, LLC,                  )
   EXPERIAN INFORMATION SOLUTIONS,             )
17 INC., TRANS UNION LLC, and DOES 1-50,       )
   inclusive,                                  )
18                                             )
                Defendants.                    )
19                                             )
                                               )
20

LA 51055182

## I. INTRODUCTION

Plaintiff has no excuse for failing to produce the documents TransUnion seeks via the instant Motion.[1]  Quite simply, the law requires Plaintiff to produce the documents, and Plaintiff provides no explanation for not doing so.  Critically, Plaintiff's counsel represented to TransUnion's counsel that <u>all</u> documents supporting Plaintiff's claims had been produced.  It was only after TransUnion received a subsequent production, courtesy of Experian's counsel, that TransUnion discovered that Plaintiff had not, in fact, produced all documents.

Plaintiff suggests that TransUnion may obtain the documents from Experian, but it is Plaintiff's obligation, not Experian's, to provide a complete production of documents, and this is not a set of documents where the parties collectively agreed that Experian would Bates label, copy and distribute.

Moreover, Plaintiff's argument that TransUnion did not meet the "terms" for production is absurd and inappropriate.  As an initial matter, TransUnion was not aware of the "terms" until Plaintiff included them in her Opposition to the Motion.  TransUnion certainly would have agreed to pay any copying costs, even though it has not requested the same of Plaintiff.[2]

Finally, Plaintiff's timing argument is frivolous because there is no time limit for a motion to compel where a party fails to produce documents that the party agreed to produce in his or her responses to an inspection demand.  The Court should not countenance Plaintiff's evasion of clear discovery obligation.  The Motion should be granted.

## II. ARGUMENT

**A.  Plaintiff Is Obligated To Produce The Documents At Issue.**

The law requires Plaintiff to provide <u>all</u> parties with copies of any documents she produces in this case.  <u>See</u> Cal. Civ. Proc. Code § 2031.260(a).  Plaintiff's own attorney has conclusively asserted that Plaintiff has produced <u>all</u> documents.  (Supplemental Declaration of Brian C. Frontino ("Supp. Frontino Decl.") ¶ 2, Ex. A.)  In failing to produce the documents at issue to TransUnion, Plaintiff brazenly disregards the fundamental policy of full and complete discovery as embodied in

---

[1] Terms used herein are as defined in the Motion unless otherwise noted.

[2] Concurrently with service of this Reply on Plaintiff, TransUnion tendered a check in the amount of $15.00, which is more than sufficient for the 100 pages of documents requested by TransUnion.

both federal and state discovery statutes and rules. Plaintiff's argument that the "documents are equally available" to TransUnion from Experian simply ignores Plaintiff's obligation to assure full and complete discovery in response to an opposing party's request. TransUnion is not required to rely on Experian to ensure Plaintiff's discovery responses are complete. Of course, Plaintiff provides no authority for her position in the Opposition. Obviously, Plaintiff must provide TransUnion with copies of the documents, and she should be compelled to do so.

### B.    Plaintiff's Argument Regarding The Terms Of Production Is Specious Because TransUnion Was Not Aware Of Plaintiff's Supposed "Terms."

In the Opposition, Plaintiff argues that TransUnion is not entitled to the documents it seeks because it supposedly did not meet Plaintiff's "terms under which production would be made." (Opposition at p. 2.) Plaintiff's statement is astounding. Plaintiff never communicated the supposed "terms" to TransUnion, even during the meet and confer process leading up to this Motion. TransUnion only became aware of the "terms" upon receipt of Plaintiff's Opposition to this Motion and has since tendered Plaintiff's counsel a check for copying costs. Accordingly, the Court should disregard Plaintiff's hollow argument regarding the "terms" of production and compel her to produce the documents, especially now that TransUnion has complied with her "terms."

### C.    There Is No Time Limit For Moving To Compel Production Of Underlying Documents, Only Responses To An Inspection Demand.

Plaintiff attempts to distract the Court from her blatant failure to comply with her discovery obligations by suggesting that TransUnion's Motion is untimely. Plaintiff's argument falls flat for numerous reasons.

First, where, as here, a party fails to produce <u>documents</u> identified in responses to an inspection demand, there is no time limit to file a motion to compel production of the underlying <u>documents</u> themselves that the responding party agreed to produce in his or her <u>responses</u> to the inspection demand. Cal. Civ. Proc. Code § 2031.320(a) ("If a party filing a response to a demand for inspection … thereafter fails to permit the inspection in accordance with that party's statement of compliance, the party demanding the inspection may move for an order compelling compliance"). The 45-day time limit applies to the formal written <u>responses and objections</u> to discovery requests. Cal. Civ. Proc. Code § 2031.310 ("On receipt of a response to an inspection

demand, the party demanding an inspection may move for an order compelling further response to the demand if the demanding party deems that any of the following apply ….").[3] Where the written response commits to produce documents, they must be produced, and there is no time limit for a motion to compel. Plaintiff responded to TransUnion's Requests for Production of Documents on March 30, 2007, agreeing to produce all documents supporting her claims in this action, and supposedly produced all such documents (nos. 1-196) on March 19, 2007. (Supp. Frontino Decl. ¶¶ 3-4, Exs. B, C.) TransUnion is not moving to compel Plaintiff to further respond pursuant to Code of Civil Procedure Section 2031.310; rather, it is moving to compel Plaintiff's production of documents withheld pursuant to Code of Civil Procedure Section 2031.320.

Second, as a matter of equity, given the routine nature of the issue, TransUnion reasonably expected to resolve it through the meet-and-confer process. Amazingly, Plaintiff's counsel stubbornly refused to produce the 100 pages. TransUnion's counsel repeatedly attempted to convince Plaintiff's counsel to produce the documents and gave Plaintiff every opportunity to do so without the Court's intervention, but Plaintiff refused. TransUnion regrets that it has been forced to file the Motion, but Plaintiff's obstinacy requires it. She must be compelled to produce the documents at issue.

### III.    CONCLUSION

For the foregoing reasons, TransUnion respectfully requests that the Court grant the Motion in its entirety.

Dated: June 3, 2008

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO


By:    /s/ Brian C. Frontino
         Brian C. Frontino

Attorneys for Defendant
   TRANSUNION LLC

---

[3] In addition, TransUnion notes for the Court that there is no time limit for filing a motion to compel under the Federal Rules of Civil Procedure.

LA 51055182                                          - 3 -
REPLY OF DEFENDANT TRANSUNION LLC IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS - Case No. 5:08-cv-01317-JF-HRL