1　STROOCK & STROOCK & LAVAN LLP
　　JULIA B. STRICKLAND (State Bar No. 083013)
2　STEPHEN J. NEWMAN (State Bar No. 181570)
　　BRIAN C. FRONTINO (State Bar No. 222032)
3　2029 Century Park East
　　Los Angeles, CA  90067-3086
4　Telephone:  310-556-5800
　　Facsimile:  310-556-5959
5　lacalendar@stroock.com

6　Attorneys for Defendant
　　　TRANSUNION LLC

7

8　　　　　　　　　**UNITED STATES DISTRICT COURT**

9　　　　　　　　**NORTHERN DISTRICT OF CALIFORNIA**

10　　　　　　　　　　**SAN JOSE DIVISION**

| | |
|---|---|
| 11　NOEMIA CARVALHO, on behalf of herself and other similarly situated people,　　　） | Case No. 5:08-cv-01317-JF-HRL |
| 12　　　　　　　　　　　　　　　　　　） | **SUPPLEMENTAL DECLARATION OF** |
| 13　　　　　　　Plaintiff,　　　　　　） | **BRIAN C. FRONTINO IN SUPPORT OF** |
| 14　　　　　　vs.　　　　　　　　　） | **REPLY OF DEFENDANT TRANSUNION** |
| 15　CREDIT CONSULTING SERVICES, INC.,　） | **LLC IN SUPPORT MOTION TO COMPEL** |
| | **PRODUCTION OF DOCUMENTS** |

11　NOEMIA CARVALHO, on behalf of herself
12　and other similarly situated people,　　　)　Case No. 5:08-cv-01317-JF-HRL
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　**SUPPLEMENTAL DECLARATION OF**
13　　　　　　　Plaintiff,　　　　　　　)　**BRIAN C. FRONTINO IN SUPPORT OF**
　　　　　　　　　　　　　　　　　　　)　**REPLY OF DEFENDANT TRANSUNION**
14　　　　　　vs.　　　　　　　　　　　)　**LLC IN SUPPORT MOTION TO COMPEL**
　　　　　　　　　　　　　　　　　　　)　**PRODUCTION OF DOCUMENTS**
15　CREDIT CONSULTING SERVICES, INC.,　)
　　dba CCS, EQUIFAX CREDIT　　　　　　)　Date:　　June 17, 2008
16　INFORMATION SERVICES, LLC,　　　　)　Time:　　10:00 a.m.
　　EXPERIAN INFORMATION SOLUTIONS,　)　Crtrm:　　2
17　INC., TRANS UNION LLC, and DOES 1-50,　)
　　inclusive,　　　　　　　　　　　　　)
18　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
19　　　　　　Defendants.　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
20

21

22

23

24

25

26

27

28

LA 51056983

SUPPLEMENTAL DECLARATION OF BRIAN C. FRONTINO IN SUPPORT OF REPLY OF TRANSUNION IN
SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS - Case No. 5:08-cv-01317-JF-HRL

1        I, Brian C. Frontino, hereby declare as follows:

2        1.    I am admitted to practice before this Court and am an associate of Stroock &

3    Stroock & Lavan LLP ("Stroock"), counsel for defendant TransUnion LLC ("TransUnion") in this

4    action.  I submit this Declaration in support of TransUnion's Reply in Support of TransUnion's

5    Motion to Compel Production of Documents (the "Motion").  The facts set forth herein are true of

6    my own personal knowledge, except where based upon my review of the pleadings and other

7    papers in this action.  If called as a witness, I could and would competently testify thereto.

8        2.    On or about May 29, 2007, I received a letter from counsel for plaintiff Noemia

9    Carvalho ("Plaintiff").  In that letter, which responded to my May 15, 2007 letter attempting to

10   meet and confer regarding certain of Plaintiff's responses to TransUnion's Request for Production,

11   Plaintiff's counsel represented that Plaintiff had produced all documents within her possession,

12   custody or control.  A true and correct copy of the May 29, 2007 Letter is attached hereto as

13   Exhibit A.  Having no reason to doubt Plaintiff's counsel's representations, I did not pursue further

14   production of documents.

15       3.    A true and correct copy of TransUnion's Request for Production of Documents to

16   Plaintiff, served on February 7, 2007 (the "Requests"), is attached hereto as Exhibit B.

17       4.    A true and correct copy of Plaintiff's response to the Requests, served on March 30,

18   2007, is attached hereto as Exhibit C.

19       I declare under penalty of perjury under the laws of the United States of America that the

20   foregoing is true and correct.  Executed this 3rd day of June 2008 at Los Angeles, California.

