```
LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>                    Defendants. | Case No.   5:08-cv-1317 JF<br><br>REPLY TO OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT<br><br>DATE:       June 20, 2008<br>TIME:       9:00 A.M.<br>DEPT.:      COURTROOM 3 |

**REPLY**

Defendant Equifax mischaracterizes plaintiff's remand motion. It says plaintiff moved "on the grounds that the controversy does not exceed $5 million as required by CAFA. Plaintiff claims no other deficiency in the removal." Opposition at 1:26-28. It does not support its Opposition with any Declaration or otherwise properly move evidence before the court.

**REPLY TO FACTS**

The gist of Equifax's Statement of Facts is that Ms. Carvalho testified at her deposition "that her damages, and the damages of each class member, may exceed $25,000 each." Opposition at 2:1-2. Curiously, there is no Declaration supporting the Opposition and none

1

founding the deposition pages attached to the Opposition.  In any case, and without waiver, the cited deposition transcript shows Ms. Carvalho never testified to any such thing.

Equifax also supports its Opposition by stating that since the Civil Case Cover Sheet shows the case is unlimited, the amount demanded exceeds $25,000.  $25,000 admittedly would not meet federal jurisdiction.  Moreover, a case may be unlimited for reasons other than the fact that it exceeds $25,000.  For instance, actions including equitable relief have jurisdiction in the unlimited courts.

**ARGUMENT**

I. **EQUIFAX HAS NOT MET ITS BURDEN TO REMOVE THIS CASE**

Removal statutes are to be construed restrictively, so as to limit removal jurisdiction.  Doubts as to removability are resolved in favor of remanding the case of the state court.  ***Shamrock Oil v. Sheets*** (1941) 313 US 100, 108-9; ***Gaus v. Miles, Inc.*** (9th Cir. 1992) 980 F2d 564, 566.

Equifax asserts "plaintiff does not dispute that Equifax has satisfied the numerosity or minimal diversity requirements.  Nor does she contend that any of the exceptions to jurisdiction under CAFA apply.  The only issue for the Court is whether there is $5 million in controversy."  Opposition at 6:7-10.  Plaintiff did not waive any establishing factors.  Equifax simply never even attempted to establish any of the elements of diversity, etc.  Before even getting to CAFA issues, the defendant has the burden to establish federal jurisdiction and to show that it has complied with the procedural requirements for removal.  ***California v. Dynegy*** (9th Cir. 2004) 375 F3d 831, 838.  There is a strong presumption against removal jurisdiction and courts will reject such jurisdiction "if there is any doubt as to the right of removal in the first instance.  ***Gaus, supra*** at 566.  Even if no objection is made to removal and even where there is stipulation to it, the district court must independently examine whether removal exists before deciding any issue on the merits.  ***Valdez v. Allstate*** (9th Cir. 2004) 372 F3d 1115, 1116; ***University of South Alabama v. American Tobacco*** (11th Cir. 1999) 168 F3d 405, 410-411.  Equifax, of course, does not even attempt to establish any of the founding factors, despite having a second bite at the apple to do it.  Moreover, Equifax provides no evidence to support its Opposition, instead merely attaching

2

portions of deposition transcripts. Based on these alone, and the restrictive interpretation to be given to removal motions, the case should be remanded. However, plaintiff will briefly address Equifax's arguments below.

Equifax relies on Ms. Carvalho's deposition transcript to found its removal, without providing the court any foundation for the transcript. This fails for two reasons.

28 USC 1446(b) provides:

(b) . . . .If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

First, Equifax relies on Ms. Carvalho's deposition as being an "other paper." Several courts have held that a deposition transcript is not an "other paper" for purposes of 28 USC 1446(b), see **Campos v. Housland**, 824 F.Supp. 100, 102 (SD TX 1993); **Rivers v. International Matex Tank**, 864 F.Supp 556 (ED LA 1994) because it is not a voluntary act of a plaintiff. The lack of voluntariness is shown by the objections Equifax deletes from its Opposition, but which are shown by the deposition transcript it attached to the Opposition and which plaintiff incorporates herein by reference to the extent the court takes the transcript into consideration at all.

Second, Ms. Carvalho did not testify that her or others damages were $25,000.00. Equifax asserts Carvalho testified $25,000 would not be "enough damages" to resolve her claim. She never so testified. Ms. Carvalho clearly testified that she "was not prepared to talk about money. This is not what I'm here for." Opposition at 5:15. She testified that neither $25,000, nor any amount of mere money, would resolve her claim. This would allow for the improper entry to remain on her report. It would not resolve her duty, as a class representative, to assure that each of the defendants modified their policies and practices to assure proper procedures are used in reinvestigation and explaining the reinvestigation, as required by the Fair Credit Reporting Act.

