```
LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>　　　　　　　Defendants. | Case No.   5:08-cv-1317 JF<br><br>DECLARATION OF RON BOCHNER IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT<br><br>DATE:　　June 20, 2008<br>TIME:　　9:00 A.M.<br>DEPT.:　　COURTROOM 3 |

I, Ron Bochner, declare as follows:

1. Defendant Equifax mischaracterizes plaintiff's remand motion. It says plaintiff moved "on the grounds that the controversy does not exceed $5 million as required by CAFA. Plaintiff claims no other deficiency in the removal." Opposition at 1:26-28. It does not support its Opposition with any Declaration or otherwise properly move evidence before the court.

2. The gist of Equifax's Statement of Facts is that Ms. Carvalho testified at her deposition "that her damages, and the damages of each class member, may exceed $25,000 each." Opposition at 2:1-2. Curiously, there is no Declaration supporting the Opposition and none founding the

1 deposition pages attached to the Opposition. In any case, and without waiver, the cited
2 deposition transcript shows Ms. Carvalho never testified to any such thing.

3 3. The lack of voluntariness of the deposition as an "other paper" is shown by the objections Equifax deletes from its Opposition, but which are shown by the deposition transcript it attached to the Opposition and which plaintiff incorporates herein by reference to the extent the court takes the transcript into consideration at all.

4. Ms. Carvalho did not testify that her or others damages were $25,000.00. Ms. Carvalho clearly testified that she "was not prepared to talk about money. This is not what I'm here for." Opposition at 5:15. She testified that $25,000, nor any amount of mere money, would resolve her claim. This would allow for the improper entry to remain on her report. It would not resolve her duty, as a class representative, to assure that each of the defendants modified their policies and practices to assure proper procedures are used in reinvestigation and explaining the reinvestigation, as required by the Fair Credit Reporting Act. To the extent the court considers the deposition transcript of Carvalho attached to Equifax's Opposition, plaintiff incorporates those portions plaintiff cites as true and accurate.

5. Contrary to Equifax's assertions, Ms. Carvalho did not testify that others damages were $25,000 or more either. Indeed, even after much badgering by Equifax's counsel, Ms. Carvalho acknowledged she did not know what other members' damages were. She testified, rightly, that she did not know. Opposition at 5:23. Moreover, Equifax excises the objections, calls for speculation, vagueness and ambiguity, etc. made to its badgering conduct that led to that response, as shown by the deposition transcript attached to the Opposition. To the extent the court considers the deposition transcript of Carvalho attached to Equifax's Opposition, plaintiff incorporates those portions plaintiff cites as true and accurate.

6. Equifax asserts that Ms. Carvalho made a settlement demand of $25,000 and this indicates the value of her case. It acknowledges, and is correct in asserting, the date of that letter I sent was February of 2006.

7. Equifax and the other defendants have proceeded with the case for over a year, engaging in a plenitude of acts constituting substantial defensive action during that time, including obtaining a continuance of the trial date.

8. During the time between the notice of removal was filed and the present, as well as the fees and costs set forth in the Motion to Remand, plaintiff has incurred the following additional fees and costs solely due to federal jurisdiction: Reviewing the Opposition and researching and drafting this Reply. 8 hours. Addressing Rule 26 issues, including review of the law and preparing for teleconference with all counsel. 3 hours. Drafting the Stipulation to Continue the Initial Case Management so as to await the court's ruling on the Remand motion. 1.0 hours. This amounts to an additional 12 hours at the rate of the undersigned's hourly rate is $375.00. Therefore, in addition to the $7,500.00, plaintiff seeks an additional $4,500 for a grand total of $12,000 per 28 USC section 1447(c) and/or Rule 11 as set forth in the accompanying Declaration of Ron Bochner against Equifax and its counsel, jointly and severally.

9. Plaintiff requests sanctions against counsel for Trans Union for its joinder in Equifax's improper Removal and for its frivolous Opposition. Plaintiff expended one hour reviewing, researching and replying to Trans Union's Opposition. Therefore, plaintiff requests $375.00 from Trans Union, LLC and its counsel of record, jointly and severally.

10. Plaintiff requests sanctions against Experian Information Solutions, Inc. and its counsel for its joinder and the untimely nature of it. Plaintiff expended 15 minutes reviewing Experian's Joinder and researching the law. Therefore, plaintiff requests $93.75 from Experian and its counsel of record, jointly and severally.

    I declare under the penalty of perjury that the above is true and correct.

    Executed at the City and County of Santa Clara this 6th day of June, 2008.

BY _____
RON K. BOCHNER