LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>    Defendants. | Case No.  5:08-cv-1317 JF<br><br>OBJECTION TO RULE 26 DISCLOSURE; DECLARATION OF RON BOCHNER RE CASE MANAGEMENT CONFERENCE STATEMENT; NON-COOPERATION<br><br>DATE:   June 27, 2008<br>TIME:   9:00 A.M.<br>DEPT.:  COURTROOM 3 |

    Plaintiff Carvalho objects to Rule 26 disclosures on the basis that a Motion to Remand is pending and the court's jurisdiction on this matter is not clear.  This is particularly prudent since Trans Union has raised the issue that participation in federal processes prior to determination of remand may waive the right to seek remand.  Plaintiff hopes she has not waived the right to remand by filing the instant paper, but feels it is necessary to set the matter straight.  Plaintiff shall promptly attempt to meet and confer and file a Joint Case Management Statement once the

//
//
//

1

1 | court has determined the jurisdiction issue.
2 |
3 | June 18, 2008                               LAW OFFICE OF RON BOCHNER
4 |
5 |
6 |                                              BY _____
  |                                              RON K. BOCHNER
7 |                                              Attorney for Plaintiff
  |                                              NOEMIA CARVALHO
8 |
9 |
10 |
...
26 |

## DECLARATION OF RON BOCHNER

I, Ron Bochner, declare as follows:

On May 30, 2008, counsel for plaintiff, Experian and Trans Union met and conferred per Rule 26. They all agreed to stipulate to put the CMCS and all pertinent dates off until after Plaintiff's Motion to Remand to was heard. Equifax did not participate.

Subsequently, Equifax also so agreed, but further subsequently, only if Rule 26 disclosures were "issued." Plaintiff thought this insistence inappropriate and so advised Equifax.

On June 13, 2008, Equifax alone circulated a draft JCMCS, requesting plaintiff's input. Plaintiff responded that since the jurisdictional issue had not been determined, it was inappropriate to set dates, etc. Equifax did not respond.

On the date the JCMCS was due, Defendant Equifax circulated a draft JCMCS. Plaintiff responded as set forth in Mr. Perling's Declaration 6:12-16. Equifax did not respond to plaintiff's email.

On the date the JCMCS was due, Defendant Experian emailed plaintiff counsel at approximately 3:30 p.m. I was traveling that day and responded to Experian's email when I first saw it, at approximately 4:56 p.m., citing the language I had provided to Equifax.

Experian did not respond to the email, but instead went ahead and filed the JCMCS and Declarations at approximately 5:41 p.m.

I declare under penalty of perjury that the above is true and correct.

Executed at the City and County of Santa Clara this 18th day of June, 2008.


BY _____
RON K. BOCHNER