```
LAW OFFICES OF RON BOCHNER
Ron K. Bochner, #160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO,<br><br>    Plaintiff,<br><br>    vs.<br><br>EQUIFAX CREDIT INFORMATION<br>SERVICES, LLC, et al.<br><br>    Defendants. | Case No.: CO7-01317 JF<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>DATE:  June 27, 2008<br>TIME:  10:30 A.M.<br>Dept.:  COURTROOM 3<br>Judge:  Hon. Jeremy Fogel |

Plaintiff in the above-entitled action submits this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. The filing of this Statement is not intended to waive jurisdictional issues.

DESCRIPTION OF THE CASE

1. <u>Jurisdiction and Service:</u>  Unclear. Plaintiff's claims are currently under the California Consumer Credit Reporting Act (CCCRA). The matter was removed by defendant Equifax pursuant to the Class Action Fairness Act, suggesting the amount in controversy exceeded $5,000,000. A Motion to Remand was filed. The Remand Motion was heard on June 20, 2008 and taken under submission.

2.   Facts:

Plaintiff's Statement:  Plaintiff disputed an entry on her credit report.  She supplied a multitude of documents in support of her dispute and otherwise met all requirements for properly disputing the entry.  Yet the entry was not, and to plaintiff's knowledge, has not been, removed.

This being the case, plaintiff requested a description of the investigation performed.  In response, Defendants provided a boilerplate recitation of their statutory duties, not a description of what they had actually done to investigate her disputes.

3.   Legal Issues:

Plaintiff's Statement:  Defendants, by and through their Consumer Dispute Verification method for reinvestigating consumer disputes, and otherwise, failed and fail to fulfill the CCCRA's requirement that such investigations consider all consumer information and otherwise be reasonable, per California Civil Code section 1785.16(b).  They also violate the CCCRA's requirement that a description of the investigation be provided upon request.  Civil Code section 1785.16(d)(4).  Plaintiff contends such acts are, and continue to be, non-compliant.  Plaintiff contends that defendants failure to comply is done on a routine and common basis and in a willful manner, requiring, as to the class, an injunction under Civil Code section 1785.31(b) and statutory damages under 1785.31(a)(2) and/or (c).

4.   Motions:

Plaintiff:  None at this time.  Expect Class Certification.  Thereafter, Summary Judgment.

5.   Amendment of Pleadings:

Plaintiff:  None.

6.   Evidence Preservation:  Plaintiff has provided all documents in any way relating to her complaint.

7.   Disclosures:  Due to Equifax's Motion to Remand, the parties, save Equifax, met and conferred and agreed to stipulate to continue all Rule 26 dates to such time as the Motion to Remand was determined.  Equifax also subsequently agreed, but then decided it would not do so stipulate unless Rule 26A disclosures were "issued."   Plaintiff has objected, pursuant to Rule 26, because the jurisdictional issue has not been determined and requiring such disclosures without

knowing of the court's jurisdiction is wasteful of resources. In any case, as is shown by defendant's disclosures, substantial discovery and document exchange has taken place and plaintiff does not believe there are any pertinent documents of plaintiff's that defendants do not have access to. Moreover, a federal court protective order should issue before any further disclosures are made.

8. <u>Discovery</u>:

<u>Plaintiff's Statement</u>: This is a complex case. Plaintiff expects several depositions may need to take place. If the court takes jurisdiction of this matter, the plaintiff requests the court's input on whether discovery should be limited to certification issues vs. merits based issues or not. Plaintiff may also require the court's assistance on obtaining access to defendants' data bases, as defendants have more or less asserted that they have difficulty in determining the exact number of class members.

<u>Initial Discovery</u>: Has been completed. Several depositions and further refinement of class issues may be necessary.

Each deposition limited to 4 hours, unless extended by agreement.

Reports of retained experts under Rule 26(a)(2) due: To Be Determined.

Supplemental responses under Rule 26(e) due: To Be Determined.

<u>9</u>.      <u>Class Actions</u>: Depending on cooperation of defendants, a certification motion should be filed before year's end.

10.     <u>Related Cases</u>: None.

11.     <u>Relief</u>: The class seeks statutory/willful damages, exact amount unknown, and injunctive relief. Ms. Carvalho has suffered actual and other damages, but does not seek them as part of the class action, unless the court mandates otherwise.

12.     <u>Settlement and ADR</u>: The parties have not met and conferred and plaintiff suggests it is imprudent to do so until the jurisdictional issues are determined.

13.     <u>Consent to Magistrate for All Purposes</u>: No.

14.     <u>References</u>: None.

15.     <u>Narrowing of Issues</u>: None at this time.

16. <u>Expedited Schedule</u>:  Dependent upon certification.  Likely if case is not certified, it will be remanded, so improvident to set trial date.

17. <u>Scheduling</u>:  See 16. above.  Nor should expert designations be mandated, no discovery cut off, etc. until certification is determined.

18. <u>Trial</u>:  Jury.

Plaintiff:  21 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff and Defendant have complied.

OTHER MATTERS

<u>Plaintiff's Statement</u>:

Plaintiff requests a conference with the court before entry of the scheduling order.

Plaintiff should be allowed to amend pleadings until after the initial discovery is complete.

Settlement cannot be evaluated prior to the time the initial discovery is complete.

DATED: _____, 2008        LAW OFFICE OR RON BOCHNER

By:_____
Ron Bochner

Attorneys for Plaintiff Carvalho and Putative Class

CASE MANGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition the Court orders:

Dated: _____, 2008    _____
                                                                    Judge
                                                                    United States District Court