**E-Filed 7/7/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, ET AL.,<br><br>　　　　　Defendant. | Case Number C 08-1317 JF (HRL)<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR REMAND<br><br>[re: docket no. 12] |

　　Plaintiff Noemia Carvalho ("Carvalho") moves to remand the instant action to the Monterey Superior Court. Defendant Equifax Information Services, LLC ("Equifax") opposes the motion. The Court heard oral argument on June 20, 2008. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

　　On November 20, 2006, Carvalho filed the instant class-action suit in the Monterey Superior Court naming as defendants Credit Consulting Services ("CCS"), Equifax Credit

---

[1] This disposition is not designated for publication in the official reports.

Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Does 1–50 (collectively, "Defendants"). Carvalho alleges violations of Cal. Civ. Code §§ 1785.16 and 1785.25, which require consumer credit reporting agencies to investigate disputed information and to cooperate in response to a consumer's re-investigation inquiries. Carvalho filed her suit on behalf of two putative classes of California consumers, and she alleges two claims for relief. The first class is comprised of at least five hundred consumers seeking injunctive relief with respect to Defendants' re-investigation procedures, which allegedly do not comply with the California Consumer Credit Reporting Act ("CCCRA"). The second class is comprised of at least five hundred consumers who allegedly did not receive an adequate description of the procedure used by Defendants to determine the accuracy and completeness of disputed information on a consumer's credit report. The first claim for relief seeks an injunction against Equifax, Experian, Trans Union, and Does 20–50; it alleges knowing and intentional violations of Cal. Civ. Code § 1785.31(b), which provides for re-investigations and sets forth requirements for such re-investigations. The second claim for relief asserts that CCS and Does 1–25 have violated the CCCRA.

On March 7, 2008, Equifax removed the action to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In its Notice of Removal, Equifax stated the following: the action was unremovable at the time of filing because the complaint did not specify an amount of damages sought. On February 6, 2008, Carvalho testified at her deposition that a settlement in the amount of $25,000 would be insufficient both for her individually and for each member of the two putative classes. Equifax subsequently concluded that the case was removable because Carvalho's testimony established that the amount in controversy satisfied the jurisdictional requirements of 28 U.S.C. § 1332(d)(2). Equifax based its conclusion on the fact that an award of $25,000 for five hundred putative class members would result in a total of $12.5 million, which exceeds the $5 million required by § 1332(d)(2).

On April 7, 2008, Carvalho filed the instant motion for remand. She argues that her deposition testimony does not establish that the amount in controversy exceeds $5 million, that under § 1332(a) at least one putative class member's claim must exceed $75,000, that removal

was untimely, and that Equifax waived its right to remove by engaging in substantial defensive acts in the state court.

## II. LEGAL STANDARD

The Class Action Fairness Act of 2005 ("CAFA") amended the laws governing class actions, including the removability of such actions to federal court. Pub. L. 109-2, 119 Stat. 4 (2005). Under 28 U.S.C. § 1453(b), "a class action may be removed to a district court of the United States in accordance with section 1446 . . . except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). In turn, § 1446(b) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may be first ascertained that the case is one which is or has become removable . . . ." *Id.* at § 1446(b). For a case to be removable under this provision, minimal diversity must exist between parties, the putative class must be comprised of at least one hundred members, and the aggregate amount in controversy must exceed $5 million. *Id.* at §§ 1332(d)(2), (5), (6).

Ninth Circuit case law requires defendants to establish federal jurisdiction over cases removed from state court. *Abrego Abrego v. Dow Chemical*, 443 F.3d 676, 682–83 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Although CAFA amended a number of statutes governing class actions, these amendments did not alter a removing defendant's burden to establish federal jurisdiction. *Id.* at 686.

## III. DISCUSSION

**A. Aggregate Amount in Controversy**

In cases "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Id.* at 683 (citing *Gaus*, 980 F.2d at 566–67). Here, Equifax argues that Carvalho's deposition testimony establishes that more than $5 million is in controversy. At the deposition, counsel for Equifax posed the following question: "Even $25,000 apiece would not be enough for you to settle—to resolve the damages on behalf of the

3

persons that are similarly situated?" Although her counsel objected to the question, Carvalho answered affirmatively.

Carvalho contends that neither the original complaint nor her deposition testimony supports Equifax's contention that the requisite amount in controversy has been established. She explains that she could not agree to settle her claim for $25,000 or any other amount not because that sum is insufficient but because she is seeking injunctive relief on behalf of an entire class of consumers.

Notwithstanding this explanation, the Court concludes that Carvalho's testimony that she would refuse a settlement of "even $25,000 apiece" is sufficient to establish the amount in controversy. Because Plaintiff asserts that each putative class contains at least five hundred members, simple arithmetic yields $12.5 million as the amount in controversy for each putative class.

**B. Individual Amount in Controversy**

Carvalho next asserts that even under CAFA, at least one individual's claim must exceed $75,000. Relying on *Abrego Abrego*, she argues that Equifax has not established that any individual claim exceeds this threshold. Motion to Remand at 2. However, the instant case is distinguishable from *Abrego Abrego* because it was pled and removed as a *class* action rather than a *mass* action.[2] Accordingly, Equifax is not required to show that any individual claims exceed $75,000 in value.

