LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DIVISION OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, et al., | Case No.  C 08-1317 JF (HRL) |
| Plaintiff, | DECLARATION OF EVAN HENDRICKS IN SUPPORT OF MOTION TO CERTIFY CLASS ACTION |
| vs. | |
| CREDIT CONSULTING SERVICES, INC. dba CCS, et al., | |
| Defendants. | DATE:<br>TIME:<br>DEPT.: |
| _____/ | |

I, Evan D. Hendricks, declare as follows:

1.  I have been requested to consult as an expert in this matter, generally, on the issues of the reinvestigation policies and processes of the big three consumer credit reporting agencies, Experian Information Solutions, Inc. ("Experian"), Equifax Credit Information Services, Inc, Equifax, Inc. ("Equifax") and Trans Union, LLC ("TU"), collectively referred to as the credit reporting agencies or the CRAs.

2. I am an expert in the area of credit reporting. My professional experience in this area is as follows.

3. Since 1981, I have been Editor/Publisher of Privacy Times, a biweekly, Washington-based newsletter that reports on privacy and information law, including the Fair Credit Reporting Act (FCRA). The newsletter ranges from 8-12 pages, 23 issues per year. Thus, I have researched, written, edited and published many articles on Congressional and State legislative actions, judicial opinions, industry trends and actions, executive branch policies and consumer news as they relate to the Fair Credit Reporting Act.

4. From 1992 to the present, I have been qualified by the federal courts in the Fair Credit Reporting Act (FCRA) and identity theft cases, see below. The FCRA is the federal statutory equivalent of the California Consumer Credit Reporting Agencies Act (CCRAA). Most of the provisions of the FCRA are the same as the CCRAA.

5. I have read extensive deposition testimony by credit bureau and credit grantor personnel for each of the CRAs. This is significant because consumer reporting agencies and credit grantors do not openly discuss or publish information on their procedures and practices for handling personal data, and the best (and possibly only) sources for finding candid descriptions of CRAs' and credit grantors' procedures and practices in relation to credit reporting data are the depositions of CRA and credit grantor employees in credit reporting litigation.

6. From 1998 to the present, I have been a Privacy Expert Consultant for the U.S. Social Security Administration, regularly reviewing policies and practices in relation to the collection, use and disclosure of personal data and Social Security numbers and provide feedback and recommendations.

7. From 2002 to 2004, I was a member of the, Experian Consumer Advisory Council, providing an outsider's view on credit reporting, marketing and other privacy issues.

8. From July to October 2002, I acted as a Consultant to U.S. Postal Service, working with the USPS's Chief Privacy Officer in reviewing and editing the re-write of the USPS's Privacy Act notices, with an emphasis on "Plain English."

9. I have testified before the Congress and the Federal Trade Commission on privacy issues as follows:

"Credit Reports: Consumers' Ability to Dispute and Change Information," House Financial Services Committee, June 19, 2007.

"Privacy in the Commercial World II," House Energy & Commerce Subcommittee On Commerce, Trade, and Consumer Protection, June 20, 2006, link: http://energycommerce.house.gov/108/Hearings/06202006hearing1938/Hendricks.pdf;

"Financial Data Protection Act of 2005," House Financial Services Subcommittee on Financial Institutions and Consumer Credit, November 9, 2005; link: http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=425;

"Credit Card Data Processing: How Secure Is It?" House Financial Services Subcommittee on Oversight and Investigations, July 21, 2005, link: http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=407;

"Identity Theft: Recent Developments Involving the Security of Sensitive Consumer Information," Senate Banking Committee, March 15, 2005, link: http://banking.senate.gov/index.cfm?Fuseaction=Hearings.Detail&HearingID=144;

"The Accuracy of Credit Report Information and the Fair Credit Reporting Act;" Senate Banking Committee, July 10, 2003, link: http://banking.senate.gov/03_07hrg/071003/index.htm;

"The Role of FCRA in the Credit Granting Process," House Financial Services Subcommittee on Financial Institutions & Consumer Credit, June 12, 2003, link: http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=229;

"Database Security: Finding Out When Your Information Has Been Compromised," Senate Judiciary Subcommittee on Technology, Terrorism and Government Information, Nov. 4, 2003, link: http://judiciary.senate.gov/testimony.cfm?id=983&wit_id=2790;

"Fighting Fraud: Improving Information Security," House Financial Services

Subcommittee on Financial Institutions & Consumer Credit, and Oversight, April 3, 2003, link: http://financialservices.house.gov/hearings.asp?formmode=detail&hearing=202;

"Information Flows: The Costs and Benefits to Consumers and Businesses of The Collection and Use of Consumer Information," Federal Trade Commission, National Workshop, June 18, 2003.

