1

LAW OFFICES OF RON BOCHNER
2   Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
3   Santa Clara, California 95054
(408) 200-9890
4
ATTORNEY FOR PLAINTIFF
5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DIVISION OF CALIFORNIA

9                         SAN JOSE DIVISION

10

11

12

13   NOEMIA CARVALHO, et al.,              Case No.  C 08-1317 JF (HRL)

14                                         DECLARATION OF RON BOCHNER IN
              Plaintiff,                   SUPPORT MOTION TO CERTIFY CLASS
15                                         ACTION
     vs.
16

17   CREDIT CONSULTING SERVICES, INC.
     dba CCS, et al.,
18                                         DATE:        September 26, 2008
                                           TIME:        9:00 a.m.
19            Defendants.                  DEPT.:       COURTROOM 3

20

21   _____/

     I, Ron Bochner, declare as follows:
22
     1.  In approximately August of 2004, Ms. Carvalho began noticing that her credit report
23
     contained an entry from the debt collector and Bayside contending she owed them money for the
24
     treatment provided.  Beginning in September, 2004, plaintiff complained to the debt collector and
25
     each of the defendant consumer reporting agencies about this item's inclusion on her consumer
26
     credit report.  In doing so, she provided 15 pages of  documentation showing what was disputed

     and why and identifying, amongst, other things, the various entities involved, their addresses and

LAW OFFICE OF RON
BOCHNER
3333 Bowers Ave., Suite
130, Santa Clara, CA
95054
(408) 200-9890

                                         1

1  the phone numbers of contact people. However, the derogatory item was not and has not been

2  removed from her consumer credit report anytime before complaint was filed, nor thereafter.

3  True and correct copies of the September, 2004 letter were produced by each of the defendants in

4  response to discovery.  True and correct copy of these documents are attached as Exhibit A to this

5  Declaration, Equifax documents 5-23, Exhibit B, Experian documents 1-17, Exhibit C, Trans

6  Union documents 51-67.

7  2.  Discovery in this matter reveals that the CDV procedure consists of completing an electronic

8  form including a two letter code and, sometimes, one sentence interpretation of the consumer's

9  dispute.   Documents reflecting these procedures were produced by defendants in discovery, true

10  and correct copies of which are attached to this Declaration as  Exhibit A, Equifax, Indicating

11  Manual, Module 1, Equifax documents 156-159, 700-703; Verification Processer Procedure

12  Manual, Equifax documents 504-506;  Equifax, Responses to Special Interrogatories, Set One,

13  Number 3 (at 4:6-25); Exhibit B, Experian, Consumer Data Industry Association, Credit

14  Reporting Resource Guide, Experian documents 572-575;  Consumer Investigation Procedures

15  Participant Guide, Experian documents 635-6, 1003-4; Exhibit C, Trans Union, CRS2 Disclosure

16  Training Manual, Trans Union documents 365-66:

17      "An investigation is when the consumer may write into Trans Union stating specifically
    what they do not agree with on their credit file.  Trans Union receives their written request

18      for a dispute and it is sent to the Dispute Department.  The Dispute Department receives
    all correspondence concerning the consumer's dispute that needs to be processed.  A

19      dispute investigator will determine if a certain credit company that is reporting on the
    consumer's file needs to be investigated per the consumer's request.  The dispute

20      investigator will then send out a Consumer Dispute Verification form to the credit grantor.
    The dispute investigators job is done."

21
[emph. in original]; Trans Union, Dispute Processing Reference Manual, Trans Union documents

22  580-581; Trans Union response to Special Interrogatories, Set One, Number 3.  It does not

23  include conveying documents a consumer may attach to a dispute.  See Equifax documents 41,

24  69, 70, 123, true and correct copies of which are attached as Exhibit A to this Declaration, Exhibit

25  B, Experian documents 587-601, 1831-1837, 2070-2075, Exhibit C, Trans Union documents 83-

26  86, 128-131, 206-208.

