Deanna L. Johnston (State Bar No. 198017)
Daniel T. Dobrygowski (State Bar No. 253137)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700
Email:  dljohnston@jonesday.com
Email:  ddobrygowski@jonesday.com

Suzanne Cate Jones (State Bar No. 157496)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:     (213) 489-3939
Facsimile:      (213) 243-2539
Email:  scjones@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOEMIA CARVALHO,**<br><br>Plaintiff,<br><br>v.<br><br>**CREDIT CONSULTING SERVICES, ET AL.,**<br><br>**Defendant.** | **Case No. C 08-01317-JF-HRL**<br><br>**DEFENDANTS' JOINT MOTION TO CONTINUE HEARING DATE AND EXTEND TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DECLARATIONS OF DEANNA JOHNSTON AND DARIUS K.C. ZOLNOR; [PROPOSED] ORDER**<br><br>Date:         No Hearing Required<br>Time:         No Hearing Required<br>Location:    Courtroom 3 |

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion LLC ("TransUnion") (collectively "Defendants") will, and hereby do, move this Court for an Order continuing the September 26, 2008 hearing date, and all related filing dates, of Plaintiff's Motion for Class Certification (the "Class Certification Motion") pursuant to Local Rules 6-1 and 6-3. This motion is made on the grounds that: (1) Plaintiff failed to meet and confer with Defendants to select a mutually agreeable hearing date; (2) Experian's counsel has conflicts with the briefing schedule and is on a prepaid vacation out of the country until two days prior to the hearing date; (3) Plaintiff's motion is premature because the parties have not yet had the initial Case Management Conference to discuss scheduling of the motion for class certification; (4) Plaintiff submitted the declaration of a previously undisclosed expert in support of the Class Certification Motion; (5) it would be prejudicial for Defendants to have only two weeks to oppose the motion; and (6) TransUnion has elected to move for summary judgment before class certification is decided. This motion is based upon the accompanying Memorandum of Point and Authorities, the Declarations of Deanna L. Johnston and Brian C. Frontino submitted in support thereof, such further evidence or arguments as may be considered by the Court, and all pleadings, files, and records in this action.

**RELIEF REQUESTED**

Defendants respectfully request that the Court continue the current hearing date on Plaintiff's Class Certification to November 14, 2008, with Defendants' opposition(s) due October 24, 2008 and Plaintiff's reply due on October 31, 2008.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   BACKGROUND FACTS

Plaintiff alleges that Defendants willfully violated the California Consumer Credit Reporting Agencies Act ("CCCRA") for failing to properly reinvestigate disputes she submitted to Defendants regarding her credit reports.  Plaintiff purports to represent a class of California consumers who she claims are similarly situated.  Defendants deny these allegations.

This case was removed to this Court on March 13, 2008.  On June 26, 2008, this Court continued the initial Case Management Conference to take place on September 19, 2008 (Docket No. 70). The Court thereafter denied the Plaintiff's Motion to Remand, on July 7, 2008 (Docket No. 71).  On August 21, 2008, several weeks before the initial Case Management Conference was scheduled to take place, and without first meeting and conferring with two of three of the Defendants' counsel pursuant to the U.S. District Court for the Northern District of California, San Jose Division's Standing Order Regarding Case Management in Civil Cases (the "Standing Order") regarding the hearing date or regarding issues to be discussed at the upcoming Case Management Conference, Plaintiff filed her Motion to Certify Class (Docket Nos. 72 - 75) (the "Class Certification Motion") unilaterally setting a hearing date for September 26, 2008.  (*See* Declaration of Deanna L. Johnston ("Johnston Decl.") at ¶¶ 11 – 12; *see also* Declaration of Darius K.C. Zolnor ("Zolnor Decl.") ¶ 9 )  Prior to filing its Motion for Summary Judgment or, in the Alternative, Summary Adjudication on August 22, 2008 (Docket No. 78), Defendant TransUnion attempted to meet and confer with Plaintiff's counsel regarding the hearing on such motion.  (Zolnor Decl. ¶¶ 2-10, Ex. A .)  Instead, Plaintiff's counsel deemed any motion for summary judgment from TransUnion as "frivolous and a waste of time," and proclaimed that the Class Certification Motion would be heard on September 26, 2008.  (*Id.*)  The initial Case Management Conference is set for September 19, 2008.  (Docket No. 70.)

