1  Deanna L. Johnston (State Bar No. 198017)
   Daniel T. Dobrygowski (State Bar No. 253137)
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104
   Telephone:     (415) 626-3939
4  Facsimile:     (415) 875-5700
   Email:  dljohnston@jonesday.com
5  Email:  ddobrygowski@jonesday.com

6  Suzanne Cate Jones (State Bar No. 157496)
   JONES DAY
7  555 South Flower Street, 50th Floor
   Los Angeles, CA 90071
8  Telephone:     (213) 489-3939
   Facsimile:     (213) 243-2539
9  Email:  scjones@jonesday.com

10 Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.
11

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15 **NOEMIA CARVALHO,**                    | **Case No. C 08-01317-JF-HRL**

16              **Plaintiff,**             | **DECLARATION OF DEANNA L.
                                             JOHNSTON IN SUPPORT OF
17        **v.**                             DEFENDANTS' JOINT MOTION TO
                                             CONTINUE HEARING DATE AND
18 **CREDIT CONSULTING SERVICES, ET          EXTEND TIME TO FILE OPPOSITION
   AL.,**                                    TO PLAINTIFF'S MOTION FOR CLASS
19                                           CERTIFICATION**
              **Defendant.**
20                                           Date:       No Hearing Required
                                             Time:       No Hearing Required
21                                           Location:   Courtroom 3

22

23

24

25

26

27

28

1    I, Deanna L. Johnston, declare as follows,

2    1.    I am an attorney licensed to practice in the State of California, and an associate

3    with the law firm Jones Day, counsel of record for defendant Experian Information Solutions, Inc.

4    I have personal knowledge of the following facts, and if called upon to testify, I could and would

5    competently testify to the facts stated in this declaration.

6    2.    I file this declaration in accordance with Local Rules 6-1 and 6-3 and in support of

7    defendants Equifax Credit Information Services, LLC ("Equifax"), Experian Information

8    Solutions, Inc. ("Experian") and TransUnion LLC's ("TransUnion") (collectively "Defendants")

9    Joint Motion to Continue Hearing Date and Extend Time to File Opposition to Plaintiff's Motion

10    for Class Certification ("Motion to Extend").

11    3.    For the reasons stated below, Defendants request that this Court vacate the

12    September 26, 2008 hearing date on plaintiff's Motion to Certify Class Action (the "Class

13    Certification Motion") and reschedule the hearing to November 7, 2008.

14    4.    Attached to this Declaration as Exhibit A is a true and correct copy of the August

15    21, 2008 letter I sent to plaintiff's counsel, Ron Bochner, objecting to the September 26, 2008

16    hearing date.

17    5.    Attached to this Declaration as Exhibit B is a true and correct copy of the August

18    21, 2008 letter I received (as a carbon copy) from Lewis Perling, Equifax's counsel, to Mr.

19    Bochner objecting to the September 26, 2008 hearing date.

20    6.    Attached to this Declaration as Exhibit C is a true and correct copy of the August

21    21, 2008 letter I received from Brian Frontino, TransUnion's counsel, to Mr. Bochner objecting

22    to the September 26, 2008 hearing date.

23    7.    Attached to this Declaration as Exhibit D is a true and correct copy of the August

24    25, 2008 email I received from Mr. Bochner refusing to continue the September 26, 2008 hearing

25    date.

26    8.    Attached to this Declaration as Exhibit E is a true and correct copy of the August

27    25, 2008 email I sent to Mr. Bochner informing him of Defendants' filing of this Motion to

28    Extend.

9.    Defendants request this Court continue the hearing on plaintiff's Class Certification Motion for the following reasons:

(a)    Plaintiff failed to meet and confer with Defendants to select a mutually agreeable hearing date;

(b)    Experian's counsel has conflicts with the briefing schedule and is on a prepaid, out of the country vacation until two days prior to the hearing date;

(c)    Plaintiff's motion is premature because the parties have not yet had the initial case management conference to discuss scheduling of the motion for class certification or motion(s) for summary judgment;

(d)    Plaintiff submitted an expert declaration of a previously undisclosed expert in support of the Class Certification Motion;

(e)    It would be prejudicial for Defendants to have only two weeks to oppose such a complex motion; and

(f)    TransUnion's Motion for Summary Judgment should be heard and decided prior to plaintiff's Class Certification Motion.

