LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Ave., Suite 130
Santa Clara, CA 95054
(408) 200-9890

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| NOEMIA CARVALHO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>Defendants. | Case No.   5:08-cv-1317 JF<br><br>OPPOSITION TO AND DECLARATION IN SUPPORT OF JOINT MOTION TO CONTINUE CLASS ACTION HEARING DATE<br><br>DATE:      None.<br>TIME:       None<br>DEPT.:     COURTROOM 3 |

I, Ron Bochner declare as follows:

**INTRODUCTION**

Defendants Trans Union (TU), Experian (EXP) and Equifax (EFX) move to continue the date of the class action hearing from September 26, 2008 to November 14, 2008.  They provide no substantial reason for affording such a lengthy extension and, TU in particular, has acted in a devious manner in requesting the extension which mitigates affording any such extension.

**BACKGROUND**

The instant action has been pending for over two years.  Plaintiff was in the process of filing the class certification motion in the Monterey County Superior Court when defendant EFX

1

1  removed the case.  Plaintiff filed the class certification motion in this court.  Defendants now
2  complain that they were not properly met and conferred with before the motion was filed.
3         None of the defendants have conferred on this request for extension.  Instead, they
4  insisted the motion be withdrawn or "taken off calendar."  None asked to continue the hearing
5  date.  See Johnston Declaration Exhibits A-D.
6         TU has fraudulently set forth the manner in which it was advised of this motion.  TU was
7  informed of the September 26, 2008 date after it met and conferred on the summary judgment
8  motion.  It agreed to have that motion heard on October 24, 2008, Zolnor Declaration at para. 9
9  and made no complaint about the present hearing date upon being informed.  However, once it
10 was served with the motion, it then and only then informed plaintiff that it changed the date of its
11 summary judgment motion to the date of class action hearing, because by plaintiff having set her
12 motion that day, this indicated plaintiff was "available" that day.  Zolnor Declaration at para. 11.

**ARGUMENT**

Local Rule 6-3 allows a party to enlarge or shorten time to hear a motion.  It must set forth with particularity the reasons for shortening or enlarging time, describe the efforts to obtain a stipulation the party obtain, identifies the substantial harm or prejudice that would occur and describe the effect the time modification would have on the schedule of the case.

A. **Defendants Fail to State the Reasons for Modification of Time, How They Sought A Stipulation, Identify Substantial Harm or Prejudice and Describe The Effect Time Modification Would Have on the Case Schedule**

The sole reason defendant provides for modifying the date is that plaintiff did not comply with Standing Order 1.  But they do not show prejudice.  While Experian states it has conflicts, it fails to acknowledge it has at least four attorneys handling this matter, but sets forth the conflict of only one.  The other two defendants express no prejudice.

Nor have defendants shown they comply with the other provisions of 6-3.  Their only additional explanation is that Local Rules 16-9(b) and 16-10(b).  There is no requirement in either one that a class certification motion cannot be filed or heard.  Rather, 16-9 simply says that a CMS in a class action must set forth the date for class certification and 16-10 that the CMO

establish deadlines for a determination of whether the case will be maintained as a class action.

      B.    **Defendants Provide No Point nor Authority For the Proposition That They Are Entitled to Discovery on "New Evidence" Plaintiff Submitted With Her Motion**

Defendants complain that the Declaration of Hendricks is attached to her motion. It provides no authority for this or any other fact delaying the motion.

      C.    **The Fact That TU Filed A Motion for Summary Judgment is Irrelevant**

Defendants cites several cases that state a defendant may file a summary judgment motion before a class certification motion is heard. None are to the effect that this interferes in any way with the plaintiff's right to file a class certification motion.

Moreover, TU never conferred nor informed plaintiff it would file for a hearing of the summary judgment motion on September 26. It actually told plaintiff it would have the motion heard in October (on the 24th).

      D.    **The Recommended Dates Would Prejudice Plaintiff**

The two month period is simply too long and will prejudice plaintiff's case. If the court is going to afford defendants a continued date, it should not be so much as they ask.

**CONCLUSION**

The court should deny the motion to modify time. If the court is going to change the hearing date, it should not put it off as long as defendants ask.

I declare under the penalty of perjury that the above is true and correct.

Executed at the City and County of Santa Clara this second day of September, 2008.

                                          BY _____
                                          RON K. BOCHNER
                                          Attorney for Plaintiff
                                          NOEMIA CARVALHO