21

22       /s/ Brian C. Frontino

    Brian C. Frontino

23

24

25

26

27

28

EXHIBIT A

*Law Offices of Ron Bochner*
*3333 Bowers Avenue, Suite 130*
*Santa Clara, California 95054*
*408-200-9890*

VIA FACSIMILE (310-556-5959) AND U.S. MAIL

May 29, 2007

Brian Frontino, Esq.
Strook
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

      Re:  Carvalho v. Trans Union

Dear Mr. Frontino:

In regard to your letter of May 15, 2007, you reference form interrogatory response 9.2 and complain that there are no documents reflecting those damages.   First, the complaint does not currently allege damages as set forth in CC 1785.31(a), but only willful violation punitive damages and injunctive relief under CC 1785.31(b) and (c).   You have stated an unwillingness to allow us to amend the complaint. So the interrogatories are not reasonably calculated to lead to the discovery admissible evidence.  Hence, demand 22 is also not calculated and no good cause currently exists to require production.  Second, and pertinent to your other concerns, is that Ms. Carvalho has produced all documents in her reasonable possession, custody or control and while she is actively attempting to locate documents and will produce them if and when he can, she would have no issue with you using a subpoena to obtain the documents you seek.

In regards to 11.1, personal injury, you ignore the fact that the objection not calculated to lead to the discovery of admissible evidence is also made.  This interrogatory has nothing to do with this case and you have not stated any other reason to make me think it does.  Please be more careful when writing me meet and confer letters to assure their completeness.  Otherwise, I must assume you meet and confer in bad faith.

In regards to special interrogatory 2 and demands 2 and 25, again, Ms. Carvalho produced such documents as she has.  I suggest you review the production again, particularly at 3-7, 12.  Again, she is actively attempting to locate documents and will supplement and produce if and when the documents become available/has no problem with you issuing a subpoena.

In regards to interrogatories 16, 17, 20 and 21 and the class allegations, when you propounded these interrogatories, plaintiff was not exactly sure of the response and, at the same time, had propounded discovery to your client on these very subjects.  You have so far failed to produce documents that would so indicate the answers and so, at present, information and belief is the

Letter to Frontino
May 29, 2007
Page Two

only basis that can be provided. However, you well know that Trans Union has no means of transmitting documents consumer disputants provide in support of disputes, despite asking disputants for them, and having a statutory duty to transmit them to furnishers of information, through its electronic dispute process. It also appears that Trans Union either does not respond to requests for details on how the reinvestigation was performed, or responds in a manner that comes nowhere near compliance with the statute. These are shown by the documents produced in response to your demand.

In specific regards to 17, regarding adequacy of representation, there is simply no showing of any antagonism with other members of the class and that is the sole criterion. *Marshall v. Holiday Magic* (9th Cir. 1977) 550 F2d 1173, 1177; *Daar v. Yellow Cab* (1967) 67 Cal.2d 695. If you really want an amended response on this, we can get it to you. But it is harassing and does not serve to get to the heart of this matter.

In regards 18, these are matters that can only be determined by your records. We are in the processing of doing this, as you know. If we need to look through every file of every California consumer making a dispute in the last four years, we will do so. Let us know if that is necessary.

In regards 22, see response above.

In regards to 23 and 24, conversation is ambiguous and requires subjective interpretation, viz., was information exchanged? Perhaps you should have used the word "contacts" or "communications". In any case, you have entirely ignored the other part of the response that includes an objection of asked and answered and references the form interrogatories responses and the document production. Please be more careful when writing me meet and confer letters to assure their completeness. Otherwise, I must assume you meet and confer in bad faith.

In regards to 25 and 26, plaintiff will attempt to provide a further response to this, although she would like a stipulation that you will allow her to amend her complaint first. Otherwise, the interrogatories are not calculated to lead to the discovery of admissible evidence. Let me know what you want to do.

In regards to demand 29, see response above.

In regards to demand 36, you misstate the demand. It did not seek all documents used in preparing responses to special interrogatories. It sought documents identified in the special interrogatories responses. As to these, we have produced those in the reasonable possession, custody or control of Ms. Carvalho. We continue to seek these documents, and will supplement our response if and when we locate them. Please be more careful when writing me meet and confer letters to assure their accuracy. Otherwise, I must assume that you meet and confer in bad

Letter to Frontino
May 29, 2007
Page Three

faith.

Please also take this as our request that Trans Union maintain any and all documents regarding the issues in dispute until such time as this matter is fully resolved.

If you have any question, do not hesitate to call.