Contrary to Equifax's assertions, Ms. Carvalho did not testify that others damages were $25,000 or more either. Indeed, even after much badgering by Equifax's counsel, Ms. Carvalho

3

acknowledged she did not know what other members' damages were. She testified, rightly, that she did not know. Opposition at 5:23. Moreover, Equifax excises the objections, calls for speculation, vagueness and ambiguity, etc. made to its badgering conduct that led to that response, as shown by the deposition transcript attached to the Opposition. To the extent the court takes any regard of the transcript, plaintiff reasserts these objections by reference.

II. **AS ARGUED BY EQUIFAX, THE REMOVAL WAS UNTIMELY**

Equifax, while arguing the Civil Case Cover Sheet--filed and served at the origination of the case--shows the case exceeds $25,000 each for the alleged 500 members, still argues its removal was timely. Opposition at 2:22-24. This is contradictory.

Equifax asserts that Ms. Carvalho made a settlement demand of $25,000 and this indicates the value of her case. It acknowledges the date of that letter was February of 2006. Opposition at 3:18-19. Assuming (and it is a very bad assumption), as Equifax appears to, that this indicates the value for each member of the class, it did not move for removal until over a year later and hence is untimely in this regard as well.

Equifax seems to have dropped its assertion in the removal papers that punitive damages exceed $5,000,000. See paras. 17 and 18 of Notice of Removal. It would have known this as much before Ms. Carvalho's deposition as after it.

III. **EQUIFAX WAIVED REMOVAL/ TRANS UNION'S OPPOSITION IS UNTIMELY AND FRIVOLOUS**

Defendant Trans Union, LLC also filed an Opposition, but it was untimely. It seems to assert that plaintiff waived any right to challenge jurisdiction due to the existence of certain letters regarding subpoenas and motions. No authority for any waiver arising therefrom is provided by Trans Union and it appears its Opposition is totally lacking in merit.

On the other hand, Equifax and the other defendants have proceeded with the case for over a year, engaging in a plenitude of acts constituting substantial defensive action during that time, including obtaining a continuance of the trial date. These acts appear to constitute a waiver of the right to remove by the defense. *Yusefzadeh v. Nelson, Mullins* (11th Cir. 2004) 365 F3d 1244, 1246; *Chicago Title & Trust v. Whitney Stores* (ND Il 1984) 583 F.Supp. 575, 577.

## IV. EXPERIAN'S JOINDER IS UNTIMELY

On June 4, 2008, Experian sought to join in Equifax's Opposition.  Such joinder appears to be untimely.  Only Equifax sought and received an extension to file, but they filed an Opposition, the very Opposition Experian seeks to join in, on May 30, 2008.

## V. PLAINTIFF HAS INCURRED ADDITIONAL FEES IN DEALING WITH THIS MATTER

As stated before, and not responded to by Equifax, unless a defendant shows an objectively reasonable basis for seeking removal, costs and expenses should be awarded.  ***Martin v. Franklin Capital*** (2005) 126 S.Ct. 704, 708.

During the time between the notice of removal was filed and the present, as well as the fees and costs set forth in the Motion to Remand, plaintiff has incurred the following additional fees and costs solely due to federal jurisdiction: Reviewing the Opposition and researching and drafting this Reply. 8 hours.  Addressing Rule 26 issues, including review of the law and preparing for teleconference with all counsel.   3 hours.  Drafting the Stipulation to Continue the Initial Case Management so as to await the court's ruling on the Remand motion. 1.0 hours.   This amounts to an additional 12 hours at the rate of the undersigned's hourly rate is $375.00.  Therefore, in addition to the $7,500.00, plaintiff seeks an additional $4,500 for a grand total of $12,000 per 28 USC section 1447(c) and/or Rule 11 as set forth in the accompanying Declaration of Ron Bochner against Equifax and its counsel, jointly and severally.

Plaintiff requests sanctions against Trans Union, LLC and its counsel for joinder in Equifax's improper Removal and for its frivolous Opposition.  Plaintiff counsel expended one hour reviewing, researching and replying to Trans Union's Opposition.  Therefore, plaintiff requests $375.00 from Trans Union, LLC and its counsel of record, jointly and severally.

Plaintiff requests sanctions against Experian Information Solutions, Inc. and its counsel for its joinder and the untimely nature of it.  Plaintiff expended 15 minutes reviewing Experian's Joinder and researching the law.  Therefore, plaintiff requests $93.75 from Experian and its counsel of record, jointly and severally.

//

**CONCLUSION**

The case should be remanded to the Monterey County Superior Court and attorney's fees and costs awarded to plaintiff.

June 6, 2008                    LAW OFFICE OF RON BOCHNER


                                BY _____
                                RON K. BOCHNER
                                Attorney for Plaintiff
                                NOEMIA CARVALHO