**C. Timeliness of Removal**

Pursuant to § 1446(b), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

---

[2]As amended by CAFA, 28 U.S.C. § 1332 provides for two types of class-action suits: traditional class actions and mass actions. See §§ 1332(d)(2)–(10), 1332(d)(11). A plain reading of § 1332(d)(11)(B)(i) indicates that traditional class actions are not subject to the provisions of § 1332(a).

4

1  Carvalho asserts that Equifax had notice that the instant action was removable when the
2  complaint was filed in November 2006. Well before the action was filed, Carvalho sent Equifax
3  a settlement demand of $25,000, a document referenced by Equifax during Carvalho's
4  deposition. Carvalho argues that if Equifax assumes that her claim is typical of that of class
5  members, as it does in its calculation of the amount in controversy, it should have known that
6  this action was removable from the start. Carvalho also asserts that deposition testimony does
7  not qualify as "other paper" for the purpose of ascertaining the timeliness of removal.

8      Equifax contends that because the original complaint did not contain a specific claim for
9  damages, removability first was ascertained at Carvalho's February 2008 deposition. It argues
10 that because the pre-suit settlement demand was no longer operative after Carvalho filed the
11 class-action lawsuit, Carvalho would have moved to remand had Equifax removed the action in
12 November 2006.

13     Equifax's position is supported by Ninth Circuit case law. A "notice of removability
14 under § 1446(b) is determined through examination of the four corners of the applicable
15 pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v.*
16 *Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). In November 2006, Equifax did
17 not know that the instant case was removable because Carvalho had not claimed a specific
18 amount of damages. Because federal law disfavors premature removal, remand would have been
19 likely. *See Abrego Abrego*, 443 F.3d at 691–92 (citing *Harris*, 425 F.3d at 698).

20     The record also supports Equifax's argument that until Carvalho's deposition in February
21 2008, Equifax had no jurisdictional basis for removal. Contrary to Carvalho's assertion, Ninth
22 Circuit case law does allow discovery responses to serve as "other paper" to ascertain
23 removability pursuant to § 1446(b). *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247,
24 1251 (9th Cir. 2006) (interrogatory responses established removability). The transcript of
25 Carvalho's deposition provides a reasonable basis for concluding that the amount in controversy
26 in this case exceeds $5 million. Because Equifax removed within thirty days following the date
27 of the deposition, the Notice of Removal was timely.

28

**D. Defendant's Waiver of Right to Remove**

A defendant may waive the right to remove to federal court where, *after it is apparent that the case is removable*, it takes actions in state court that manifest its intent to have the matter adjudicated there and to abandon its right to a federal forum. *Resolution Trust Corp., v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1995) (holding that defendant's petition for rehearing filed in state court on the same date as the notice of removal did not waive defendant's right to remove). However, the Ninth Circuit has found that "'a waiver of the right of removal must be clear and unequivocal'" and that "in general, 'the right of removal is not lost by action in the state court short of adjudication on the merits.'" *Id.* (citing *Beighley v. F.D.I.C.*, 868 F.2d 776, 782 (5th Cir. 1989)).

Carvalho claims that Equifax waived its right to removal by failing to remove for more than a year after her complaint was filed. However, the record indicates that the parties did not make significant progress toward trial prior to removal. The state court sustained without leave to amend a demurrer filed by Defendant Credit Consulting Services on February 20, 2007, and the remaining parties then participated in case management conferences and engaged in discovery disputes. As discussed above, removability first was ascertainable in February 2008; Equifax subsequently did not engage in any conduct that manifested its intent to remain in state court. Accordingly, the Court concludes that Equifax did not waive its right to remove.

**E. Request for Attorneys' Fees and Costs.**

Carvalho requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) or, alternatively, Fed. R. Civ. P. 11. When a motion for remand is granted, the Court has discretion to order the defendant to pay the plaintiff its "just costs and any actual expenses . . . incurred as a result of the removal." 28 U.S.C. 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Because the Court concludes that removal of this action was proper, Carvalho's request for attorneys' fees and costs will be denied as moot.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for remand is DENIED.

DATED: 7/7/08

_____
JEREMY FOGEL
United States District Judge

Case No. C 08-1317 JF (HRL)
ORDER DENYING PLAINTIFF'S MOTION FOR REMAND
(JFEX2)

1  This Order has been served upon the following persons:

2  Ron Keith Bochner     robolaw@justice.com

3  Kelli A. Crouch     kcrouch@jonesday.com, lfrancegorn@jonesday.com

4  Brian C. Frontino     bfrontino@stroock.com, lacalendar@stroock.com

5  Barry Goheen     bgoheen@kslaw.com, speltier@kslaw.com

6  Deanna L. Johnston     dljohnston@jonesday.com, kdorse@jonesday.com, pwalter@jonesday.com

7

8  Suzanne Cate Jones     scjones@jonesday.com, iramirez@jonesday.com

   Stephen Julian Newman     SNEWMAN@STROOCK.COM, lacalendar@stroock.com,
9  rharcourt@stroock.com, snewman8@yahoo.com

10  Lewis P. Perling     lperling@kslaw.com, speltier@kslaw.com

11  Thomas P. Quinn     yhoman@nokesquinn.com, tquinn@nokesquinn.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case No. C 08-1317 JF (HRL)
ORDER DENYING PLAINTIFF'S MOTION FOR REMAND
(JFEX2)