10. I have written the following books:

Credit Scores and Credit Reports: How The System Really Works, What You Can Do [3rd Edition] (Privacy Times, 2007);

Your Right To Privacy: A Basic Guide To Legal Rights In An Information Society (2nd Edition, Southern Illinois University Press, 1990), (Includes a chapter on credit reporting);

Former Secrets: Government Records Made Public Through The Freedom of Information Act (Campaign For Political Rights, 1982).

11. I have presented the following international lectures:

24th International Conference of Data Protection & Privacy Commissioners (Cardiff, Wales – Presentation published in conference proceedings, 2002);

The 23rd International Conference of Data Protection Commissioners (Paris, La Sorbonne – Presentation published in conference proceedings, 2001); The 22nd Annual Conference on Data Protection (Venice, Italy -- 2000);

The 16th Annual Conference on Data Protection (The Hague, The Netherlands -- 1994).

12. In the 1980s, served as an expert consultant to both the Privacy Commissioner of Canada and Privacy Commissioner of Australia.

13. I have made the following presentations/instruction At Recent CLE & Professional Seminars:

"11th Annual Consumer Financial Services Litigation," Practicing Law Institute, March 20-21, 2006 (New York City);

"Bankruptcy Roundtable," and, "Fair Credit Reporting Act Roundtable," National Consumer Law Center, October 27, 2005;

"Advanced Consumer Litigation," Texas Bar CLE, Feb. 10-11, 2005;


"Financial Privacy Litigation," (Impact of FACT Act), Practicing Law Institute, February 28- March 1, 2005 (New York City);

"The New FACT Act: Challenge & Opportunity," Privacy & American Business, Feb. 9-10, 2004;

"Understanding the FACT Act And The Impact of Multi-Agency Rulewriting Process," Glasser LegalWorks, Sept. 28-29, 2004;

"12th Annual National Conference," National Credit Reporting Association, Nov. 10-12, 2004.

14. I am a member of the following professional societies:  Past President and Board Member, American Society of Access Professionals (www.accesspro.org).

15.  I hold the following industry certification:  FCRA Certification, National Credit Reporting Association (www.ncrainc.org).

16.  In addition to being a paid consultant and special guest on CNN's IMPACT news in 1996, I am quoted regularly by major and small newspapers (including The Washington Post, New York Times, Wall Street Journal, Chicago Tribune, Los Angeles Times, Newsweek and Money Magazine), regarding issues of privacy generally and the privacy implications of consumer reporting specifically. I have appeared on National Public Radio, PBS NewsHour with Jim Lehrer, ABC Nightline and World News Tonight, NBC Nightly News, CBS Evening News, CNN News Watch, CNBC, MSNBC, Fox News, various local affiliates, and the Oprah Winfrey Show and Geraldo, regarding these issues as well.

17.  I have a Bachelor of Arts, Columbia College, Columbia University, New York, N.Y. (1979).

18.  Within recent years, I have testified at trial, or been deposed as an expert, in the following cases:

Andrews v. Trans Union Corp. et al., Case No. 96-7369, (USDC-C.D. Calif.), concerning theft-of-identity and consumer report inaccuracies. Expert report, deposition, trial testimony. Judge Lourdes Baird qualified me to testify about CRA procedures and their impact on the consumer, and the nature of identity theft. The U.S. Court of Appeals for the Ninth Circuit ruled

1  that Judge Baird overly limited the scope of my testimony, specifically finding that my opinion
2  on the prevalence of identity theft was relevant to the reasonableness of CRA procedures.
3  (see 225 F.3d 1063 (2000)).
4      Suzanne Sloane vs. Equifax Information Services, LLC, et al., U.S. District Court for the
5  Eastern District of Virginia (Alexandria Div.), Case No. CIV 1:05 cv 1272. Expert reports.
6  Deposition. Trial Testimony Judge Leonie M. Brinkema presiding.
7      Matthew Kirkpatrick. v. Equifax Credit Information Services, et al.: U.S. District Court
8  for the District of Oregon; No. CV 02-1197-MO. FCRA, identity theft. Expert report. Deposition.
9  Trial Testimony. Judge Michael W. Mosman presiding.
10      Eddie Silva, et al. v. Haynes Furniture Co., Inc.: U.S. District Court for the Eastern
11  District of Virginia: No. 4:04CV82. FCRA. Trial Testimony. Judge Walter D. Kelley, Jr.
12  presiding.
13      Joi Helmes v. Wachovia Bank N.A.: U.S. Bankruptcy Court for the Eastern District of
14  Virginia (Alexandria), Case No: 01-81277-RGM, Chapter 7. Post-bankruptcy credit reporting.
15  Expert report. Deposition. Trial Testimony. Judge Robert G. Mayer presiding.
16      Denis W. Stasulis v. Suntrust: U.S. Bankruptcy Court for the Eastern District of Virginia
17  (Alexandria), Case No: 04-12542-RGM, Chapter 7. Post-bankruptcy credit reporting. Expert
18  report. Deposition. Trial Testimony. Judge Robert G. Mayer presiding.
19      Dwaine Perry, et al. v. FleetBoston Financial Corp.: U.S. District Court for the Eastern
20  District of Pennsylvania: No. 04-507. FCRA. Expert Report. Trial Testimony. Judge Berle M.
21  Schiller presiding.
22      Tammy Cochran v. C&M Motors, LLC, dba I-10 Toyota, et al: U.S. District Court for the
23  Central District of California, No. CV-03-3568FMC. FCRA. Expert Report. Trial Testimony
24  Judge Florence-Marie Cooper presiding.
25      Myra Coleman v. Trans Union LLC, CA4: 98-CV-169B-B (USDC-Mississippi) FCRA.
26  Expert report, deposition, trial testimony. Judge Neal B. Biggers presiding.
    Arthur Spengler v. Sears Roebuck & Co., Case No. C-03-0557. (Circuit Court, Wicomico