3.  In regard to Trans Union in particular, consistent with its policy, described to plaintiff that it

LAW OFFICE OF RON
BOCHNER
3333 Bowers Ave., Suite
130, Santa Clara, CA
95054
(408) 200-9890

2

1  could not "accept" her attached documents and that such documents were "unusable" and refused

2  to even consider the attachments. See Trans Union documents 81, 82, true and correct copies of

3  which are attached to this Declaration as Exhibit C, This remains true, despite the fact that Trans

4  Union's own credit reports specifically request (and acknowledge the right to) provide "[a]ny

5  pertinent information and copies of all documents you have concerning an error should be given

6  to the consumer reporting agency." TU documents 122, 148, 172, 200, 226, 252, true and correct

7  copies of which are attached as Exhibit C to this Declaration.  Trans Union's policy is to review

8  only a narrow band of self-proving documents associated with consumer disputes.  TU document

9  627, a true and correct copy of which is attached as Exhibit C to this Declaration.  This is in plain

10  contravention of Civil Code section 1785.16(b)'s requirement that a credit reporting agency must

11  review and consider all relevant information submitted by the consumer with respect to the

12  disputed item.

13  4.  Equifax confirms that it received 3,043,050 consumer dispute reinvestigation requests, or

14  about 8,337 a day in 2006.  See, Equifax Response to Special Interrogatories, Set Three,

15  Interrogatories 3 and 4, true and correct copies of which are attached to the Declaration of Ron

16  Bochner as Exhibit A.   Experian states that the average number of consumer dispute

17  reinvestigation requests received on a daily basis that were sent to third parties for verification in

18  2006 was 41,475 and that year it received 15,138,492 total such requests.  See Experian's Second

19  Supplemental Response to Plaintiff's Special Interrogatories, Set Five, Numbers 3 and 4, a true

20  and correct copy of which is attached to the Declaration Ron Bochner as Exhibit B.  Trans Union

21  confirms that between May 1, 2006 and July 31, 2007 it received 19,030,289 tradeline disputes

22  and performed 4,332,111 reinvestigations in 2006.  See Trans Union Supplemental Responses to

23  Special Interrogatories, Set Two, Number 1 and Supplemental Responses to Special

24  Interrogatories, Set Three, Number 4, true and correct copies of which are attached as Exhibit C

25  to this Declaration.

26  5.  Additionally, after getting no satisfaction about her disputes, Ms. Carvalho requested, pursuant

    to Civil Code section 1785.16(d)(4) a description of the procedure used to determine the accuracy

LAW OFFICE OF RON
BOCHNER
3333 Bowers Ave., Suite
130, Santa Clara, CA
95054
(408) 200-9890

3

1  or completeness of the information in dispute.  See requests, Equifax documents 42-43, 76-82,

2  Experian documents 18, 24, Trans Union documents 101, 230-3, true and correct copies of which

3  are attached to this Declaration as Exhibits A, B and C, respectively.  In apparent response, the

4  defendant credit reporting agencies provided, at best, a generalized description of the

5  reinvestigation process, instead of an explanation of the procedure actually used to make a

6  determination of the accuracy or completeness of the information disputed.  See Equifax

7  documents 104, 118, Experian documents 86 (not clear if responsive to April 1, 2005 request, if

8  so it was untimely) 124, 142 (not clear if responsive to March 17, 2006 request) and 2192-2195,

9  Trans Union documents 103 (non-response), 255-260, true and correct copies of which are

10 attached to this Declaration of Ron Bochner as Exhibits A, B and C, respectively.  Defendants

11 provide such responses as a matter of routine practice and policy.  Equifax, Response to Requests

12 for Admission, Set One, Number 1, Experian documents 2192-2195, TU documents 723-724, true

13 and correct copies of which are attached to this Declaration as Exhibits A, B and C, respectively.