## II.   ARGUMENT

### A.   Plaintiff Failed to Comply with the Local Rules.

Plaintiff's Class Certification Motion was served via ECF service on August 21, 2008.  This was the first notice Experian or Equifax received from Plaintiff regarding the filing of the

1  Class Certification Motion or the hearing date. (Johnston Decl. at ¶¶ 10 – 12 and Exs. A and B.)
2  In selecting the hearing date, Plaintiff failed to comply with various requirements for setting the
3  hearing and briefing schedule on such a motion. First, the Court's Standing Order expressly
4  states that "[b]efore selecting a hearing date for a motion before any of the judges of the San Jose
5  Division, counsel must confer with opposing counsel to determine that the proposed hearing date
6  will not cause undue prejudice." (Standing Order at p. 1.) Plaintiff did not notify Experian or
7  Equifax at all and only decreed to TransUnion that the Class Certification Motion would be heard
8  on September 26, 2008. By failing to adhere to the Court's Standing Order, Plaintiff ran the risk
9  of unilaterally choosing a hearing date that would prejudice Defendants. Since the date chosen by
10 Plaintiff is prejudicial to Defendants as explained herein, Defendants are entitled to an extension
11 of time to file their response to the Class Certification Motion pursuant to Civil Local Rule 6-3.
12      Additionally, Experian's counsel has a number of conflicts with the September 26, 2008
13 hearing date and the opposition filing date of September 5, 2008. (Johnston Decl. at ¶¶ 13 – 15).
14 She has another brief due on the same date as the opposition to Plaintiff's Class Certification
15 Motion would be due and is out of the county on a prepaid vacation until two days prior to the
16 September 26, 2008 hearing date. (*Id*.) Experian, in particular, would suffer undue prejudice
17 given these scheduling conflicts, which could have been avoided had Plaintiff's counsel adhered
18 to the Standing Order.
19      Second, the Class Certification Motion and hearing are premature under Civil Local Rules
20 16-9(b) and 16-10(b) since a Case Management Conference has not yet occurred. The Local
21 Rules require a party seeking to maintain a class action to include in its Case Management
22 Statement, *inter alia*, a description of the class sought and "a proposed date for the Court to
23 consider whether the case can be maintained as a class action." Civil L.R. 16-9(b)(2), (4). In her
24 Case Management Statement, Plaintiff failed to include either. (*See* Plaintiff's Case Management
25 Statement (Docket No. 68) at ¶ 9.) Furthermore, the Local Rules require that, at the Case
26 Management Conference, the Court is to "identify and set the date for filing any motions that
27 should be considered early in the pretrial period," which may include class action determinations.
28 Civil L.R. 16-10(b). Since the initial Case Management Conference is not scheduled until

September 19, 2008, Plaintiff's unilateral decision to set a hearing date for her premature Class Certification Motion is inappropriate at this time.

### B. Defendants Are Entitled to Discovery on the New Evidence Plaintiff Submitted with the Class Certification.

In support of the Class Certification Motion, Plaintiff filed the Declaration of Evan Hendricks, a purported expert. (Docket No. 75.) This is the first instance in which Plaintiff has indicated use of expert testimony in this case. (Johnston Decl. ¶ 17.) It may be necessary for Defendants to conduct additional discovery regarding Mr. Hendricks' qualifications and opinions prior to filing their opposition(s). (*Id*. at ¶ 18.) It would be unreasonable to expect Defendants to conduct additional discovery or depose Mr. Hendricks prior to the September 5, 2008 opposition filing date. (*Id*.) It may also be necessary for Defendants to retain an expert to provide testimony in support of their opposition(s). (*Id*.) It would similarly be unreasonable to believe a rebuttal expert could be retained, familiarized with the case facts and provide an expert opinion to rebut Mr. Hendricks' conclusions prior to the September 5, 2008 opposition filing date. (*Id*.) The failure to adequately prepare a response to Mr. Hendricks' expert declaration would be severely prejudicial to Defendants. (*Id*.)

Plaintiffs' Class Certification Motion is 24 pages in length and presents numerous factual and legal issues which must be addressed in Defendants' opposition(s). (*Id*. at ¶ 19.) Given that this is the first time Plaintiff has clearly identified the class which she seeks to represent and the basis for her claims, it would be prejudicial to permit only two weeks for Defendants to prepare their opposition. (*Id*.)

### C. TransUnion has Elected to have Summary Judgment Heard Before Class Certification.

Enlargement of time is also appropriate because TransUnion has elected to have the merits of Plaintiff's own claim decided prior to class certification. "Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first." Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984); *see also Kim v. Commandant, Defense Language Institute, Foreign Language Center*, 772 F.2d 521, 524 (9th Cir.

1985) (quoting *Wright*); *In re Beer Distribution Antitrust Litigation*, 188 F.R.D. 557, 564 (N.D. Ca. 1999) (citing *Wright*). Indeed, it is "reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect the parties and the court from needless and costly further litigation." *Wright*, 742 F.2d at 544.