10.    Plaintiff's Class Certification Motion was served via ECF service on August 21, 2008.  (Docket Nos. 72 – 75.)  This was the first notice Experian had from plaintiff regarding the filing of the Class Certification Motion or the hearing date.

11.    Mr. Bochner failed to meet and confer with counsel for Experian prior to selecting a hearing date for the Class Certification Motion as required by the U.S. District Court for the Northern District of California, San Jose Division's Standing Order Regarding Case Management in Civil Cases or regarding issues to be discussed at the September 19, 2008 Case Management Conference.

12.    It is my understanding that Mr. Bochner also failed to meet and confer with counsel for Equifax prior to filing the Class Certification Motion and selecting the September 26, 2008 hearing date.  (Ex. B.)

13.    Had Mr. Bochner met and conferred with me, I would have informed him that September 26, 2008 is not agreeable to Experian and would cause substantial harm or prejudice.

14.    As described in my letter to Mr. Bochner (Exhibit A), I have a number of conflicts with the September 26, 2008 hearing date and the opposition filing date of September 5, 2008.[1] First, I will be in Philadelphia on business on Thursday, September 4 and Friday, September 5, 2008. I have another matter, *Marvell Semiconductor, Inc., et al. v. HelloSoft, Inc.*, Santa Clara County Superior Court, Case No. 07-CV-088753, scheduled for mediation with Judge Ronald Sabraw (Ret.) on September 12, 2008, with a mediation brief due on September 5, 2008. The mediation and briefing schedule in the *Marvell* matter were agreed upon by the parties on July 10, 2008. I have primary responsibility for drafting the mediation brief. I also will have primary responsibility for drafting Experian's opposition to the Class Certification Motion. Having to file both on the same date (September 5th) would be extremely difficult, especially since I will be out of the office on other business and will not have access to a computer.

15.    I also have a prepaid, out of the country vacation scheduled from September 17 - 23, 2008. I will not return to the office until September 24, 2008. Accordingly, preparing for the September 26, 2008 hearing would be difficult.

16.    The initial case management conference in this case is set for September 19, 2008. Defendants believe that plaintiff's Class Certification Motion is premature because it should be discussed between the parties and the Court at the case management conference in accordance with Local Rules 16-9(b) and 16-10(b). Defendants believe that the case management conference is the appropriate time to discuss:

(a)    The hearing date and appropriate briefing schedule for plaintiff's Class Certification Motion;

(b)    The sequencing of plaintiff's Class Certification Motion versus TransUnion's currently pending Motion for Summary Judgment; and

(c)    The sequencing of plaintiff's Class Certification Motion versus Experian's anticipated Motion for Summary Judgment.

/ / /

---

[1] In my letter to Mr. Bochner, I inadvertently identified the opposition filing date as September 12th. Experian's opposition is actually due on September 5th.

17.    Plaintiff filed the Declaration of Evan Hendricks, proffering expert testimony, in support of the Class Certification Motion. (Docket No. 75.) Prior to this declaration, plaintiff never indicated that she intended to rely on expert testimony nor had she identified Mr. Hendricks as a potential witness.

18.    It may be necessary to conduct additional discovery regarding Mr. Hendricks' opinions prior to filing Defendants' opposition(s). It would be unreasonable to expect Defendants to conduct additional discovery or depose Mr. Hendricks prior to the September 5, 2008 opposition filing date. It may also be necessary for Defendants to retain an expert to provide testimony in support of Defendants' opposition(s). It would similarly be unreasonable to believe a rebuttal expert could be retained, familiarize himself/herself with the case facts and provide an expert opinion as to Mr. Hendricks' conclusions prior to the September 5, 2008 opposition filing date. The failure to adequately prepare a response to Mr. Hendricks expert declaration would be severely prejudicial to Defendants.