Very truly yours,

Ron Bochner
RB

EXHIBIT B

1   STROOCK & STROOCK & LAVAN LLP
    JULIA B. STRICKLAND (State Bar No. 083013)
2   STEPHEN J. NEWMAN (State Bar No. 181570)
    BRIAN C. FRONTINO (State Bar No. 222032)
3   2029 Century Park East, Suite 1800
    Los Angeles, California  90067-3086
4   Telephone: 310-556-5800
    Facsimile: 310-556-5959
5
6   Attorneys for Defendant
     TRANSUNION LLC
7
8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                        FOR THE COUNTY OF MONTEREY
10
11  NOEMIA CARVALHO, on behalf of herself    )   Case No. M90093
    and other similarly situated people,     )
12                                           )
                Plaintiff,                    )   **FIRST SET OF REQUESTS FOR**
13                                           )   **PRODUCTION OF DOCUMENTS**
            vs.                              )   **PROPOUNDED BY DEFENDANT**
14                                           )   **TRANSUNION LLC TO PLAINTIFF**
    CREDIT CONSULTING SERVICES, INC. dba)   **NOEMIA CARVALHO**
15  CCS, EQUIFAX CREDIT INFORMATION          )
    SERVICES, LLC, EXPERIAN                  )   Action Filed: July 24, 2006
16  INFORMATION SOLUTIONS, INC. TRANS        )
    UNION LLC, and DOES 1-50, inclusive,     )   Trial Date:  None Set
17                                           )
                Defendants.                   )
18  _____)
19
20  **PROPOUNDING PARTY:**        **DEFENDANT TRANSUNION LLC**
21  **RESPONDING PARTY:**         **PLAINTIFF NOEMIA CARVALHO**
22  **SET NUMBER:**               **ONE**
23
24
25
26
27
28
                              **Exh. B - P. 5**

1    Pursuant to California Code of Civil Procedure Section 2031.010, defendant TransUnion

2   LLC hereby requests that plaintiff Noemia Carvalho respond to the following Requests for

3   Production (the "Requests") in writing and under oath, within thirty (30) days of the date of service

4   of the Requests.  The place for production shall be the offices of Stroock & Stroock & Lavan LLP,

5   2029 Century Park East, 16th Floor, Los Angeles, California 90067.

6                                             **DEFINITIONS**

7       The following definitions and instructions are incorporated by reference into each of the

8   Requests set forth below.

9       1.    The terms "YOU" and "YOUR" shall refer to plaintiff Noemia Carvalho, and her

10   employees, agents, attorneys, accountants and all other persons and entities representing and/or

11   acting or purporting to act on her behalf.

12      2.    The term "TRANSUNION" shall refer to defendant TransUnion LLC and its

13   parents, predecessors, successors, subsidiaries, assigns, affiliates, heirs, agents, former and present

14   employees, directors, officers, representatives, trustees and beneficiaries and all other persons

15   acting for or on its behalf.

16      3.    The term "CCS" shall refer to defendant Credit Consulting Services, Inc. and its

17   parents, predecessors, successors, subsidiaries, assigns, affiliates, heirs, agents, former and present

18   employees, directors, officers, representatives, trustees and beneficiaries and all other persons

19   acting for or on its behalf.

20      4.    The term "COMPLAINT" shall refer to the Class Action Complaint for Violation of

21   the California Consumer Credit Reporting Act filed by YOU on June 5, 2006.

22      5.    The term "COMMUNICATIONS" shall refer to any and all forms of information

23   exchanged, whether written, oral, by telephone, telex, modem, facsimile, or other mode of

24   transmission.

25      6.    The term "DOCUMENT" or "DOCUMENTS" means and includes, without

26   limitation, any writing or recording within the meaning and scope of California Evidence Code

27   Section 250, any written, recorded or graphic matter, whether produced, reproduced or stored on

28   paper, cards, tape, film, electronic facsimile, computer storage devices, memories, data cells or

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50347641v1                                  - 1 -

1   other media or data compilation from which information can be obtained, including originals,

2   copies (with or without notes or changes thereon) and drafts, including, but not limited to, papers,

3   books, letters, tangible things, correspondence, telegrams, cables, telex messages, memoranda,

4   notes, notations, work papers, transcripts, minutes, reports, recordings of telephone conversations,

5   or of interviews or of conferences, or other meetings, affidavits, statements, summaries, opinions,

6   reports, studies, analyses, evaluations, appraisals, estimates, projections, charts, schedules, work

7   sheets, proposals, contracts, agreements, statistical records, desk calendars, appointment books,

8   diaries, lists, tabulations, sound recordings, computer printouts, data processing output and input,

9   microfilms, photographs or negatives thereof, all other records kept by electronic, photographic or

10  mechanical means, and any or all matter or material attached or affixed to any of the above.

11                                    **INSTRUCTIONS**

12      1.      All DOCUMENTS within YOUR possession, custody or control are to be produced.