County, Maryland). Tort, Interference with Business Relationships. Trial Testimony. Judge D. Davis qualified me as expert on credit scoring, credit reporting and FCRA-related issues.

Judy C. Thomas v. Trans Union LLC, U.S. District Court for the District of Oregon; Case No. 00-1150-JE. FCRA. Expert report, deposition, trial testimony. Magistrate Judge John Jelderks presiding.

Scott E. Campbell v. G.E. Capital Auto Lease, Circuit Court For St. Mary's County, Maryland, Case No. 99-522. FCRA, invasion of privacy. Expert report, deposition. Judge Karen Abrams qualified me to testify, but the case settled one week before trial.

Franklin F. Grizzard, Jr. v. Trans Union, L.L.C., & Equifax Information Services L.L.C., et al.: U.S. District Court for the District of Virginia (Richmond Div.); Nos. 04-CV-625 & 04-CV-626, respectively. Expert report. Affidavit. Deposition. On the eve of trial, Judge Richard Williams rejected Defendant's motion to disqualify me. The case settled shortly thereafter.

Catherine Smith, et al. v. Progressive Corporation, et al.: U.S. District Court for the Middle District of Florida (Gainesville), Case No.1:00-CV-210-MMP. Expert Report, Declaration of Value, Fairness Hearing testimony. Judge Maurice M. Paul presiding.

Franklin E. Clark, et al. v. Experian, et al.: U.S. District Court for the District of South Carolina, Case Nos. 8:00-1217-22, 8:00-1218-22, 8:00-1219-22. Affidavit, Supplemental Affidavit (both affidavits were admitted into evidence without objection). Judge Cameron McGowan Currie presiding.

In Re: Farmers Insurance Co., Inc., FCRA Litigation, U.S. District Court for the Western District of Oklahoma, Case No. CIV 03 158-F. FCRA. Expert report, deposition.

Steven E. Beck v. Equifax Information Services, et al.: U.S. District Court for the Eastern District of Virginia: No. 1-05cv347. FCRA. Expert report, deposition.

Larry Alabran v. Capital One Services, Inc.,: U.S. District Court for the Eastern District of Virginia (Richmond Division); Case No. 3:04-CV-935. Expert report, deposition.

Gail Cope v. MBNA American Bank NA: U.S. District Court for the District of Oregon; No. 04-CV-493-JE. Expert report, deposition.

1  Robert Gordon Peoples v. Experian Services Corp., et al.: U.S. District Court for the
2  Central District of California: No. CV-04-1378 CAS (Ex). Expert report. Deposition.
3  Lottie Robertson v. Experian Information Services, Inc. & Capital One Bank: U.S.
4  District Court for the Eastern District of Michigan (Southern Div.) No. 04-72308. Expert report.
5  Deposition.
6  Barbara A. Harris v. Experian Information Solutions, Inc., and Equifax Credit Information
7  Services, Inc: U.S. District Court for the District of Oregon, Civil No. 01-1728-JE. FCRA. Expert
8  reports. Deposition.
9  Bruce Danielson v. Experian Information Solutions: U.S. District Court for the Northern
10  District of Texas, Case No: 3-04CV-1722N. FCRA. Expert report. Deposition.
11  Stacy Lawton Guin, et al. v. Brazos Higher Education Service Corporation, Inc.:
12  USDC-Minnesota – No. CV 05-668 RHK/JSM. Negligence. Security Breach. Affidavit.
13  Deposition.
14  Anthony Chin v. State Dept. Federal Credit Union: Circ. Ct. Prince George's County
15  (Maryland); Civ. Act. No. CAL04-12778; Tort. Deposition.
16  James M. McKeown v. Sears Roebuck & Co., et al: U.S. District Court for the Western
17  District of Wisconsin, Civil No. Case No. 03-CV-0528 C. Expert Report, deposition.
18  Paulette Field v. Trans Union LLC, et al., Case No. 01 C 6390 (USDC-N.D. Illinois -
19  Eastern Div. FCRA. Expert report. Deposition.
20  Earle E. Ausherman, et al. v. Bank of America Corporation et al.: U.S. District Court for
21  the District of Maryland, Civil Action No. MJG-01-438. FCRA. Expert report. Deposition.
22  Jesse Klco v. Elmhurst Dodge, U.S. District Court for the Northern District of Illinois
23  (Eastern Division) Civil Action No. 01 C 0433. FCRA. Expert report, deposition.
24  David & Ruthie Keefner v. Webb Ford, Inc. & Deon L. Willis.: U.S. District Court for the
25  Northern District of Illinois (Eastern Division), Civil Action No. 02C-4643. FCRA. Expert report.
26  Deposition.
    Anthony & Alethea Preston v. MGIC, U.S. District Court for the Middle District of