14 6.  These descriptions simply restate the statutory requirements for reinvestigations and do not

15 attempt to explain how the individual's consumer dispute was reinvestigated in fact.  Indeed, in

16 the case of Equifax and Experian, these "descriptions" automatically come *before* the consumer

17 even requests them, but instead with the results of the reinvestigation.  Experian has stated that it

18 has provided the "standard paragraph explaining the investigation process to consumers

19 1,711,566 times" between April 1, 2004 and June 1, 2007.  See Experian response to Special

20 Interrogatories, Set Four, Number 4, a true and correct copy of which is attached as Exhibit B to

21 this Declaration.  Trans Union does not automatically include the generalized language in

22 providing the response to the reinvestigation, but acknowledges sending out 270,365 copies of its

23 form description letter (TU 723-4) between May 1, 2005 and May 31, 2007.  See, TU documents

24 723-24 and Trans Union response to Special Interrogatories, Set Two, Number 2, true and correct

25 copies of which are attached as Exhibit C to this Declaration.

26 7.  The undersigned is experienced in complex litigation.  I have been named class counsel in six

cases, Dias v. Lakeridge Athletic Club Contra Costa County Case No. C02-01791,  Williams v.

LAW OFFICE OF RON
BOCHNER
3333 Bowers Ave., Suite
130, Santa Clara, CA
95054
(408) 200-9890

4

1    BRE Properties, Inc., Riverside County Superior Court Case No. JCCP 4311, Allen v. Lido

2    Apartment Homes, et al., San Bernardino Co. Superior Court Case Nos. 116486 and 117076 and

3    Austin v. MacBeth Property Systems, San Diego Superior Court Case No. GIC 836423, JCCP

4    4425, In re John Muir Uninsured Healthcare Cases, Contra Costa Superior Court Case No. JCCP

5    4494, all of which settled, or are in the process of settling, with money being distributed to the

6    class.  I am putative class counsel in eight other cases: Mann, et al v. Ista Energy Services, San

7    Diego County Superior Court Case No. GIC 848120, JCCP 4491; Neese v. Satellite Management,

8    San Bernardino County Superior Court Case No. SCVSS 134466;  Vitug v. Alameda Point

9    Storage, Alameda County Superior Court Case No. RG 06249152; Brower v. Francis, Los

10   Angeles Co. Superior Court Case No. BC 347054; Telfer v. Robinson & Associates, San

11   Bernardino County Superior Court Case No.  SCISS 138731, Rose v. Asset Acceptance, Alameda

12   County Superior Court Case No. WG07-328408; Howard v. Trans Union, Contra Costa County

13   Superior Court Case No. C07-02572; Williams v. Mission Hospital Regional Center, Orange

14   County Superior Court Case No. 30-2008 00076369.  I have experience in complex multi-

15   plaintiff (approximately 120 plaintiffs) litigation, Peterson v. Pacific Gas & Electric Co., Contra

16   Costa Superior Court Case No. C98-01462, whose settlements are confidential.  A major portion

17   of my practice consists of consumer protection matters and has since 1997.  I am licensed to

18   practice law in the States of California (since 1992), Colorado (since 1995) before the United

19   States Courts of the Central and Northern Districts of California and the United States Supreme

20   Court.  I can and have vigorously pursued this matter and will continue to do so.  As the time I

21   have expended on this matter and the proposed settlement achieved show, the undersigned has

22   //

23   //

24   //

25   //

26   //

//

LAW OFFICE OF RON
BOCHNER
3333 Bowers Ave., Suite
130, Santa Clara, CA
95054
(408) 200-9890

1  demonstrated skill and diligence in pursuing this matter.

2

3        I declare under penalty of perjury that the above is true and correct.

4        Executed at the City and County of Santa Clara, this _____ day of August, 2008.

5

6

7                          BY _____
                            RON K. BOCHNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICE OF RON
BOCHNER
3333 Bowers Ave., Suite
130, Santa Clara, CA
95054
(408) 200-9890

                            6