As explained above, Plaintiff unilaterally imposed on Defendants a hearing and briefing schedule in connection with class certification. When TransUnion approached Plaintiff's counsel to confer regarding a hearing date on summary judgment as required by the local rules, Plaintiff's counsel rebuked TransUnion, labeling any motion for summary judgment "frivolous" and a waste of the parties' and this Court's time. (Zolnor Decl. ¶ 7, Ex. A.) In the same communication, Plaintiff's counsel decreed that he would have class certification decided by this Court on September 26, 2008. (*Id.* ¶ 9.)[1] By requesting that Plaintiff's counsel confer on a date for summary judgment, TransUnion gave notice that it was electing to file its motion for summary judgment in advance of any class certification motion. TransUnion's decision in this regard should be enforced by this Court. *See Wright*, 742 F.2d at 544. Moreover, if TransUnion succeeds on its motion for summary judgment, tremendous amounts of the parties' and this Court's time and resources will have been saved.

## III.    MEET AND CONFER EFFORTS

As detailed in the Declaration of Deanna L. Johnston, Defendants attempted in good faith the meet and confer with Plaintiff's counsel to get a stipulation to continue the September 26, 2008 hearing date. (Johnston Decl. at ¶¶ 21 – 23.) These efforts were unsuccessful. (*Id*.)

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion, continue the current hearing date on Plaintiff's Class Certification to November 14, 2008, with Defendants' opposition(s) due October 24, 2008 and Plaintiff's reply due on October 31, 2008.

---

[1] Because TransUnion seeks to have its summary judgment motion heard prior to a determination on class certification, TransUnion noticed the summary judgment hearing for September 26, 2008, when TransUnion knew that Plaintiff was available before October 24, 2008. (See Zolnor Decl. ¶ 2-10, Ex. A.)

| | | |
|---|---|---|
| Dated: August 27, 2008 | | JONES DAY |

By:  /S/ Deanna L. Johnston
Deanna L. Johnston

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: August 27, 2008                                      STROOCK & STROOCK & LAVAN LLP

By:  /S/ Brian C. Frontino
Brian C. Frontino

Counsel for Defendant
TRANSUNION LLC

Dated: August 27, 2008                                      KING & SPALDING LLP

By:  /S/ Lewis P. Perling
Lewis P. Perling

Counsel for Defendant
EQUIFAX INFORMATION SERVICES LLC

## SIGNATURE ATTESTATION

I hereby attest that the content of this document is acceptable to all persons whose signatures are indicated by a "conformed" signature (/S/) within this e-filed document.

Dated: August 27, 2008                                      JONES DAY

By: /S/ Deanna L. Johnston
Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS

SFI-590863v5

CASE NO. C 08-01317-JF-HRL        6        DEFENDANTS' JOINT MOTION TO CONTINUE HEARING & EXTEND TIME

1  Deanna L. Johnston (State Bar No. 198017)
   Daniel T. Dobrygowski (State Bar No. 253137)
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104
   Telephone:    (415) 626-3939
4  Facsimile:    (415) 875-5700
   Email:  dljohnston@jonesday.com
5  Email:  ddobrygowski@jonesday.com

6  Suzanne Cate Jones (State Bar No. 157496)
   JONES DAY
7  555 South Flower Street, 50th Floor
   Los Angeles, CA 90071
8  Telephone:    (213) 489-3939
   Facsimile:    (213) 243-2539
9  Email:  scjones@jonesday.com

10 Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  **NOEMIA CARVALHO,** | **Case No. C 08-01317-JF-HRL** |
| 16             **Plaintiff,** | **[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO CONTINUE HEARING DATE AND EXTEND TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| 17        v. | |
| 18  **CREDIT CONSULTING SERVICES, ET AL.,** | |
| 19             **Defendant.** | |

1 | Having considered the papers filed in connection with Defendants' Joint Motion to Extend Time to File Opposition to Plaintiff's Motion for Class Certification (the "Joint Motion"),

IT IS HEREBY ORDERED that Defendants' Joint Motion is GRANTED.

The current hearing date for Plaintiff's Motion for Class Certification is CONTINUED to November 14, 2008, with Defendants' Opposition to the Class Certification Motion due October 24, 2008 and Plaintiff's Reply due on October 31, 2008.

**IT IS SO ORDERED.**

Dated: _____, 2008.    _____
The Honorable Jeremy Fogel
United States District Judge

SFI-590960v1

CASE NO. C 08-01317-JF-HRL | 2 | PROPOSED ORDER GRANTING DEFENDANTS' MOTION TO EXTEND TIME