19.    Plaintiffs' Class Certification Motion is 24 pages in length and presents numerous factual and legal issues which must be addressed in Defendants' opposition(s). Given that this is the first time plaintiff has clearly identified the class which she seeks to represent and the basis for her claims, it would be prejudicial to permit only two weeks for Defendants to prepare their opposition.

20.    TransUnion has a Motion for Summary Judgment currently pending before this court. (Docket Nos. 78-80.) TransUnion informed plaintiff's counsel that it "elects to have its summary judgment decided prior to class certification in this case." (Ex. C.)

21.    On August 21, 2008, each of Defendants' counsel wrote to Mr. Bochner seeking a stipulation to continue the September 26, 2008 hearing date, citing, among other bases, the Standing Order's meet-and-confer requirement. (See Exs. A – C.)

22.    Mr. Bochner responded via email on August 25, 2008 refusing to stipulate to Defendants' request. (Ex. D.)

23.    On August 26, 2008, I emailed Mr. Bochner and informed him of Defendants' intent to file this motion. (Ex. E.)

1    24.    There has never been a prior time modification relating to plaintiff's Class

2    Certification Motion.  There have been two previous time modifications in this case.  On May 30,

3    2008, this Court filed an Order Granting Defendant Equifax's Motion for Extension of Time to

4    File Its Response to Plaintiff's Motion to Remand.  (Docket No. 28.)  On June 26, 2008, this

5    Court continued the initial case management conference to September 19, 2008.  (Docket No.

6    70.)

7    25.    There currently are no pending dates other than plaintiff's Class Certification

8    Motion and TransUnion's Motion for Summary Judgment.  Therefore, enlarging time to respond

9    to the Plaintiff's Class Certification Motion would have no effect on the yet-to-be-determined

10    schedule.

11    I declare under penalty of perjury under the laws of the State of California that the

12    forgoing is true and correct.

13    Executed on August 27, 2008, in San Francisco, California.

14

15                                        ____/S/ Deanna L. Johnston____

16                                        Deanna L. Johnston

17

18

19

20

21

22

23

24

25

26

27

28    SFI-590860v4

# <u>Exhibit A</u>

**August 21, 2008 Letter from Experian's Counsel to Plaintiff's Counsel**

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5736
dljohnston@jonesday.com

August 21, 2008

**VIA E-MAIL AND FIRST-CLASS MAIL**

Ron K. Bochner, Esq.
LAW OFFICES OF RON BOCHNER
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054

      Re:    *Noemia Carvalho v. Credit Consulting Services, Inc., et al.*
              USDC NDCA – San Jose Div. – Case No. C07-01317 JF

Dear Mr. Bochner:

    We received Plaintiff's Notice of Motion to Certify Class Action this morning via ECF service. This was the first notice Experian Information Solutions, Inc. ("Experian") had from plaintiff regarding the filing of this motion. Experian respectfully requests that you withdraw the notice.

    First, Experian incorporates by reference the points raised in Lewis Perling's letter served earlier today. Experian agrees that plaintiff's motion is premature and violates Local Rules 16-9(b) and 16-10(b). We similarly agree that additional briefing time is appropriate.

    Second, you similarly failed to contact Experian prior to selecting the September 26, 2008 hearing date. Unfortunately, that date is not agreeable to us. As you know, I have primary responsibility for handing this matter. I will be in Philadelphia on business during the week of September 2, 2008, have an all-day mediation on September 12, 2008 (the current filing date for Experian's opposition) and I have a prepaid vacation (out-of-the country) scheduled for September 17 – 23, 2008.