13      2.      If the production of any DOCUMENT or part thereof requested herein is withheld

14  on the basis of privilege, specifically state the grounds for the claim of privilege as to each such

15  DOCUMENT and identify each DOCUMENT in sufficient detail to permit the Court to adjudicate

16  the validity of the claim, by stating:

17          a.      the name of the author of the DOCUMENT or, if there is no author, the

18                  PERSON who caused the DOCUMENT to be prepared;

19          b.      the names of the addressees and of all recipients of copies of the

20                  DOCUMENT;

21          c.      the date the DOCUMENT bears or, if it bears no date, the date on which it

22                  was prepared or transmitted;

23          d.      the subject matter of the DOCUMENT; and

24          e.      the type of DOCUMENT (e.g., letter, memorandum, note, etc.).

25      Such information is to be produced in a log of the privileged DOCUMENTS within the

26  time limits imposed by Section 2031.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT
TRANSUNION          Exh. B - P. 7          CARVALHO

3. Notwithstanding any objections or claims of privilege in response to these Requests, all DOCUMENTS as to which a claim of privilege or objection has not been asserted shall be produced pending resolution of any dispute.

4. The written response to the Requests should consist of either a statement that YOU will comply with each separate Request, a statement that YOU lack the ability to comply or an objection to all or part of each separate Request.

## SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that, "[YOU] obtained medical treatment at a facility called Bayside Medical Group," as alleged in Paragraph 7 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that, "[YOU were] covered for treatment and all bills incurred therefor[e] by [YOUR] insurer, Blue Cross of California," as alleged in Paragraph 7 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that, "[i]n March of 2003, Bayside informed [YOU] that the bill had not been paid for these services," as alleged in Paragraph 7 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that, "[YOU] did some research and determined that Bayside had billed Blue Shield of California instead of Blue Cross for the medical treatment," as alleged in Paragraph 7 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that, "Bayside then assigned the debt to CCS and [YOU] began receiving debt collection notices from CCS," as alleged in Paragraph 7 of the COMPLAINT.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1 **REQUEST FOR PRODUCTION NO. 6:**

2 Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

3 "CCS and Does 1-25 contended money for the treatment received owed to them," as alleged in

4 Paragraph 7 of the COMPLAINT.

5 **REQUEST FOR PRODUCTION NO. 7:**

6 Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

7 "[b]eginning in September, 2004, [YOU] complained to CCS and each of the consumer reporting

8 agencies about this item's inclusion on [YOUR] consumer credit report," as alleged in Paragraph 7

9 of the COMPLAINT.

10 **REQUEST FOR PRODUCTION NO. 8:**

11 Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

12 "the derogatory item was not and has not been removed from [YOUR] consumer credit report," as

13 alleged in Paragraph 7 of the COMPLAINT.

14 **REQUEST FOR PRODUCTION NO. 9:**

15 Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

16 "Defendants failure to remove the item from [YOUR] consumer report as a result of lack of

17 compliance with the CCCRAA by failing to follow prescribed requirements for verifying consumer

18 disputes upon a consumer's request," as alleged in Paragraph 8 of the COMPLAINT.

19 **REQUEST FOR PRODUCTION NO. 10:**

20 Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

21 "[YOU] made such disputes to each of the consumer credit reporting agencies and that each failed

22 to provide a sufficient response to or properly investigate the dispute," as alleged in Paragraph 8 of

23 the COMPLAINT.

24 **REQUEST FOR PRODUCTION NO. 11:**

25 Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

26 "[YOU] made such requests to each of the consumer credit reporting agencies and that each failed

27 to provide a sufficient response to the request," as alleged in Paragraph 9 of the COMPLAINT.

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50347641v1

- 4 -

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT TRANSUNION

Exh. B - P. 9

A CARVALHO

1   **REQUEST FOR PRODUCTION NO. 12:**

2       Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

3 "defendants CCS and Does 1-25 have an obligation, in response to a reinvestigation inquiry from a

4 consumer credit reporting agency, to cooperate in and complete an investigation, Civil Code

5 section 1785.25(d) and that CCS and Does 1-25 have failed to do so, that if such reinvestigation

6 had been done the debt would have been disclosed as illegitimate," as alleged in Paragraph 10 of

7 the COMPLAINT.

8   **REQUEST FOR PRODUCTION NO. 13:**

9       Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

10 "CCA and Does 1-25 knew that the debt was illegitimate at the time the reinvestigation was done

11 and, therefore, their continuing reporting of the debt was a willful violation of the CCCRA," as

12 alleged in Paragraph 10 of the COMPLAINT.