Florida (Ocala), Case No. 5:03-cv-111-Oc-10GRJ. FCRA. Expert report, deposition.

Bruce Butcher and Pam Butcher v. Chase Manhattan Bank, U.S.A., Inc., U.S. District Court for the District of South Carolina, Case No. 8:03-3184-26. FCRA. Expert report, deposition.

Angela P. Williams v. Equifax Information Services, LLC, et al., Circuit Court for the Ninth Judicial Circuit, Orange County Florida. Credit Reporting. Expert disclosure and report. Deposition. Trial Testimony. Judge George A. Sprinkel IV presiding.

Rebecca L. Valentine v. Equifax Credit Information Services, et al . : U.S. District Court for the District of Oregon; No. CV 0 5 - 80 1-JO. FCRA, identity theft. Expert report. Deposition. Trial Testimony. Judge Robert E. Jones presiding.

Nicole Robinson v. Equifax Information Services, LLC, et al., U.S. District Court for the Eastern District of Virginia ( Alexandria Div.), Case No. CIV 1:05 cv 1272. Expert reports. Deposition. Trial Testimony   Judge Walter H. Rice presiding.

19. Defendant credit reporting agencies each maintain a system of reinvestigating consumer disputes described as a consumer dispute verification (CDV), typically an automated consumer dispute verification (ACDV) system. The dispute verification system essentially uses a one page form that reduces the consumer's dispute–no matter how lengthy or thorough or well documented-- to a generic two digit code or alpha-numeric code and sometimes a one-line paraphrase of the consumer's dispute. It then sends these forms, either by mail or fax in the case of the CDV or electronically in the case of an ACDV to the entity that furnished the information. This, in the very vast majority of cases, is the entire extent of the credit reporting agency's "investigation" of the consumer's dispute.

20. In the vast majority of cases, the furnisher then can simply "verify" the information, or instruct to modify or delete the information with minimal thought or consideration. There is nothing in the CDV system that requires or assures that information about the consumer's dispute is carefully reviewed or carefully considered by the furnisher, or that a true investigation is performed, in responding to the dispute. I state this because Webster's New Collegiate

Dictionary defines "investigate" as, "v. To observe or study by close examination and systematic inquiry. Systematic—adj. Marked by thoroughness and regularity." In contrast, the CDV system is essentially an exchange of messages between CRA and furnisher, and this message exchange is neither a "study by close examination" nor "marked by thoroughness and regularity." The ACDV system has no capability for the credit reporting agencies to send, or furnishers to receive, documents. When verifying an entry, no meaningful explanation of the nature of the investigation or explanation of the findings is required of the furnisher by any of the credit reporting agencies. It is my opinion that these factors, taken separately and together, do not comport with the requirements of Civil Code section 1785.16(a) and (b).

21. In sending out the CDVs, none of the credit reporting agencies necessarily involve the originating creditor, but typically only the entity that furnished the information. Oftentimes, this means debt collectors, who have little or no knowledge of debt's history or accuracy. It is my opinion that this does not comport with the requirements of Civil Code section 1785.16(a) and (b).

22. Each of the defendant credit reporting agencies provide nothing more than a regurgitation of the statutory duties, and sometimes, identifying information of the furnisher, when a consumer requests a description of the procedure used to determine the accuracy and completeness of information disputed pursuant to California Civil Code section 1785.16(d)(4)/15 USC

//
//
//
//
//
//
//
//
//

1681i(a)(6)(B).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Sworn at the City of _____ County of _____, State of _____ this ____ day of July, 2008.

BY _____
EVAN HENDRICKS