    Lastly, additional discovery may be necessary to adequately prepare Experian's opposition. The declaration of Evan Hendricks proffering expert testimony was submitted in support of plaintiff's motion. Up to this point, plaintiff never indicated that she intended to rely on expert testimony nor was Mr. Hendricks previously identified as a potential witness.[1] Although we are still evaluating plaintiff's motion, it may be necessary to depose Mr. Hendricks and/or conduct additional discovery regarding his opinions prior to filing Experian's opposition. It would be prejudicial to expect Experian to conduct additional discovery regarding Mr. Hendricks' opinions and take his deposition prior to the September 12, 2008 filing date.

---

[1] Plaintiff refused to serve initial disclosures in June which likely would have identified Mr. Hendricks as a potential witness.

Ron K. Bochner, Esq.
August 21, 2008
Page 2


For the reasons stated above and as set forth in Mr. Perling's letter, we believe plaintiff's motion for class certification was improperly filed and that the current hearing date would prejudice Experian. Accordingly, please notify me no later than noon on Monday, August 25, 2008, whether you will agree to take the hearing off calendar. To the extent you refuse, please be advised that Experian will ask the court to do so with a request that the hearing date not be set until the parties can discuss the sequencing of summary judgment motions and the class certification motion, as well as a briefing schedule for the class certification motion, at the upcoming case management conference.

I look forward to your response.

Very truly yours,

Deanna L. Johnston

SFI-590589v1

# Exhibit B

**August 21, 2008 Letter from Equifax's Counsel to Plaintiff's Counsel**

# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia  30309-3521
www.kslaw.com

Lewis P. Perling
Direct Dial:  404-572-3079
Direct Fax:  404-572-5172
lperling@kslaw.com

August 21, 2008

*VIA EMAIL ONLY*

Ron Bochner, Esq.
Law Offices of Ron Bochner
3333 Bowers Avenue
Suite 130
Santa Clara, CA  95054

> Re:    *Carvalho v. Equifax, et al*
> *United States District Court, Northern District of California*
> *Case No.:  08-1317JF(HRL)*

Dear Mr. Bochner:

I received via ECF service today Plaintiff's Notice of Motion to Certify Class Action. Equifax respectfully requests that you withdraw the notice and continue the matter to a later date. Pursuant to the Standing Order Regarding Case Management in Civil Cases [See Dkt. # 3], before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.  You did not confer with me regarding the date and the deadlines set by this hearing date pose a hardship on Equifax.  Further, pursuant to Local Rules 16-9(b) and 16-10(b), the motion for class certification is premature as the scheduling of any such motion is to be set by the Court at the Case Management Conference, which has not yet occurred.  Finally, the motion presents complex issues and Equifax will need additional time to prepare its response.

If you will not agree to take the matter off of the September 26, 2008 calendar, we will ask the court to do so.  Please respond as soon as possible, and no later than Monday, August 25, so that we may take appropriate action.

Sincerely,

**/s/Lewis P. Perling**

Lewis P. Perling

cc:  Counsel of record (via email)

# Exhibit C

**August 21, 2008 Letter from TransUnion's Counsel to Plaintiff's Counsel**

# STROOCK

**Via Facsimile and U.S. Mail**

August 21, 2008

Brian C. Frontino
Direct Dial 310-556-5943
BFrontino@stroock.com

Ron Bochner, Esq.
Law Offices of Ron Bochner
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054

Re:    Noemia Carvalho v. Credit Consulting Services, Inc., et al.
       Monterey County Superior Court Case No. M80093
       <u>U.S.D.C. Northern District of California Case No. 5:08-CV-1317 JF</u>

Dear Ron:

As you know, defendant TransUnion LLC ("TransUnion") intends to file a Motion for Summary Judgment in this action, and it is the defendant in a putative class action who decides whether summary judgment will be heard before class certification. <u>Wright v. Schock</u>, 742 F.2d 541, 544 (9th Cir. 1984); <u>see also</u> <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 759-60 (3d Cir. 1974) (en banc), <u>cert. denied</u>, 419 U.S. 885, 95 S. Ct. 152, 42 L. Ed. 2d 125 (1974). Because TransUnion elects to have summary judgment decided prior to class certification in this case, plaintiff's recently-filed motion for class certification cannot be heard on September 26, 2008. <u>Second</u>, pursuant to Local Rules 16-9(b) and 16-10(b), the hearing on class certification and corresponding briefing schedule are to be set by the Court at the initial Scheduling Conference, which currently is set for September 19, 2008.