13   **REQUEST FOR PRODUCTION NO. 14:**

14       Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

15 "consumer credit reporting agencies' reinvestigation procedures which, as presently constituted,

16 fail to comply with the CCCRA in that they fail meet [sic] with the requirements of that statute,

17 including, but not limited to the fact that they fail to allow for review and consideration of all

18 relevant information provided by the Consumer in the reinvestigation process," as alleged in

19 Paragraph 13 of the COMPLAINT.

20   **REQUEST FOR PRODUCTION NO. 15:**

21       Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

22 "consumer credit reporting agencies, who pursuant to the CCCRA requested, but did not receive,

23 an adequate description of the procedure used to determine the accuracy and completeness of the

24 disputed information," as alleged in Paragraph 15 of the COMPLAINT.

25   **REQUEST FOR PRODUCTION NO. 16:**

26       Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

27 "the class members' matters have been dealt with by the consumer credit reporting defendants in a

28 closely similar fashion to [YOUR] own," as alleged in Paragraph 15 of the COMPLAINT.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50347641v1       - 5 -
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT
TRANSUNION     **Exh. B - P. 10**     A CARVALHO

1    **REQUEST FOR PRODUCTION NO. 17:**

2         Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

3    "The claims of the representative Plaintiff are typical of those of the class and [YOU] will fairly

4    and adequately represent the interests of the class," as alleged in Paragraph 15 of the

5    COMPLAINT.

6    **REQUEST FOR PRODUCTION NO. 18:**

7         Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

8    "the Plaintiff classes are so numerous that the individual joinder of all members would be

9    impracticable," as alleged in Paragraph 18A of the COMPLAINT.

10   **REQUEST FOR PRODUCTION NO. 19:**

11        Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

12   "class membership in each class is in excess of 500," as alleged in Paragraph 18A of the

13   COMPLAINT.

14   **REQUEST FOR PRODUCTION NO. 20:**

15        Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

16   "[YOUR] claims are typical of the claims of the members of the Plaintiff Classes, as each was

17   subject to the improper reinvestigation and/or failure to adequately describe the reinvestigation

18   process as required by the CCCRA," as alleged in Paragraph 18C of the COMPLAINT.

19   **REQUEST FOR PRODUCTION NO. 21:**

20        Any and all DOCUMENTS that evidence, support, refer or relate to YOUR contention that,

21   "[YOU] and all members of the Plaintiff Classes have been injured, or are threatened with the

22   injury arising out of defendants' common course of conduct complained herein," as alleged in

23   Paragraph 18C of the COMPLAINT.

24   **REQUEST FOR PRODUCTION NO. 22:**

25        Any and all DOCUMENTS that support, refer or relate to the alleged damages that YOU

26   seek in this action, including the calculation of those damages.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT
TRANSUNION    Exh. B - P. 11    \ CARVALHO

1   **REQUEST FOR PRODUCTION NO. 23:**

2       Any and all correspondence YOU sent to Bayside Medical Group.

3   **REQUEST FOR PRODUCTION NO. 24:**

4       Any and all correspondence YOU received from Bayside Medical Group.

5   **REQUEST FOR PRODUCTION NO. 25:**

6       Any and all DOCUMENTS that evidence, refer or relate to YOUR health insurance policy

7   with Blue Cross of California that YOU allege was in effect when YOU received medical treatment

8   at Bayside Medical Group.

9   **REQUEST FOR PRODUCTION NO. 26:**

10      Any and all correspondence YOU sent to CCS in connection with the charges assessed to

11  YOU by Bayside Medical Group as alleged in the COMPLAINT.

12  **REQUEST FOR PRODUCTION NO. 27:**

13      Any and all correspondence YOU received from CCS in connection with the charges

14  assessed to YOU by Bayside Medical Group as alleged in the COMPLAINT.

15  **REQUEST FOR PRODUCTION NO. 26:**

16      Any and all correspondence YOU sent to Blue Cross of California in connection with the

17  charges assessed to YOU by Bayside Medical Group as alleged in the COMPLAINT.

18  **REQUEST FOR PRODUCTION NO. 27:**

19      Any and all correspondence YOU received from Blue Cross of California in connection

20  with the charges assessed to YOU by Bayside Medical Group as alleged in the COMPLAINT.

21  **REQUEST FOR PRODUCTION NO. 28:**

22      Any and all correspondence YOU sent to TransUnion regarding the matters set forth in the

23  COMPLAINT.

24  **REQUEST FOR PRODUCTION NO. 29:**

25      Any and all DOCUMENTS that evidence, refer or relate to any telephone calls YOU made

26  to TransUnion regarding the matters set forth in the COMPLAINT.

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50347641v1                                    - 7 -

1  **REQUEST FOR PRODUCTION NO. 30:**

2       Any and all DOCUMENTS that evidence, refer or relate to any and all of YOUR

3  applications for credit from June 2002 to the present.