If you will not agree to take the matter off calendar for September 26, 2008, we will seek relief from the Court. Please advise no later than Monday, August 25, 2008.

Sincerely,

Brian C. Frontino

cc:    Stephen J. Newman, Esq.
       Darius K.C. Zolnor, Esq.

LA 51078320

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI
2029 CENTURY PARK EAST, LOS ANGELES, CALIFORNIA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

# <u>Exhibit D</u>

**August 25, 2008 E-mail from Plaintiff's Counsel to Defendants' Counsel**



**ron bochner**
**<robolawoak @yahoo.com>**

08/25/2008 04:04 PM

Please respond to
robolawoak@yahoo.com

To    dljohnston@JonesDay.com, bfrontino@stroock.com,
      BGoheen@KSLAW.com, tquinn@nokesquinn.com,
      scjones@JonesDay.com, snewman@stroock.com

cc

bcc

Subject    carvalho v. equifax, et al.

History:    🖨 This message has been replied to and forwarded .

Counsel: Rule 23 requires that class certification motions be made at an early practicable time. Trans Union was specifically informed of the date of the hearing and made no objection. Contrary to Trans Union's assertions, there is no right to have a summary judgment heard before the certification motion. Equifax has not identified any prejudice from the date set and Experian has at least two attorneys who can respond to the motion.

Nonetheless, I will forward this email (as well as several emails from Trans Union regarding the newly set summary judgment motion) and the letters you sent me to the court, if the court clerk informs me this is appropriate. Atty. Ron Bochner.

# <u>Exhibit E</u>

**August 26, 2008 E-mail from Experian to Plaintiff**



Deanna L
Johnston/JonesDay
Extension 3-5736

08/26/2008 04:27 PM

To  robolawoak@yahoo.com

cc  bfrontino@stroock.com, BGoheen@KSLAW.com,
    scjones@JonesDay.com, snewman@stroock.com,
    tquinn@nokesquinn.com, "Perling, Lewis"

bcc

Subject  Re: carvalho v. equifax, et al. 🗋

Ron:

For the reasons set forth in our respective letters dated August 21, 2008, Defendants requested to take
the September 26, 2008 hearing date for Plaintiff's Motion for Class Certification off calendar.
Unfortunately, you refuse to agree. Accordingly, please be advised that Defendants will seek to continue
the hearing date pursuant to Local Rule 6-3.

Please let me know if you have any questions. Thank you.

Regards,

Deanna L. Johnston
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
1.415.626.3939
1.415.875.5700 (fax)

dljohnston@JonesDay.com
ron bochner <robolawoak@yahoo.com>



ron bochner
<robolawoak@yahoo.com>

08/25/2008 04:04 PM

Please respond to
robolawoak@yahoo.com

To  dljohnston@JonesDay.com, bfrontino@stroock.com,
    BGoheen@KSLAW.com, tquinn@nokesquinn.com,
    scjones@JonesDay.com, snewman@stroock.com

cc

Subject  carvalho v. equifax, et al.

Counsel: Rule 23 requires that class certification motions be made at an early practicable time.
Trans Union was specifically informed of the date of the hearing and made no objection.
Contrary to Trans Union's assertions, there is no right to have a summary judgment heard before
the certification motion. Equifax has not identified any prejudice from the date set and Experian
has at least two attorneys who can respond to the motion.

Nonetheless, I will forward this email (as well as several emails from Trans Union regarding the
newly set summary judgment motion) and the letters you sent me to the court, if the court clerk
informs me this is appropriate. Atty. Ron Bochner.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========