4  **REQUEST FOR PRODUCTION NO. 31:**

5       Any and all DOCUMENTS that YOU received from TransUnion in connection with the

6  matters set forth in the COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 32:**

8       Any and all DOCUMENTS that refer or relate to communications from credit grantors or

9  potential grantors who denied YOUR application to extend credit to YOU.

10 **REQUEST FOR PRODUCTION NO. 33:**

11      Any and all DOCUMENTS that evidence, refer or relate to any adverse credit decision that

12 YOU suffered from as a result of TransUnion's conduct as alleged in the COMPLAINT.

13 **REQUEST FOR PRODUCTION NO. 34:**

14      Any and all "adverse action" letters ("adverse action" letters are those defined by 15 U.S.C.

15 § 1691(d)) YOU received from lenders with whom YOU applied for credit in the four years prior

16 to the filing of the COMPLAINT.

17 **REQUEST FOR PRODUCTION NO. 35:**

18      Any and all DOCUMENTS that evidence, refer or relate to YOUR applications for credit

19 where YOUR TransUnion credit report was reviewed by the credit grantor or potential credit

20 grantor in determining whether to grant YOU credit.

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

50347641v1

- 8 -

1

**REQUEST FOR PRODUCTION NO. 36:**

2

Any and all DOCUMENTS identified in YOUR responses to the accompanying Special

3

Interrogatories and Form Interrogatories propounded by TransUnion.

4

5

Dated:  February 7, 2007

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
STEPHEN J. NEWMAN
BRIAN C. FRONTINO

6

7

8

By: _____

9

Brian C. Frontino

Attorneys for Defendant
TRANSUNION LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086</div>

50347641v1

- 9 -

1

**PROOF OF SERVICE**

2     STATE OF CALIFORNIA          )
                                   )  ss
3     COUNTY OF LOS ANGELES        )

4

5          I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

6

7          On February 7, 2007, I served the foregoing document(s) described as: **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT TRANSUNION LLC TO PLAINTIFF NOEMIA CARVALHO** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9                          SEE ATTACHED SERVICE LIST

10

11    ☐    **(VIA PERSONAL SERVICE)** I caused to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

12    ☒    **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

13

14

15    ☐    **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

16

17    ☒    **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

18

19         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21         Executed on February 7, 2007, at Los Angeles, California.

22

23         Belinda Slack                          _Belinda Slack_
           [Type or Print Name]                   [Signature]

24

25

26

27

28

1

<u>SERVICE LIST</u>

2

LAW OFFICES OF RON BOCHNER                    **Via Overnight Mail**
Ron K. Bochner, Esq.

3

72 North Fifth Street, #15
P.O. Box 90566

4

San Jose, California  95109
Telephone:  (510) 272-0998

5

Facsimile:  (510) 338-4033

6

7

JONES DAY                                     **Via U.S. Mail**
Deanna L. Johnston, Esq.
555 California Street, 26th Floor

8

San Francisco, California  94104
Telephone:  (415) 626-3939

9

Facsimile:  (415) 875-5700
Email: dljohnston@jonesday.com

10

11

ELLIS, COLEMAN, POIRIER, et al.               **Via U.S. Mail**
Mark E. Ellis, Esq.

12

555 University Avenue, Suite 200
Sacramento, California 95825

13

Telephone:  (916) 283-8820
Facsimile:  (916) 283-8821

14

15

NOKES & QUINN                                 **Via U.S. Mail**
Thomas P. Quinn, Esq.

16

450 Ocean Avenue
Laguna Beach, California 92651

17

Telephone:  (949) 376-3055
Facsimile:  (949) 376-3070

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

1   LAW OFFICES OF RON BOCHNER
2   Ron K. Bochner - 160093
    2900 Gordon Avenue, Suite 100
3   Santa Clara, CA 95051
    (408) 735-7570
4
    ATTORNEY FOR PLAINTIFF
5

6

7               STATE OF CALIFORNIA SUPERIOR COURT

8                     MONTEREY COUNTY

9

10

11   NOEMIA CARVALHO, et al.,          Case No.  M80093

12          Plaintiff,

13   vs.                   PLAINTIFF'S RESPONSES TO DEMAND
                        FOR DOCUMENTS, SET ONE OF
14                         TRANSUNION LLC

15
    CREDIT CONSULTING SERVICES, INC.
16   dba CCS, et al.,

17

18          Defendants.

19   _____/

20   PROPOUNDING PARTY:   Defendant TRANSUNION LLC

21   RESPONDING PARTY:    Plaintiff NOEMIA CARVALHO

22   SET NUMBER:        ONE

23       NOEMIA CARVALHO (hereafter responding party), pursuant to Section 2031.010 of the

24   California Code of Civil Procedure, answers the Demand for Documents, Set One of defendant

25   TRANSUNION LLC  (hereafter propounding party) as follows:

26                    <u>General Objections</u>

       Responding party generally objects that she has not fully completed the investigation of

LAW OFFICE OF RON
BOCHNER
2900 Gordon Ave., Suite
100, Santa Clara, CA
95051 (408) 735-7570

                1

Exh. C - P. 17

the facts relating to this case. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, and changes and variations from the contentions herein set forth.

Responding party objects to each and every demand for inspection of documents to the extent each seeks information protected by the attorney-client privilege, by the attorney work product doctrine or by any other applicable privilege or doctrine and to the definition of the word "YOU" or "YOUR" to the extent it infringes on such privileges or protections.

Responding party objects that each request is invalid as each demand fails to request documents within a category described with reasonable particularity pursuant to Code of Civil Procedure section 2031.030(c)(1).

Responding party shall only produce such items as are not equally available to propounding party.

To the extent that responding party is able to respond, she will do so only upon propounding party's stipulation that responding party shall either review and copy the documents at responding party's attorney's office at 2900 Gordon Ave., Suite 100, Santa Clara, CA 95051 on an agreeable date, or alternatively, that propounding party shall pay, in advance, for all costs of copying and pick up or delivery, that production of other material items will be at a reasonable cost for their copying, that items that cannot be reproduced will be taken into custody by propounding party solely at its own expense and only upon its assumption of all responsibility for securing, and maintaining the security of, such items, and the production will otherwise conform only to the requirements of the Discovery Act.

## RESPONSES

1. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

2. Plaintiff objects that such documents are equally available to propounding party and, as such,

LAW OFFICE OF RON BOCHNER
2900 Gordon Ave., Suite 100, Santa Clara, CA 95051 (408) 735-7570

1   the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

2   such documents as are in her reasonable possession, custody or control.

3   3.  Plaintiff objects that such documents are equally available to propounding party and, as such,

4   the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

5   such documents as are in her reasonable possession, custody or control to propounding party.

6   4.  Plaintiff objects that such documents are equally available to propounding party and, as such,

7   the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

8   such documents as are in her reasonable possession, custody or control to propounding party.

9   5.  Plaintiff objects that such documents are equally available to propounding party and, as such,

10  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

11  such documents as are in her reasonable possession, custody or control to propounding party.

12  6.  Plaintiff objects that this demand is unintelligible, vague and ambiguous.  To the extent

13  propounding party seeks documents reflecting CCS billing plaintiff for services rendered by

14  Bayside, plaintiff further objects that such documents are equally available to propounding party

15  and, as such, the demand is unduly burdensome.  Notwithstanding this objection, plaintiff shall

16  produce such documents as are in her reasonable possession, custody or control.

17  7.  Plaintiff objects that such documents are equally available to propounding party and, as such,

18  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

19  such documents as are in her reasonable possession, custody or control to propounding party.

20  8.  Plaintiff objects that such documents are equally available to propounding party and, as such,

21  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

22  such documents as are in her reasonable possession, custody or control to propounding party.

23  9.  Plaintiff objects that such documents are equally available to propounding party and, as such,

24  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

25  such documents as are in her reasonable possession, custody or control to propounding party.

26  Plaintiff shall produce such documents as are in her reasonable possession, custody or control.

    10.  Plaintiff objects that such documents are equally available to propounding party and, as such,

LAW OFFICE OF RON
BOCHNER
2900 Gordon Ave., Suite
100, Santa Clara, CA
95051 (408) 735-7570

1  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

2  such documents as are in her reasonable possession, custody or control to propounding party.

3  11. Plaintiff objects that such documents are equally available to propounding party and, as such,

4  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

5  such documents as are in her reasonable possession, custody or control to propounding party.

6  12. Plaintiff objects that this demand appears to demand the text of legal statutes, which are

7  equally available to propounding party.  Plaintiff objects that other documents sought are equally

8  available to propounding party and, as such, the demand is unduly burdensome.  Notwithstanding

9  this objection, plaintiff has already produced such documents as are in her reasonable possession,

10  custody or control to propounding party.

11  13. Plaintiff objects that such documents are equally available to propounding party and, as such,

12  the demand is unduly burdensome.  Notwithstanding this objection, plaintiff has already produced

13  such documents as are in her reasonable possession, custody or control to propounding party.

14  14. Plaintiff objects that such documents are equally available to propounding party and, as such,

15  the demand is unduly burdensome.  Discovery is continuing.

16  15. Plaintiff objects that this demand is unintelligible, vague and ambiguous.  To the extent

17  propounding party seeks documents showing the failure to provide adequate response to a

18  consumer's demand for a statement regarding the reinvestigation, plaintiff objects that such

19  documents are equally available to propounding party and, as such, the demand is unduly

20  burdensome.  Notwithstanding this objection, plaintiff has already produced such documents as

21  are in her reasonable possession, custody or control to propounding party.

22  16. Plaintiff objects that such documents are equally available to propounding party and, as such,

23  the demand is unduly burdensome.  Discovery is continuing.

24  17. Plaintiff objects that such documents are equally available to propounding party and, as such,

25  the demand is unduly burdensome.  Discovery is continuing.

26  18. Plaintiff objects that such documents are equally available to propounding party and, as such,

the demand is unduly burdensome.  Discovery is continuing.

LAW OFFICE OF RON
BOCHNER
2900 Gordon Ave., Suite
100, Santa Clara, CA
95051 (408) 735-7570

4

Exh. C - P. 20

19. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Discovery is continuing.

20. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Discovery is continuing.

21. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Discovery is continuing.

22. Plaintiff shall produce such documents as are in her reasonable custody, possession or control.

23. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

24. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

25. Plaintiff objects that this demand is overbroad and unduly burdensome and invade her right to privacy. Notwithstanding these objections, plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

26. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

27. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

28. Plaintiff objects that such documents are equally available to propounding party and, as such, the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced such documents as are in her reasonable possession, custody or control to propounding party.

1  29. Plaintiff is unaware of any such documents.

2  30. Plaintiff objects that such documents are equally available to propounding party and, as such,

3  the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced

4  such documents as are in her reasonable possession, custody or control to propounding party.

5  31. Plaintiff objects that such documents are equally available to propounding party and, as such,

6  the demand is unduly burdensome. Notwithstanding this objection, plaintiff has already produced

7  such documents as are in her reasonable possession, custody or control to propounding party.

8  32. Plaintiff is unaware of any such documents.

9  33. Plaintiff shall produce any such documents as are in her reasonable possession, custody or

10  control to propounding party.

11  34. Plaintiff shall produce any such documents as are in her reasonable possession, custody or

12  control to propounding party.

13  35. Plaintiff shall produce any such documents as are in her reasonable possession, custody or

14  control to propounding party.

15  36. Plaintiff objects that this demand is overbroad, compound, conjunctive, harassing, an

16  improper use of the discovery statutes, and asked and answered. Moreover, there is no good

17  cause for this demand. The preceding 35 demands track the interrogatories already asked in this

18  matter and encompass them.

19

20  March ____, 2007.                          LAW OFFICE OF RON BOCHNER

21

22                                          BY _____
                                            RON K. BOCHNER
23                                          Attorney for Plaintiff
                                            Noemia Carvalho
24

25

26

LAW OFFICE OF RON BOCHNER
2900 Gordon Ave., Suite 100, Santa Clara, CA 95051 (408) 735-7570

Plaintiff's Response to Demand fo                **Exh. C - P. 22**

VERIFICATION

I have read the foregoing responses to defendant Transunion LLC's Form and Special

Interrogatories and Demand for Documents, Set One, know the contents thereof, and certify that

the same are true of my own knowledge.

I declare under the penalty of perjury of the laws of the State of California that the above

is true and correct.

Executed at _____Oakland_____, California on this 27 day

of March, 2007.


_Noemia Alves Carvalho_____
Noemia Carvalho

**PROOF OF SERVICE BY MAIL**

I, Ron Bochner declare as follows:

I am a citizen of the United States over the age of 18 years and not a party to this action. I am readily familiar with the  practice for collection and procession of correspondence for mailing with the United States Postal Service.

The document(s) and name and address of the person served as shown on the envelope(s) are set forth below.

On March 30, 2007 the envelope(s) were sealed and served as follows:

DOCUMENT SERVED:

PLAINTIFF CARVALHO'S RESPONSES TO TRANS UNION, LLC'S DEMAND FOR DOCUMENTS AND FORM AND SPECIAL INTERROGATORIES, SET ONE

Placed for First Class Mail with the United States Postal Service following ordinary business practice:

| | |
|---|---|
| Tracy Strong | Thomas P. Quinn |
| Jones Day | Nokes, Davis & Quinn |
| 555 California Street, 26th Floor | 450 Ocean Ave., 2nd Floor |
| San Francisco, CA 94104 | Laguna Beach, CA 92651 |
| | |
| Attorneys for Defendant Experian | Attorneys for Defendant Equifax |

Stephen Newman
Strook & Strook
2029 Century Park East
Los Angeles, CA 90067

Attorneys for Defendant Trans Union

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 30, 2007.

_____
Ron Bochner